MELISSA MARTIN McBEATH
3463 E. TERRA ALTA BLVD.
TUCSON, AZ 85716
Ph: (520) 449-9753
*mel.mcbeath@cox.net*

Pro Se

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA, TUCSON DIVISION

| | |
|---|---|
| MELISSA MARTIN MCBEATH, an individual, <br><br> Plaintiff, <br><br> v. <br><br> TUCSON TAMALE COMPANY, an Arizona corporation, <br><br> Defendant. | Case No. 4:16-cv-00462-BPV <br><br> **MELISSA MARTIN McBEATH'S INITIAL DISCLOSURES** <br><br> [Fed. R. Civ. P. 26(a)(1)] <br><br> Assigned to: Hon. Bernardo P. Velasco <br><br> Complaint Filed: July 11, 2016 |

10183.1

Plaintiff Melissa Martin McBeath makes the following Initial Disclosures to Tucson Tamale Company (*"**TTC**"*) under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

Plaintiff makes these disclosures based on information currently known to her, without the benefit of discovery from TTC and without waiver of the attorney-client privilege or any other applicable privilege or doctrine.

Plaintiff's investigation is ongoing, and the disclosures below are based on information reasonably available to Plaintiff at this time, following a good faith inquiry. Plaintiff reserves the right to modify, amend, or otherwise supplement these disclosures, under Rule 26(e) of the Federal Rules of Civil Procedure, as additional information becomes available during the course of this action.

Plaintiff further reserves the right to object to production and/or introduction into evidence of any document within the categories described below or any testimony of the witnesses identified herein on the basis of privilege, relevance, or otherwise as appropriate.

A.   PERSONS WITH KNOWLEDGE

Based on the information currently available to Plaintiff, she believes that the following individuals are likely to have discoverable information that may be used to support Plaintiff's claim, unless used solely for impeachment:

1. Melissa Martin McBeath. She has personal knowledge of all issues regarding the pending action.

2. Todd Russell Martin. He is a principal and officer of TTC and has personal knowledge of all issues regarding the pending action. 2550 N. Dragoon Street, Suite 120, Tucson, Arizona 85745.

3. Sherry Martin. She is a principal and officer of TTC and has personal knowledge of all issues regarding the pending action. 2550 N. Dragoon Street, Suite 120, Tucson, Arizona 85745.

4.   <u>Lisa Martin</u>. She is a TTC employee and part of the Executive Team. She has personal knowledge of all issues regarding the pending action. 2550 N. Dragoon Street, Suite 120, Tucson, Arizona 85745.

5.   <u>Lindsay Welch</u>.  She is a TTC employee and part of the Executive Team. She is the person whom TTC hired instead of Plaintiff for the position of Business Development Manager. 2550 N. Dragoon Street, Suite 120, Tucson, Arizona 85745.

6.   <u>Shawn Kaylor</u>.  He is a General Manager of one of TTC's restaurants. He reported directly to Plaintiff during the time that Plaintiff worked for TTC as an Area Manager. 2550 N. Dragoon Street, Suite 120, Tucson, Arizona 85745.

7.   <u>Meaghan Anderson</u>.  She is a General Manager of one of TTC's restaurants. She reported directly to Plaintiff during the time that Plaintiff worked for TTC as an Area Manager. 2550 N. Dragoon Street, Suite 120, Tucson, Arizona 85745.

8.   <u>Delaney Hare</u>. She is a General Manager of one of TTC's restaurants. She reported directly to Plaintiff during the time that Plaintiff worked for TTC as an Area Manager. 2550 N. Dragoon Street, Suite 120, Tucson, Arizona 85745.

9.   <u>Alejandra Valenzuela</u>. She is the Production Manager for TTC. Before she assumed this role, she was a General Manager and reported to Plaintiff during the time that Plaintiff worked for TTC as an Area Manager. 2550 N. Dragoon Street, Suite 120, Tucson, Arizona 85745.

Other individuals may exist not presently known to Plaintiff, or not identifiable by Plaintiff in the absence of disclosure by TTC, who are likely to have discoverable information that may be used to support Plaintiff's discrimination claim. Plaintiff reserves the right to supplement its identification of individuals as more information becomes available through the discovery

process.

B.   DOCUMENTS AND ELECTRONIC FILES

The following categories of documents, electronically stored information and tangible things may be discoverable in support of Plaintiff's claims.

1. Documents and e-mail exchanges regarding Plaintiff's job application, duties and responsibilities.

2. Documents and e-mail exchanges regarding Plaintiff's job performance.

3. Documents regarding TTC's separation documents.

4. All documents that relate to Lindsay Welch, including interview notes, resume(s), CV and e-mails to and from her regarding her job and performance.

Other documents and things may exist not presently known to Plaintiff, or not identifiable by Plaintiff in the absence of disclosure by TTC, that may contain information that Plaintiff may use to support her discrimination claim. Plaintiff reserves the right to supplement the categories of documents as more information becomes available through the discovery process.

By listing documents or categories of documents, Plaintiff does not waive her right to object to discovery requests as to which document or category of documents may be responsive. The naming of these categories is not meant to admit that specific documents exist within these categories.

C.   DAMAGES

This suit is intended to recover damages suffered by Plaintiff for the conduct set forth in the Verified Complaint.  The damages fall into the following categories:

1. <u>Loss of Earnings and Loss of Future Earning Capacity</u>.

   - Back pay: $35,000
   - Loss of health insurance: $31,000
   - Loss of future earnings: $150,000
   - Incentive bonuses: $20,000

2. <u>Pain and Suffering from Humiliation and Embarrassment</u>. There is, of course, no fixed measure for these types of damages, but Plaintiff seeks to recover at least $100,000 on the basis that TTC's conduct was especially egregious in this case.

3. <u>Punitive or Exemplary Damages</u>.
   Plaintiff will ask for a minimum of at least three times the amount of compensatory damages that she is awarded.

4. <u>Pre-judgment and post-judgment interest</u>.

Plaintiff's investigation and discovery concerning this case is continuing and, if additional information is obtained after the date of these disclosures, Plaintiff will supplement these disclosures according to Rule 26(e) of the Federal Rules of Civil Procedure.

Dated: July 20, 2016

_____
Melissa Martin McBeath

10183.1

MELISSA MARTIN McBEATH'S INITIAL DISCLOSURES    -4-    4:16-cv-00462-BPV

# CERTIFICATE OF SERVICE

I, Melissa Martin McBeath, declare as follows:

I am over the age of eighteen years and a party to this action.

**MELISSA MARTIN MCBEATH'S INITIAL DISCLOSURES**

On July 26, 2016, I served a true and correct copy of the within document(s):

☐ by **U.S. MAIL**. I placed the document(s) listed above in a sealed envelope, addressed as set forth below, with postage thereon fully prepaid, and deposited such envelope for collection.

☒ by **HAND DELIVERY.** I personally delivered the document(s) listed above, addressed as set forth below.

> **Travis L. Tufts**
> **FARHANG & MEDCOFF**
> **4801 E. Broadway Blvd., Suite 311**
> **Tucson, AZ 85711**

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

_____