FARHANG & MEDCOFF
4801 E. Broadway Blvd., Ste. 311
Tucson, AZ 85711
TELEPHONE 520.790.5433

Ali J. Farhang (#019456)
afarhang@fmazlaw.com

Roberto C. Garcia (#026246)
rgarcia@fmazlaw.com

Travis L. Tufts (#029373)
ttufts@fmazlaw.com

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melissa Martin McBeath,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Tucson Tamale Company,<br><br>　　　　　Defendant. | NO. 4:16-cv-00462-TUC-DCB (BPV)<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Assigned to Judge David C. Bury |

Scoffing at Defendant's offer to stipulate to the amendment of her concurrently filed, vexatiously litigated state court claim arising from the same factual circumstances – Pima County Superior Court Case No. C20161794 (the "State Court Action") – Plaintiff Melissa Martin McBeath ("McBeath") instead chose to further her campaign to harass her former employer and cause it to incur unnecessary fees by seeking to add futile claims. As more fully discussed in Defendant's Motion for Judgment on the Pleadings (Doc. No. 18) (hereinafter "MJP"), McBeath has impermissibly split her claim between two venues. Her original Complaint as well as the proposed claims in her Amended Complaint arise from identical factual circumstances as her State Court Action. Because her claims arise from the same set of circumstances, they must be joined in a single action – the State Court Action. Amending the Complaint to add barred claims would be an exercise in futility.

00303011.1

Defendant Tucson Tamale Company ("TTC"), by and through undersigned counsel, submits the following Memorandum of Points and Authorities together with the pleadings and papers on file, which are hereby incorporated by reference, in support of its Opposition to Plaintiff's Motion for Leave to Amend Complaint.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

The procedural and factual bases for denying McBeath's Motion to Amend Complaint (Doc. No. 25) are nearly identical to those set forth in TTC's MJP. In lieu of restating the same procedural and factual background, TTC hereby incorporates by reference the "Procedural and Factual Background" from its MJP. (See MJP, pp. 2-3, Sec. I. (Doc. No. 18).)

Notably absent from McBeath's Proposed Amended Complaint are *any* additional factual circumstances underlying the proposed claims. (See generally Mot. Am. Compl., Ex. A. (Doc. No. 25).) Rather, McBeath only seeks to incorporate further counts of discrimination based on her purported status as a member of various protected classes. (See id. at ¶¶ 1, 48, 52-58.)

**II.    LAW AND ANALYSIS**

The liberal policy in favor of amendments is not without limitation. "A district court determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999). "A district court does not err in denying leave to amend where the amendment would be futile…or where the amended complaint would be subject to dismissal." Saul v. U.S., 928 F.2d 829, 843 (9th Cir. 1991).

**A. Amending the Complaint would be an exercise in futility.**

Amending the Complaint would only further the impermissible splitting and piecemeal prosecution of McBeath's claims. As set forth in the MJP, McBeath relies on an identical nucleus of facts to support her State Court Action and the instant action. (See, e.g., MJP (Doc. No. 18).) The proposed amendment fails to suggest any additional factual

circumstances that would otherwise distinguish her new claims from the identical factual circumstances underlying her State Court Action. Rather, McBeath simply alleges TTC discriminated against her based upon on every possible protected class for which she claims to be a member. It being clear the additional claims arise out of the same transactional circumstances involving the same subject matter, the law unequivocally prohibits McBeath from splitting her claims between two venues. See Meritage Homes Corp. v. Hancock, 522 F.Supp.2d 1203, 1214 (9th Cir. 2007) (citing 1A C.J.S. Actions § 229; Haphey v. Linn County, 924 F.2d 1512, 1517 (9th Cir. 1991)).

An amendment to add McBeath's proposed claims would be futile because the new claims, similar to the claims raised in the Complaint, would be immediately subject to dismissal. The additional claims asserted in the proposed amendment must be joined in a single action – the State Court Action.

**B. McBeath has a bad faith motivation to amend her Complaint.**

McBeath's attempt to amend her fatal Complaint reflects her bad faith motivations and provides another basis to deny her motion. McBeath is not, as she claims when convenient, a mere *pro se* litigant wading into difficult areas of law and legal doctrine. Rather, she is the face of a "team" conscripted to exact revenge against her former employer for lawfully terminating her employment. The "team" consists of at least one disbarred attorney and an apparent jack-of-all-trades information technology "litigation consultant" with whom McBeath impermissibly shared Defendant's confidential information during the course of her employment. See generally Ex. A, E-mails Regarding Disc. Strategy; see also Ex. B, F. Marquez Cal. Bar Status; Ex. C, E. Gavron Ltr. To AZ Bar. Together, they have filed two separate lawsuits involving a multiplicity of frivolous motions – *virtually none of which have been granted* (see, e.g., Sup. Ct. Docket C20161794) – as well as a myriad of administrative complaints summarily dismissed by the investigating agencies. Her "team" has evaded Defendant's discovery requests despite overwhelming evidence they are fact witnesses in the State Court Action.

McBeath knows she split her claims yet continues to litigate vexatiously from every conceivable angle, regardless of the merits, with the ultimate aim of exacting monetary revenge against her former employer. Despite TTC's overwhelming denial of all McBeath's claims, TTC nonetheless offered to stipulate to the amendment of the State Court Action so that McBeath could pursue the claims impermissibly filed in this Court. McBeath simply demurred. It is telling McBeath offers no reasonable basis, let alone a legal basis, for refusing Defendant's offer. Indeed, the only reason she pursues futile claims in this venue is because she knows Defendant will incur costs and fees to defend.

### III. CONCLUSION

McBeath's proposed amendment seeks to add futile claims. The additional claims arise from identical factual circumstances as her State Court Action and, therefore, cannot be raised in this venue because they would be subject to immediate dismissal. Furthermore, McBeath's bad faith motives underlying her proposed amendment provide additional grounds to deny her leave to amend.

For the foregoing reasons, TTC respectfully requests the Court deny McBeath's Motion to Amend the Complaint with prejudice.

RESPECTFULLY SUBMITTED this 3rd day of January 2017.

FARHANG & MEDCOFF

By /s/ Travis L. Tufts
    Ali J. Farhang
    Roberto C. Garcia
    Travis L. Tufts

Attorneys for Defendant

00303011.1

- 4 -

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically with the Clerk of the United States District Court for the District of Arizona, with notice of case activity generated and sent electronically this 3rd day of January 2017 to:

Melissa Martin McBeath
3463 E. Terra Alta Blvd.
Tucson, AZ 85716
Mel.mcbeath@cox.net

/s/Letitia L. Wright

00303011.1