# Exhibit A

**Tish Wright**

---------- Forwarded message ----------
From: **Ehud Gavron** <gavron@wetwork.net>
Date: Mon, Jun 27, 2016 at 9:09 PM
Subject: discovery/calendar
To: "Francisco X. Márquez" <fxm@marquezlegal.com>, Mel McBeath <mel@tucsontamalecompany.com>

6/13 we received the RFAs but not the UIs. Calendar
spreadsheet shows UIs.

I don't want to "edit this out from under you" so please
advise if in the future if we see something like this to
correct it or TELL YOU so you can correct it.

Also they are late. All inters due 6/24 and there's no
way they snail-mailed them [because to effect Rule 4
service they'd have to Certified/Registered return-receipt...
and that obviates the agreement to electronic service]

E

--

# Exhibit B



Thursday, July 14, 2016

## ATTORNEY SEARCH

### Francisco Xavier Marquez - #172631

### Current Status: Disbarred

This member is prohibited from practicing law in California by order of the California Supreme Court.

See below for more details.

### Profile Information

*The following information is from the official records of The State Bar of California.*

| | | | |
|---|---|---|---|
| **Bar Number:** | 172631 | | |
| **Address:** | Marquez & Associates<br>PO Box 720997<br>San Jose, CA 95172 | **Phone Number:**<br>**Fax Number:**<br>**e-mail:** | (408) 634-6119<br>(408) 969-1639<br>Not Available |
| **County:** | Santa Clara | **Undergraduate School:** | Stanford Univ; Stanford CA |
| **District:** | District 6 | | |
| **Sections:** | None | **Law School:** | UC Hastings COL; San Francisco CA |

### Status History

| Effective Date | Status Change |
|---|---|
| Present | Disbarred |
| 10/16/2014 | Disbarred |
| 5/10/2014 | Not Eligible To Practice Law |
| 12/8/1994 | Admitted to The State Bar of California |

Explanation of member status

### Actions Affecting Eligibility to Practice Law

| Effective Date | Description | Case Number | Resulting Status |
|---|---|---|---|

**Disciplinary and Related Actions**

Overview of the attorney discipline system.

| | | | |
|---|---|---|---|
| 10/16/2014 | Disbarment | 11-O-16244 | Disbarred |
| 5/10/2014 | Ordered inactive | 11-O-16244 | Not Eligible To Practice Law |

**Administrative Actions**

This member has no public record of administrative actions.

Copies of official attorney discipline records are available upon request.

Explanation of common actions

## State Bar Court Cases

**NOTE:** *The State Bar Court began posting public discipline documents online in 2005. The format and pagination of documents posted on this site may vary from the originals in the case file as a result of their translation from the original format into Word and PDF. Copies of additional related documents in a case are available upon request. Only Opinions designated for publication in the State Bar Court Reporter may be cited or relied on as precedent in State Bar Court proceedings. For further information about a case that is displayed here, please refer to the State Bar Court's online docket, which can be found at:* http://apps.statebarcourt.ca.gov/dockets/dockets.aspx

**DISCLAIMER:** *Any posted Notice of Disciplinary Charges, Conviction Transmittal or other initiating document, contains only allegations of professional misconduct. The attorney is presumed to be innocent of any misconduct warranting discipline until the charges have been proven.*

| Effective Date | Case Number | Description |
| --- | --- | --- |
| 10/16/2014 | 11-O-16244 | Decision [PDF] [WORD] |

## California Bar Journal Discipline Summaries

*Summaries from the California Bar Journal are based on discipline orders but are not the official records. Not all discipline actions have associated CBJ summaries. Copies of official attorney discipline records are available upon request.*

**October 16, 2014**

FRANCISCO XAVIER MARQUEZ [#172631], 49, of San Jose, was disbarred Oct. 16, 2014 and ordered to comply with rule 9.20 and make restitution.

The State Bar Court found Marquez culpable of failing to obey court orders, failing to maintain funds in his client trust account, collecting an illegal fee and misappropriation in one client matter. He also had two misdemeanor convictions for driving under the influence of alcohol.

In the client matter, Marquez was hired to represent a man in a dispute involving his mother's estate. There was a question of whether Marquez's client was the sole beneficiary of the estate or a co-beneficiary with his siblings. Despite the dispute, the client sold his mother's home in July 2006 and Marquez placed the sales proceeds totaling $721,008.05 into his business checking account. That same day, Marquez transferred $681,008.05 into his personal savings account and $40,000 to a partner at his firm. Although Marquez claimed the $40,000 was for his partner's fees for working on the case, the court found no evidence to support it.

On April 13, 2009, the probate court of San Mateo County enjoined Marquez and his client from using any sale proceeds from the home and ordered the money placed in a blocked, interest-bearing account. Two months later, the court filed an order demanding an accounting and a return of estate funds. That July, Marquez filed a response stating $13,475 had been paid to his client for repair expenses to prepare the home for sale, $419,595 had been paid to Marquez's firm for costs and legal services and the estate had lost $93,059 as a result of the financial crash in fall 2008. He said there was $194,877 in remaining estate funds. Although he acknowledged receipt of $419,595 in total payments from the estate, Marquez's billing records accounted for only $288,059.25 as attorney fees for services rendered. The court ultimately disqualified Marquez from representing the client and ordered Marquez to repay the $419,595. The litigation was dismissed, and the remaining estate funds of $194,877 were distributed to the three siblings.

After Marquez failed to comply with that order and two that followed it, the matter proceeded to trial on the remaining issues against him. When the court's ruling did not go in his favor, Marquez appealed it unsuccessfully. He then filed an appeal with the California Supreme Court, which affirmed the appellate court's ruling. As of the date of the State Bar Court's decision, he still had not repaid the money.

He was ordered to pay $419,595 plus interest in restitution.

In mitigation, Marquez had no prior record of discipline and presented evidence of his good character.

Start New Search »

7/14/2016                                                State Bar of CA :: Francisco Xavier Marquez

Contact Us | Site Map | Privacy Policy | Notices | Public Records Request | Accessibility | FAQ

Copyright © 2016, The State Bar of California

Exhibit C

Mr. Lee, I am in receipt of your letter from October 14th.

I have been Ms. McBeath's friend for many years, and am assisting her in her lawsuit against her former employer merely as her friend. My "assistance" is only to provide her proofreading/scrivener help. I have not ever charged her for anything, nor do we have any agreement for any payment at a later time, nor would I accept payment if offered.

I provide her generic legal information, not legal advice, and direct her to resources where she may find more information. I do not tell her what she should or should not do, legally, other than to seek the advice of a lawyer. I provide her moral support against a vile discriminatory and toxic former employer.

I have several full-time careers, one of which is as a computer expert. Ms. McBeath relied on me to help her (at no cost) during her employment and is now consulting me as a computer technology consulting expert (pro bono).

Ms. McBeath notified the State Bar that I am her consulting expert on computer technology and I am not expected to testify at trial.

Despite that, opposing counsel have sent me a subpoena, have threatened to "analyze my hard drive[sic]", and having named me as a witness they intend to call at trial I see this as nothing more than another attempt at intimidation.

I do not give legal advice. I do not prepare legal documents and did not draft any of the pleadings in Ms. McBeath's case. Again, I am just helping a friend by proofreading her documents for accurate grammar, spelling, and punctuation. I am not providing legal advice but simply citing to her information about a Rule about service of process (much of which is on the Pima County Superior Court website for self-service resources).

As to whether Ms. McBeath is competent to represent herself, I suggest you read the minutes of the last hearing where she did so well Judge Aragon told opposing counsel to sit down and be quiet. She's good. She's competent. She's doing a fine job representing herself in a system that isn't set up to support an amiable single mom of three kids trying to find justice against a brutal company and their lawyers.

I am not associated with Mr. Marquez in any way. I believe him to be a friend of Ms. McBeath.

If you have any further questions please let me know,

Ehud Gavron

RECEIVED

NOV 0 4 2016

STATE BAR OF ARIZONA
LAWYER REGULATION