MELISSA MARTIN McBEATH
3463 E. TERRA ALTA BLVD.
TUCSON, AZ 85716
Ph:  (520) 449-9753
*mel.mcbeath@cox.net*

Pro Se

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA, TUCSON DIVISION

| | |
|---|---|
| MELISSA MARTIN McBEATH, an individual, | Case No. CV-16-462-TUC-DCB (BPV) |
| Plaintiff, | **REPLY TO DEFENDANT'S OPPOSITION TO THE MOTION FOR LEAVE TO AMEND THE COMPLAINT** |
| v. | |
| TUCSON TAMALE COMPANY, an Arizona corporation, | [Fed. R. Civ. P. 15(a)] |
| Defendant. | Assigned to Hon. David C. Bury |
| | Complaint filed:  July 11, 2016 |

10263.1

## LEGAL DISCUSSION

Melissa Martin McBeath files this Reply to the Opposition filed by Defendant Tucson Tamale Company ("*TTC*") to McBeath's Motion for Leave to Amend the Complaint.

For all the hue and cry of the ostensible unfairness of McBeath's choice of forum and puerile ad hominem attacks against her and the team of experts she consults informally, TTC failed to provide any legal authority to support the argument that this Court must decline to exercise jurisdiction over McBeath's federal claims.

Case law makes clear that "concurrent jurisdiction" refers to a situation in which two (or perhaps more) different courts may exercise jurisdiction over the same subject matter, such that a litigant may choose to proceed in either forum.

TTC contends that, because state and federal courts have concurrent jurisdiction over Title VII discrimination claims, McBeath should have joined her federal claims to the state claims alleged against TTC in the action pending before the Pima County Superior Court. That McBeath could have done so does not mean that the law requires her to do so. The United States Supreme Court long ago established that the "right to select the forum is an absolute federal right." *Southern R. Co. v. Painter*, 314 U.S. 155, 159 (1941). Since then the Supreme Court repeatedly has ruled that where the state and federal courts have concurrent jurisdiction, the plaintiff has the absolute right to elect the forum in which she will bring her action. *See Lauritzen v. Larsen*, 345 U.S. 571 (1953) ("We have held it a denial of due process of law when a state of the Union attempts to draw into control of its law otherwise foreign controversies, on slight connections, because it is a forum state.").

When a federal court, by law, has jurisdiction over a case, it is not only the right, but also the duty, of that court to take and exercise its jurisdiction. *See Dist'g Canada Malting Co. v. Paterson Steamships, Ltd.*, 285 U.S. 413, 419 (1932).

1   State and federal courts operate under different sovereigns. McBeath's claims are not in the same jurisdiction even though Pima County Superior Court and the Arizona District Court are in the same state. Arizona state courts concur. *Tonnemacher v. Touche Ross & Co.*, 186 Ariz. 125, 128, 920 P.2d 5, 8 (App. 1996) ("Because the state and federal courts operate under different sovereigns, an action pending in a federal court does not abate an action subsequently commenced in a state court.")[1]

Dismissal of similar lawsuits applies only to lawsuits filed in the same jurisdiction. *See American Cyanamid Co. v. Picaso-Anstalt*, 741 F. Supp. 1150, 1159 (D. N.J. 1990) (holding that preferred course of action for two similar lawsuits pending in different jurisdictions "is to permit each sovereign to reach judgment and apply the findings of one to the other under the principles of res judicata.").

All the arguments that TTC makes regarding impermissible claim-splitting apply only to actions filed in the same jurisdiction and are irrelevant to cases filed in different jurisdictions. *Sauter v. Sauter*, 4 Conn. App. 581, 495 A.2d 1116, 1118 (Conn. Ct. App. 1985) (holding that dismissal is appropriate only when the actions are pending in the same jurisdiction).

Dated: January 6, 2016            Respectfully submitted,

_____
Melissa Martin McBeath

---

[1] District courts have discretion to retain or refuse to retain jurisdiction over federal claims under the *forum non conveniens* doctrine. *Canada Malting Co. v. Paterson Steamships*, 285 U.S. 413, 418 (1932); *Dalla v. Atlas Maritime Co.*, 562 F. Supp. 752, 757 (C.D. Cal. 1983), *aff'd* 771 F.2d 1277 (9th Cir. 1985). That is not the issue here and therefore is not relevant to the inquiry of whether this Court should refuse to adjudicate McBeath's federal claims.

# CERTIFICATE OF SERVICE

I hereby certify that the above document was filed electronically with the Clerk of the United States District Court for the District of Arizona, and was served via hyperlink generated by the court's CM/ECF system, which was sent electronically to:

Roberto C. Garcia
*rgarcia@fmazlaw.com*
Travis L. Tufts
*ttufts@fmazlaw.com*
Farhang & Medcoff PLLC
4801 E Broadway Blvd., Ste. 311
Tucson, AZ 85711
520-790-5433

I declare under penalty of perjury, under the laws of the State of Arizona and the United States of America that the foregoing is true and correct.

Dated: January 6, 2017        _____
                              Melissa Martin McBeath