IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melissa Martin McBeath,<br><br>    Plaintiff,<br><br>v.<br><br>Tucson Tamale Company,<br><br>    Defendant. | No. CV-16-00462-TUC-DCB (BPV)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court are: (1) Defendant's Motion for Judgment on the Pleadings (Doc. 18); and Plaintiff's Motion for Leave to Amend Complaint (Doc. 25). This matter is referred to the undersigned Magistrate Judge for all pretrial proceedings and a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LRCiv. 72.1, 72.2. For the following reasons, the Magistrate Judge recommends that the District Court: (1) deny Defendant's Motion for Judgment on the Pleadings; and (2) grant Plaintiff's Motion for Leave to Amend Complaint.

I.     **FACTUAL & PROCEDURAL BACKGROUND**

   A.     **FEDERAL ACTION**

On July 11, 2016, Plaintiff, acting *pro se,* filed the instant action against her former employer, the Tucson Tamale Company, alleging violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (Doc. 1). Plaintiff alleges that she is over the age of 40. (Complaint at ¶40). Plaintiff further alleges that in April 2015, she began employment with Defendant in the positon of Area Manager based upon the promise that after a 90-day probationary period, she would "transition into the new

1. role of Business Development Manager at an increased annual salary." (*Id.* at ¶¶14, 15, 21). The transition did not occur after the 90-day probationary period and Plaintiff's employment was ultimately terminated on February 22, 2016. (*Id.* at ¶¶24, 32, 35). Plaintiff also alleges that in or around September 2015, Defendant hired Lindsay Welch, who "is in her early 30s[] for the position of Business Development Manager that had been promised to Plaintiff." (*Id.* at ¶41). According to Plaintiff, she "is more qualified than Lindsay Welch to be [Defendant's] Business Development Manager, but was denied the position because of Plaintiff's age and Hispanic national origin." (*Id.* at ¶47).

### B.  STATE ACTION

On April 15, 2016, Plaintiff filed a *pro se* action in Arizona state court against the following Defendants: Tucson Tamale Company, the same Defendant against whom this federal action is pending, and Todd Martin, Sherry Martin, and Lisa Martin all of whom are associated with the Tucson Tamale Company. (Defendants' Motion for Judgment on the Pleadings (Doc. 18), Exh. 1 (Doc. 18-1)). Plaintiff alleges claims of: retaliatory discharge in violation of the Employment Protection Act, A.R.S. § 23-1501, against all defendants; fraud in the inducement against all defendants; negligent misrepresentation against all defendants; breach of employment agreement against the Tucson Tamale Company; failure to pay earned wages in violation of Arizona's wage Act, ARS § 23-350, *et seq.* against the Tucson Tamale Company; conversion against all defendants; and restitution/unjust enrichment against all defendants.

## II.  DISCUSSION

Defendant has filed a Motion for Judgment on the Pleadings pursuant to Fed.R.Civ.P. 12(c), arguing that the matter should be dismissed because Plaintiff has impermissibly split her claim between the Arizona state court and this Court. (Defendant's Motion for Judgment on the Pleadings (Doc. 18)). In addition to opposing Defendant's Motion (*see* Doc. 19), Plaintiff seeks leave to amend her Complaint to include a cause of action alleging national origin, race and ancestry discrimination in violation of 42 U.S.C. §2000e-2(a). (Plaintiff's Motion for Leave to Amend (Doc. 25)).

## A. DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

### 1. STANDARD

"Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir.2009). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States,* 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted).

When analyzing a complaint under Rule 12(b)(6) for failure to state a claim, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Taylor v. Yee,* 780 F.3d 928, 935 (9th Cir. 2015) (internal quotation marks and citation omitted).  However "[t]he tenet that a court must accept as true all of the allegations contained in a complaint..." does not apply to legal conclusions.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009));; *see also Telesaurus VPC, LLC. v. Power,* 623 F.3d 998, 1003 (9th Cir. 2010) (pleadings that are no more than legal conclusions "'are not entitled to the assumption of truth.'") (quoting *Iqbal*, 556 U.S. at 679).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Moreover, the court "cannot assume any facts necessary to [the plaintiff's]...claim that they have not alleged." *Jack Russell Terrier Network of Northern Calif. v. American Kennel Club, Inc*., 407 F.3d 1027, 1035 (9th Cir. 2005).

The court will assume "'well-pleaded factual allegations,'. . . to be true, 'and then determine whether they plausibly give rise to an entitlement to relief.'" *Telesaurus*, 623 F.3d. at 1003 (quoting *Iqbal*, 556 U.S. at 679); *see also Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

1  than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678
2  (*quoting Twombly,* 550 U.S. at 570).   Determining plausibility is a "context-specific
3  task..." that requires the court to "draw on its judicial experience and common sense." *Id.*
4  at 679.  A complaint cannot survive dismissal where the court can only infer that a claim
5  is merely possible rather than plausible. *Id.*

6  Although courts will not normally look beyond the pleadings in resolving a motion
7  to dismiss for failure to state a claim, the Court may take judicial notice of matters of
8  public record, such as Plaintiff's state complaint, if the facts are not subject to reasonable
9  dispute.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir.2001), *impliedly*
10 *overruled on other grounds as discussed in Gallardo v. Dicarlo*, 203 F.Supp.2d 1160,
11 1162 n.2 (C.D. Cal. 2002); *see also* Fed.R.Evid. 201.

### 2. ANALYSIS

Defendant argues that Plaintiffs' federal action must be dismissed based upon impermissible claim-splitting.  "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. California Dep't of Heath Servs.,*487 F.3d 684, 688 (9th Cir. 2007) (internal quotation marks and citation omitted), *overruled on other grounds by Taylor v. Sturgell,* 533 U.S. 880, 904 (2008).  Whether to dismiss an action on grounds of claim-splitting is a matter within the trial court's discretion. *Id.*  The issue of claim-splitting has generally been viewed as a concern related to docket management. *See* 18A Charles Alan Wright, Arthur R. Miller, *Federal Practice & Procedure,* §4406 (3d ed.); *see also Kanciper v. Suffolk Cty. Soc. for the Prevention of Cruelty to Animals*, *Inc.*, 722 F.3d 88, 89, 91 nn. 2, 3 (2d Cir. 2013).

Here, Defendant requests dismissal of the instant federal action based upon Plaintiff's pending state court action.  Unlike *Adams,* however, Plaintiff's actions are not pending in the "same court. . . ."[1] *Adams,* 487 F.3d at 688.

---

[1] Although Defendant correctly indicated that the plaintiff in *Adams* "filed suit in state court" (Defendant's Motion at 5), that action was pending in federal court upon removal when the plaintiff filed the concurrent federal court action and when the claim-

- 4 -

The Ninth Circuit has recognized the long-settled rule that "overlapping or even identical federal and state court litigation may proceed simultaneously, limited only by doctrines of abstention and comity. . . ." *Noel v. Hall,*, 341 F.3d 1148, 1159 (9th Cir. 2003). In *Noel,* the Ninth Circuit explained that:

> The rule that permits simultaneous litigation in state and federal court of overlapping and even identical cases is deeply rooted in our system. As the Court wrote in *Atlantic Coast Line Railroad v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970): "[T]he state and federal courts had concurrent jurisdiction in this case, and neither court was free to prevent either party from simultaneously pursuing claims in both courts." *Id.* at 295, 90 S.Ct. 1739 (citing *Kline v. Burke Constr. Co.*, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922)). The Court has recognized that this rule can produce "inefficient simultaneous litigation in state and federal courts on the same issue.... But this is one of the costs of our dual court system...." *Parsons Steel, Inc. v. First Ala. Bank,* 474 U.S. 518, 524–25, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986); *see also Doran v. Salem Inn, Inc.*, 422 U.S. 922, 928, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975) ("[T]he very existence of one system of federal courts and 50 systems of state courts, all charged with the responsibility for interpreting the United States Constitution, suggests that on occasion there will be duplicating and overlapping adjudication of cases which are sufficiently similar in content, time, and location to justify being heard before a single judge had they arisen within a unitary system.")[.]

*Id.* at 1159. The court went on to explain that:

> The inefficiencies produced by the rule permitting simultaneous litigation in state and federal court are mitigated by a number of abstention doctrines that permit, and often require, a federal court to abstain in favor of state court litigation. They include *Younger* abstention, after *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Pullman* abstention, after *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); *Burford* abstention, after *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); and *Colorado River* abstention, after *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). In addition, a federal court may stay its proceedings based on comity even when none of the abstention doctrines requires that it do so. *See Deakins v. Monaghan*, 484 U.S. 193, 202–03, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988). These federalism-based abstention and comity doctrines are complex and subtle, ensuring that a decision by a federal court to proceed, abstain, or stay in the

---

splitting issue was raised and decided. *See Adams,* 487 F.3d at 687-88.

face of parallel state court litigation will be made only after considering a number of case- and doctrine-specific factors.

*Id.* at 1159-60. *See also Rutledge v. Arizona Bd. of Regents,* 859 F.2d 732, 736 (9th Cir. 1988) (Plaintiff "chose to file parallel state and federal court actions simultaneously. There was concurrent jurisdiction and it was permissible for him to do so.").

Other than citing *Adams,* which indicates that the actions must be filed in the same court for the claim-splitting defense to apply, the parties have cited to no Ninth Circuit law specifically discussing whether a case may be dismissed on grounds of claim-splitting when the parallel action is pending in state court.[2] Defendant has cited to *Clements v. Airport Authority of Washoe County*, 69 F.3d 321 (1995) for an explanation of the "objective" of the rule against claim-splitting. (Defendant's Motion at 3-4). Although *Clements* involved parallel state and federal actions, the Ninth Circuit ultimately held that the defendants waived objections "to the splitting of any claim or to the prosecution of the two cases at the same time in the state and federal courts." *Clements*, 69 F.3d at 329. Thus, *Clements* does not provide any assistance on the instant issue given that, in light of the defendants' waiver, the court was not required to address whether the defense would have applied to a concurrent state action in the first place.

In two unpublished decisions involving parallel state and federal actions, the Ninth Circuit has reversed district court dismissals based on claim-splitting because both actions were not pending in the same court *See Henderson v. Bonaventura*, 649 F. App'x 639, 641, 2016 WL (9th Cir. 2016) (citing *Colorado River Water Conservation Dist.*,

---

[2] Plaintiff has cited an Arizona decision for the premise "that where two identical actions are filed in 'state and federal courts having concurrent jurisdiction' the action 'may proceed simultaneously until one court reaches judgment.'" (Plaintiff's Opposition to Defendant's Motion for Judgment on the Pleadings (Doc. 19) at 2-3 (quoting *Tonnemacher v. Touche Ross & Co.,* 186 Ariz. 125, 128, 920 P.2d 5, 8 (App. 1996) (emphasis omitted)). The *Tonnemacher* court held that Arizona's abatement doctrine did not apply and that the state court could not dismiss the state action based upon the pendency of a parallel federal action, a result which the court found was "harmonious with the federal rule, which is that a federal court will not generally dismiss a state law claim that has been asserted in a prior state court proceeding." *Tonnemacher,* 186 Ariz. at 130, 920 P.2d at 10 (citing *Colorado River Water Conservation Dist.,* 424 U.S. at 817).

424 U.S. at 818); *Sanzaro v. Ardiente Homeowners Ass'n LLC,* 513 F. App'x 646, 647, 2013 WL 1137378 (9th Cir. 2013) (citing *Noel*, 341 at 1159).[3]

  The Second Circuit Court of Appeals has reversed dismissal entered by the district court based upon a claim-splitting analysis, and held that the issue should, instead, be decided under the *Colorado River* abstention doctrine. *Kanciper*, 722 F.3d at 92-94. (recognizing that federal courts are not barred from entertaining federal suits when a parallel state action is pending). Several district courts have also found the claim-splitting defense inapplicable where the concurrent case is pending in state court. *T.K. v. Stanley,* 2016 WL 6217117, at *2 (W.D. Wash. Oct. 25, 2016) (denying motion for reconsideration of court's order, *inter alia,* declining to apply claim-slitting defense when the concurrent action is a state court proceeding.); *Deabay v. Philadelphia Indem. Ins. Co.*, 2015 WL 4041735, *2 (D. Me. July 1, 2015) ("Because the present case involves state-federal concurrent proceedings, the Defendant's 'claim splitting' argument is unavailing."); *O'Dell v. CMH Homes, Inc*., 2015 WL 4041302, at *3 (N.D.W. Va. July 1, 2015) ("This [claim-splitting] doctrine, however, has not been extended to apply to parallel state and federal actions. As a general rule, the mere existence of a pending parallel action in the state system will not bar proceedings regarding the same matter in a federal court, 'despite what may appear to result in a duplication of judicial resources.'") (quoting *McLaughlin v. United Va. Bank,* 955 F.2d 930, 934 (4th Cir.1992) (discussing *Colorado River* abstention doctrine); *Steinberg v. Nationwide Mut. Ins. Co.*, 418 F. Supp. 2d 215, 223 (E.D.N.Y. 2006) ("However, claim splitting does not apply to parallel state and federal actions. Courts have consistently declared that '[w]here there is concurrent jurisdiction, however, it is permissible for a plaintiff to file parallel state and federal actions simultaneously.'") (quoting *Rutledge,* 859 F.2d at 736).

  Defendant's request for dismissal of Plaintiff's federal action based upon a claim-splitting theory contravenes the rule "deeply rooted in our system" that "overlapping or

---

[3] Pursuant to Ninth Circuit Rule 36-3(a), although these cases may be cited, they have no precedential value. *See also* Fed.R.App.P. 32.1.

even identical federal and state court litigation may proceed simultaneously, limited only by doctrines of abstention and comity . . . ." *Noel,* 341 F.3d at 1159. *Cf. Kanciper*, 722 F.3d at 92-94; *O'Dell*, 2015 WL 4041302, at *3; *Steinberg,* 418 F. Supp. 2d at 223. Because Plaintiff's concurrent actions are pending in state and federal court, dismissal on a claim-splitting theory is not appropriate in this case and Defendant's Motion for Judgment on the pleadings should be denied.[4]

### B. PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINt

#### 1. Standard

The Federal Rules of Civil Procedure provide that "the court should freely give leave [to amend the complaint] when justice so requires[,]" Fed.R.Civ.P. 15(a)(2), and the United States Supreme Court has made clear that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id*. However, leave to amend may be denied in circumstances of undue delay, bad faith, futility of amendment, failure to cure deficiencies by amendments previously allowed, and prejudice to the opposing party. *Id*.; *Western Shoshone Nat'l Council v. Molini,* 951 F.2d 200, 204 (9th Cir. 2001); *Howey v. United States*, 481 F.2d 1187 1190 (9th Cir.1973). The most important of these factors is prejudice to the opposing party. *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir. 1990). The party opposing amendment bears the burden of proving prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). A district court's denial of leave to amend is reviewed for an abuse of discretion, but the question of futility is reviewed de novo. *United States v. United Healthcare Insur. Co.,* __ F.3d __, 2016 WL 7378731 *7 (9th Cir. Aug. 10, 2016).

---

[4] The parties have not argued or briefed whether the Court is limited in this case by federal doctrines of abstention or comity and the Court offers no opinion on those issues at this point.

- 8 -

### 2. ANALYSIS

Plaintiff seeks leave to amend her Complaint to include a claim of discrimination based upon national origin, race and ancestry in violation of 42 U.S.C. § 2000e-2(a). (Plaintiff's Motion for Leave to Amend the Complaint (Doc. 25)). She did not include the claim in her original Complaint because the Equal Employment Opportunity Commission ("EEOC") had not yet issued its right to sue letter. (*Id.* at 2). On November 2, 2016, the EEOC issued its right to sue letter and Plaintiff filed the instant Motion seeking leave to amend on December 12, 2016. (*Id.*).

Defendant opposes Plaintiff's Motion, arguing that it is futile because the action should be dismissed on grounds of claim-splitting as advanced in Defendant's Motion for Judgment on the Pleadings. Because Defendant does not prevail in its request for dismissal based on claim-splitting, as discussed above, Plaintiff's amendment cannot be viewed as futile claim-splitting.

Defendant goes on to argue that amendment should not be permitted because Plaintiff is acting in "bad faith" by forcing Defendant to defend against litigation in state and federal forums, as well as in administrative proceedings. (Defendant's Opposition to Plaintiff's Motion for Leave to Amend Complaint (Doc. 27) at 3-4). Defendant asserts that that "virtually none" of Plaintiff motions filed in state court have been granted. (*Id.* at 3 (emphasis omitted)). Defendant also asserts that Plaintiff "is not . . . a mere *pro se* litigant wading into difficult areas of law and legal doctrine[,] [r]ather she is the face of a 'team'" including "one disbarred [by the state of California] attorney and an apparent jack-of-all-trades information technology 'litigation consultant. . . '" with whom Plaintiff has allegedly shared Defendant's confidential information. (*Id.*).

Plaintiff indicated in her original Complaint, which was filed in July 2016, that she anticipated amending the Complaint "to allege an additional claim for national origin discrimination if the EEOC elects to issue a right to sue letter in Plaintiff's pending national origin discrimination charge." (Complaint, ¶50). A little over a month after she received the right to sue letter, Plaintiff filed the instant motion. While Defendant's

Opposition suggests animosity between the parties, there has been no showing at this point of a pattern of bad faith on behalf of Plaintiff so as to preclude the requested amendment. *See generally,* 6 Charles Alan Wright & Arthur R. Miller 6 *Federal Practice & Procedure* §1487 n. 31 (collecting cases where bad faith prevented amendment of the complaint). Accordingly, Plaintiff should be permitted to file and serve her First Amended Complaint.

### III. RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court, after its independent review:

(1) deny Defendant's Motion for Judgment on the Pleadings (Doc. 18); and

(2) grant Plaintiff's Motion for Leave to Amend the Complaint (Doc. 25).

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure and LRCiv 7.2(e), Rules of Practice of the U.S. District Court for the District of Arizona, any party may serve and file written objections within **FOURTEEN (14) DAYS** after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within **FOURTEEN (14) DAYS** after being served with a copy. Fed.R.Civ.P. 72(b)(2). No replies to objections shall be filed unless leave is granted from the District Court to do so. If objections are filed, the parties should use the following case number: **CV 16-462-TUC-DCB**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to review.

Dated this 31st day of January, 2017.

_____
Bernardo P. Velasco
United States Magistrate Judge