# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melissa Martin McBeath, | No. CV-16-00462-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Tucson Tamale Company, | |
| Defendant. | |

This matter was referred to Magistrate Judge Bernardo P. Velasco on November 23, 2016. Pursuant to the Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a), Magistrate Judge Velasco issued a Report and Recommendation (R&R) on January 31, 2017. (Doc. 29: R&R)**.** He recommends denying the Defendant's Motion for Judgment on the Pleadings and granting Plaintiff leave to amend the Complaint.

## STANDARD OF REVIEW

The duties of the district court, when reviewing an R&R of a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to an R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

When no objections are filed, the district court does not need to review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*).

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), *see also,* Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Defendant has not filed an objection.

## REPORT AND RECOMMENDATION

The Honorable Bernardo P. Velasco, United States Magistrate Judge, considered two issues: whether Plaintiff's federal action is impermissible claim splitting and whether the claim of discrimination based on national origin, race and ancestry is futile.  The Defendant's Motion for Judgment on the Pleadings turns on the answer to the first question.  The Plaintiff's Motion to Amend the Complaint hinges on the second.

The Magistrate Judge found that Plaintiff's federal case is not precluded by claim splitting.  She is free to litigate simultaneously in both the state and federal courts until one reaches judgment, but may be limited by doctrines of abstention and comity, and the Court's discretion to stay a case for judicial economy.  (R&R (Doc. 29) at 4-8.)  The Magistrate Judge did not reach the doctrines of abstention or comity because they were not raised by the motion.  *Id.* The Court finds the Magistrate Judge was correct in his analysis of claim splitting and, it also does not reach questions of abstention or comity.

Of course, leave to amend is always freely granted.  Fed. R. Civ. P. 15(a)(2).  The record reflects that the Plaintiff was waiting for her right to sue letter prior to bringing the discrimination claim.  The EEOC issued the right to sue letter on November 2, 2016, and Plaintiff moved to amend the Complaint on December 12, 2016.  Like the Magistrate Judge, this Court rejects Defendant's argument that Plaintiff proposed amendment is made in bad faith.  (R&R (Doc. 29) at 9-10.)

1   While there are no objections and review has, therefore, been waived, the Court
2   nevertheless reviews at a minimum, *de novo*, the Magistrate Judge's conclusions of law.
3   *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d
4   449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed *de novo*);
5   *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will
6   not ordinarily waive question of law, but is a factor in considering the propriety of
7   finding waiver)).  The Court finds the R&R to be thorough and well-reasoned, without
8   any clear error in law or fact.  *See United States v. Remsing*, 874 F.2d 614, 617-618 (9th
9   Cir. 1989) (*United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28
10  U.S.C. § 636(b)(1)(A) as providing for the district court to reconsider matters delegated
11  to magistrate judge when there is clear error or recommendation is contrary to law).  The
12  Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. §
13  636(b)(1). For the reasons stated in the R&R, the Court denies the Motion for Judgment
14  on the Pleadings and grants the Motion to Amend the Complaint.

15  **Accordingly,**

16  **IT IS ORDERED** that the Report and Recommendation (Doc. 29)is adopted as
17  the opinion of the Court.

18  **IT IS FURTHER ORDERED** that the Motion for Judgment on the Pleadings
19  (Doc. 18) is DENID.

20  **IT IS FURTHER ORDERED** that the Motion for Leave to Amend the
21  Complaint (Doc. 25) is GRANTED.

22  **IT IS FURTHER ORDERED** that this case remains referred to Magistrate Judge
23  Bernardo P. Velasco, pursuant to 28 U.S.C. 636(b)(1) and LRCiv. 72.1 and 72.2.

24  Dated this 21st day of February, 2017.

Honorable David C. Bury
United States District Judge