# Exhibit A

 THE STATE BAR OF CALIFORNIA
Protecting the Public and Enhancing the Administration of Justice

Thursday, July 14, 2016

## ATTORNEY SEARCH

## Francisco Xavier Marquez - #172631

## Current Status:  Disbarred

**This member is prohibited from practicing law in California by order of the California Supreme Court.**

See below for more details.

## Profile Information

*The following information is from the official records of The State Bar of California.*

| | | | |
|---|---|---|---|
| **Bar Number:** | 172631 | | |
| **Address:** | **Marquez & Associates PO Box 720997 San Jose, CA 95172** | **Phone Number:** | (408) 634-6119 |
| | | **Fax Number:** | (408) 969-1639 |
| | | **e-mail:** | Not Available |
| **County:** | **Santa Clara** | **Undergraduate School:** | Stanford Univ; Stanford CA |
| **District:** | District 6 | | |
| **Sections:** | None | **Law School:** | UC Hastings COL; San Francisco CA |

## Status History

| Effective Date | Status Change |
|---|---|
| Present | Disbarred |
| 10/16/2014 | Disbarred |
| 5/10/2014 | Not Eligible To Practice Law |
| 12/8/1994 | Admitted to The State Bar of California |

Explanation of member status

## Actions Affecting Eligibility to Practice Law

| Effective Date | Description | Case Number | Resulting Status |
|---|---|---|---|
| **Disciplinary and Related Actions** | | | |

Overview of the attorney discipline system.

| | | | |
|---|---|---|---|
| 10/16/2014 | Disbarment | 11-O-16244 | Disbarred |
| 5/10/2014 | Ordered inactive | 11-O-16244 | Not Eligible To Practice Law |

**Administrative Actions**

This member has no public record of administrative actions.

Copies of official attorney discipline records are available upon request.

Explanation of common actions

## State Bar Court Cases

**NOTE:** *The State Bar Court began posting public discipline documents online in 2005. The format and pagination of documents posted on this site may vary from the originals in the case file as a result of their translation from the original format into Word and PDF. Copies of additional related documents in a case are available upon request. Only Opinions designated for publication in the* State Bar Court Reporter *may be cited or relied on as precedent in State Bar Court proceedings. For further information about a case that is displayed here, please refer to the State Bar Court's online docket, which can be found at: http://apps.statebarcourt.ca.gov/dockets/dockets.aspx*

**DISCLAIMER:** *Any posted Notice of Disciplinary Charges, Conviction Transmittal or other initiating document, contains only allegations of professional misconduct. The attorney is presumed to be innocent of any misconduct warranting discipline until the charges have been proven.*

| Effective Date | Case Number | Description |
| --- | --- | --- |
| 10/16/2014 | 11-O-16244 | Decision [PDF] [WORD] |

## California Bar Journal Discipline Summaries

*Summaries from the California Bar Journal are based on discipline orders but are not the official records. Not all discipline actions have associated CBJ summaries. Copies of official attorney discipline records are available upon request.*

**October 16, 2014**

FRANCISCO XAVIER MARQUEZ [#172631], 49, of San Jose, was disbarred Oct. 16, 2014 and ordered to comply with rule 9.20 and make restitution.

The State Bar Court found Marquez culpable of failing to obey court orders, failing to maintain funds in his client trust account, collecting an illegal fee and misappropriation in one client matter. He also had two misdemeanor convictions for driving under the influence of alcohol.

In the client matter, Marquez was hired to represent a man in a dispute involving his mother's estate. There was a question of whether Marquez's client was the sole beneficiary of the estate or a co-beneficiary with his siblings. Despite the dispute, the client sold his mother's home in July 2006 and Marquez placed the sales proceeds totaling $721,008.05 into his business checking account. That same day, Marquez transferred $681,008.05 into his personal savings account and $40,000 to a partner at his firm. Although Marquez claimed the $40,000 was for his partner's fees for working on the case, the court found no evidence to support it.

On April 13, 2009, the probate court of San Mateo County enjoined Marquez and his client from using any sale proceeds from the home and ordered the money placed in a blocked, interest-bearing account. Two months later, the court filed an order demanding an accounting and a return of estate funds. That July, Marquez filed a response stating $13,475 had been paid to his client for repair expenses to prepare the home for sale, $419,595 had been paid to Marquez's firm for costs and legal services and the estate had lost $93,059 as a result of the financial crash in fall 2008. He said there was $194,877 in remaining estate funds. Although he acknowledged receipt of $419,595 in total payments from the estate, Marquez's billing records accounted for only $288,059.25 as attorney fees for services rendered. The court ultimately disqualified Marquez from representing the client and ordered Marquez to repay the $419,595. The litigation was dismissed, and the remaining estate funds of $194,877 were distributed to the three siblings.

After Marquez failed to comply with that order and two that followed it, the matter proceeded to trial on the remaining issues against him. When the court's ruling did not go in his favor, Marquez appealed it unsuccessfully. He then filed an appeal with the California Supreme Court, which affirmed the appellate court's ruling. As of the date of the State Bar Court's decision, he still had not repaid the money.

He was ordered to pay $419,595 plus interest in restitution.

In mitigation, Marquez had no prior record of discipline and presented evidence of his good character.

Start New Search »

State Bar of CA :: Francisco Xavier Marquez

Contact Us | Site Map | Privacy Policy | Notices | Public Records Request | Accessibility | FAQ

Copyright © 2016, The State Bar of California

# Exhibit B

# Melissa Martin McBeath

3463 E. Terra Alta Blvd. • Tucson, AZ 85716 • 520.449.9753 • *mel.mcbeath@cox.net*

SENT VIA E-MAIL ONLY

February 9, 2017


Travis L. Tufts
Farhang & Medcoff
4801 E. Broadway, Suite 311
Tucson, AZ 85711

Re:   *Melissa Martin McBeath v. Tucson Tamale Company*
      Ariz. U.S. District Court Case No. CV-16-462-TUC-DCB

Dear Mr. Tufts:

Shortly, I will resume discovery in the federal action now that the Court has ruled that I can proceed with my Title VII discrimination claims against Tucson Tamale Company (TTC) in federal court.

Be advised that I (not my attorneys) will reach out to TTC's current and former employees to discuss matters relating to the federal action. I will assure these individuals that TTC may not retaliate against them in any way for speaking with me. I will not ask them to disclose the content of any communications they have had with counsel.

In my reading of the federal rules and relevant case law, there is nothing that prevents me from having *ex parte* communications with TTC's current and former employees.[1] If you have legal authority to the contrary, please direct me to it and I will consider it.

Best Regards,

Melissa Martin McBeath

---

[1]   *See Upjohn Co. v. United States,* 449 U.S. 383, 395-96 (1981) ("The protection of the [attorney-client] privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney.") (internal quotes and citations omitted); *United States v. Chen,* 99 F.3d 1495, 1501 (9th Cir. 1996) ("That a person is a lawyer does not, *ipso facto,* make all communications with that person privileged. The privilege applies only when legal advice is sought 'from a professional legal advisor *in his capacity as such.'"*).

# Exhibit C

**Tish Wright**

| | |
|---|---|
| **From:** | Travis L. Tufts |
| **Sent:** | Thursday, March 2, 2017 2:00 PM |
| **To:** | Tish Wright |
| **Subject:** | FW: McBeath v. Tucson Tamale |

**FARHANG ⸱ MEDCOFF**
——— Attorneys ———

**Travis L. Tufts**
Profile | vCard
4801 East Broadway Boulevard | Suite 311 | Tucson, Arizona 85711
General: 520.790.5433 | Direct: 520.398.7466 | Fax: 520.790.5736
www.fmazlaw.com

**From:** Melissa Martin McBeath [mailto:mel.mcbeath@cox.net]
**Sent:** Monday, February 13, 2017 7:44 PM
**To:** Travis L. Tufts <ttufts@fmazlaw.com>
**Cc:** Robert Garcia <rgarcia@fmazlaw.com>
**Subject:** RE: McBeath v. Tucson Tamale

Travis,

**Please construe my February 7, 2017 letter as my attempt to meet and confer with you regarding the propriety of ex parte communications with current and former TTC employees. I invite you to provide whatever federal legal authority you believe supports TTC's contrary position.**

**In my reading of the federal rules, the parties do not have to meet and confer in person. I want to avoid the confusion caused by the conflicting accounts of what exactly we discussed and agreed on following several of the in-person meetings I had with you and/or Robert in the past. So let's communicate in writing from now on.**

**As for the urgency for resolving this dispute promptly, this case has been languishing, without movement, for seven months. I don't want to waste any more time disputing a point that, in my view, shouldn't even be an issue.**

**Best Regards,**

**Melissa**

On Mon, Feb 13, 2017 at 3:43 PM, Travis L. Tufts wrote:

> Ms. McBeath,
>

1

> Thank you for your e-mail.  There are a couple issues underlying your demand.  First, I am not certain we have met and conferred on this issue.  As you are aware, the rules require me to try to resolve the issue before I can file anything.  Second, are you aware of any exigent circumstances impairing the ongoing availability of TTC employees?  I am unaware of any such circumstances.  Accordingly, I am curious what prejudice results if a motion cannot be filed by the end of this week.
>
> We will prepare the motion as soon as practicable if it proves necessary after we meet and confer on this issue.  Shall we plan to meet at the Viscount this week to meet and confer?
>
> Travis
>
> [cid:image001.jpg@01D14186.84DD1700]
>
> Travis L. Tufts
> Profile<http://www.fmazlaw.com/travis-t-tufts> | vCard<https://s3.amazonaws.com/law-media/uploads/191/24243/original/Travis%20L%20%20Tufts%20(00239226xC01F0).VCF?1451341154>
> 4801 East Broadway Boulevard | Suite 311 | Tucson, Arizona 85711
> General: 520.790.5433 | Direct: 520.398.7466 | Fax: 520.790.5736
> www.fmazlaw.com<http://www.fmazlaw.com/>
>
> From: Melissa Martin McBeath [mailto:mel.mcbeath@cox.net]
> Sent: Friday, February 10, 2017 4:14 PM
> To: Travis L. Tufts <ttufts@fmazlaw.com>
> Cc: Robert Garcia <rgarcia@fmazlaw.com>
> Subject: Re: McBeath v. Tucson Tamale
>
>
> Travis,
>
> Please file the motion for a protective order immediately so that we may resolve this issue promptly.
>
> If it is not filed by February 17, 2017, I will begin to contact current and former TTC employees shortly thereafter.
>
> Best Regards,
>
> -Melissa
>
> On Fri, Feb 10, 2017 at 2:30 PM, Kumar Law wrote:
>
> > Travis,
> >
> > Until informed otherwise, you may communicate directly with Ms. McBeath
> > regarding all matters that pertain to the federal action.
> >
> > Thank you.
> >
> > -Ruchit
> >
> > On Fri, Feb 10, 2017 at 11:04 AM, Travis L. Tufts
> <ttufts@fmazlaw.com<mailto:ttufts@fmazlaw.com>>
> > wrote:
> >
> > > Ruchit:
> > >
> > >
> > >
> > > Your client contacted me directly to address the federal court matter, see

2

# Exhibit D

1  MELISSA MARTIN McBEATH
2  3463 E. TERRA ALTA BLVD.
3  TUCSON, AZ 85716
   Ph:  (520) 449-9753
4  *mel.mcbeath@cox.net*
5
6  Pro Se

7           REQUEST FOR EXPEDITED CONSIDERATION
8
9            SUPERIOR COURT OF ARIZONA
10                COUNTY OF PIMA
11

12  MELISSA MARTIN McBEATH, an         Case No. C20161794
    individual,
13
14           Plaintiff,               **MELISSA MARTIN McBEATH'S**
                                       **MOTION FOR A PROTECTIVE**
15      v.                            **ORDER THAT PROTECTS**
                                       **WITNESSES FROM INTIMIDATION**
16  TUCSON TAMALE COMPANY; an          **AND PERMITS PLAINTIFF TO HAVE**
    Arizona corporation, *et al.*,    **EX PARTE CONTACT WITH**
17                                     **DEFENDANTS' EMPLOYEES**
18           Defendants.
19                                     [Ariz. R. Civ. P. 26(c)]
20
21  TUCSON TAMALE COMPANY; an          Assigned to Hon. Gus Aragon
    Arizona corporation,               Division 30
22
23           Counterclaimant,
24      v.
25  MELISSA MARTIN McBEATH, an
    individual, *et al.*,
26
27           Counterdefendants.
28

10256.1

1

**LEGAL DISCUSSION**

2    Plaintiff/Counterdefendant Melissa Martin McBeath moves under Ariz. R.

3    Civ. P. 26(c) for a protective order (a) that shields employees who work for

4    Tucson Tamale Company ("*TTC*") from harassment, intimidation and retaliatory

5    adverse actions for speaking with McBeath; and (b) declares that she, as a *pro se*

6    litigant, may have *ex parte* contact with TTC's employees.

7    McBeath further requests that the Court allow Ehud Gavron to donate his

8    computers before December 31, 2016 as he does every year. Defendants ordered

9    Mr. Gavron not to do so and have threatened him with sanctions. They argue

10   that they have the right to inspect the computers whenever they want, no matter

11   the inconvenience or detriment to Mr. Gavron. In June 2016, Defendants notified

12   Mr. Gavron of his obligation to preserve evidence. To date, however, Defendants

13   have not hired an expert and therefore have given no indication of when, or even

14   whether, they will actually inspect Mr. Gavron's computers.

15   *Mr. Gavron must erase the hard drives of his computers, install software*

16   *and donate them before December 31, 2016. Accordingly, McBeath files*

17   *concurrently with this motion a separate motion for expedited consideration of*

18   *this motion for a protective order because time is of the essence.*

19   1.    Arizona's rule of professional ethics that prohibits lawyers from

20         having *ex parte* communications with represented parties does not

21         apply to *pro se* litigants.

22   Defendants have threatened McBeath with sanctions if she contacts TTC's

23   current employees. Defendants contend that she is acting as a lawyer (and

24   presumably practicing law) by representing herself and therefore cannot have *ex*

25   *parte* communications with TTC's employees.

26   McBeath is fully aware that she is bound by, and must comply with, all

27   statutes and rules that govern a tribunal. No legal authority exists, however, to

28   support Defendants' contention that non-lawyer *pro se* litigants are bound by the

1  same ethical rules or codes of professional conduct that apply to lawyers.

2      "In Arizona, one who acts only for himself in legal matters is not

3  considered to be engaged in the practice of law." *State ex rel. Frohmiller v. Hendrix,*

4  59 Ariz. 184, 190, 124 P.2d 768, 772 (1942). The Arizona Court of Appeals

5  explained that the no-contact rule that prohibits lawyers from communicating

6  with represented parties "is intended to (1) prevent unprincipled attorneys from

7  exploiting the disparity in legal skills between attorneys and lay people, (2)

8  preserve the integrity of the attorney-client relationship, (3) help to prevent the

9  inadvertent disclosure of privileged information, and (4) facilitate settlement."

10  *Lang v. Superior Court,* 170 Ariz. 602 (1992). *Pro se* litigants do not implicate the

11  policy concerns for which this rule was created.

12      Even if the Arizona Rules of Professional Conduct were to apply to

13  McBeath, Rule 4.2 permits opposing counsel to initiate *ex parte* contact with

14  unrepresented current and former employees (other than officers, directors or

15  managing agents) of a corporate party. The manner in which Rule 4.2 was drafted

16  makes clear that attorneys may communicate with a represented party's

17  employees as long as the discussions do not involve anything employees did or

18  failed to do in connection with a matter that may bind their employer, be imputed

19  to them, or constitute an admission of the employer for purposes of establishing

20  liability. "That the testimony of the employee may be detrimental to the employer

21  is not determinative." Ariz. State Bar Ethics Opinion 95-07 (Communication with

22  Represented Party; Communication with Corporate Employees).[1]

23      None of the witnesses McBeath wishes to contact are officers, directors or

24  managing agents. Even if they hold supervisory positions that is not enough to

25  bring them under the no-contact prohibition of Rule 4.2.  *See Snider v. Superior*

26  *Court,* 113 Cal. App. 4th 1187, 1209 (2003) ("In sum, we conclude that the term

27

28  [1]  *http://www.azbar.org/Ethics/EthicsOpinions/ViewEthicsOpinion?id=459*

1  "managing agent" in rule 2–100 refers to those employees that exercise substantial
2  discretionary authority over decisions that determine organizational policy.").
3  Whatever restrictions the rules of ethics or codes of professional conduct impose
4  on lawyers, these restrictions do not apply to a *pro se* litigant like McBeath.

5       McBeath has limited financial resources and cannot afford to pay the
6  deposition fees for all the witnesses that she wishes to interview to obtain written
7  statements of testimony she will present at trial. Several current and former
8  employees of TTC are her friends and colleagues who will gladly speak with her
9  voluntarily on their time and without disrupting their work obligations. McBeath
10  should be permitted to speak with these witnesses and they in turn should be
11  assured that they will not be subject to discipline or retaliatory adverse
12  employment actions as a result of this lawful conduct.

13      2.    <u>Ehud Gavron should not be prejudiced by Defendants' failure to</u>
14           <u>inspect his computer before December 31, 2016.</u>

15       In November 2016, Mr. Gavron informed Defendants as a professional
16  courtesy that he would make his computers available to their designated expert at
17  any time before December 31. Every year he donates his computers to charity as a
18  public service and for tax reasons. In July 2016, Defendants informed the Court
19  that they were going to retain a computer expert. After months of making Mr.
20  Gavron wait for this expert to inspect his computers, they continue to refuse to
21  cooperate with Mr. Gavron and will not even commit to a general time frame.
22  This highly unprofessional conduct is abusive and intended solely to harass and
23  intimate. Accordingly, McBeath requests that Mr. Gavron be permitted to donate
24  his computers before December 31, 2016, because it is evident that Defendants
25  have no intention of spending the money on an expert.

26  Dated: December 15, 2016        Respectfully submitted,
27
28                           Melissa Martin McBeath

1

## DECLARATION

2 | I, MELISSA MARTIN McBEATH, declare:

3 |   1.   I am the Plaintiff and Counterdefendant in this action. I have

4 | personal, first-hand knowledge of all matters stated herein and, if called to testify

5 | as to these matters, I could and would do so competently.

6 |   2.   On December 13, 2016, I met and conferred with Travis L. Tufts,

7 | counsel for Defendants, regarding (a) my right to have *ex parte* contact with

8 | Defendants' employees, and (b) whether and when Ehud Gavron's computers

9 | would be inspected by Defendants' designated expert. Mr. Tufts disagreed with

10 | everything I said, which left me no choice but to file this motion.

11 |   3.   Mr. Tufts informed me that Defendants have not even hired a

12 | computer expert yet even though they represented to the Court five months ago

13 | they would do so soon.

14 |   4.   Attached as Exhibit A is a true and correct copy of the e-mail

15 | exchanges between Mr. Gavron and Mr. Tufts.

16 |

17 |   I declare (or certify, verify or state) under penalty of perjury under the

18 | laws of the State of Arizona that the foregoing is true and correct. Executed on

December 15, 2016.

19

20 | Melissa Martin McBeath

21

22

23

24

25

26

27

28

DECLARATION IN SUPPORT OF MOTION
FOR A PROTECTIVE ORDER

10256.1

C20161794

1    ORIGINAL filed via TurboCourt on December 15, 2016 with:
     Clerk of the Court
2    Pima County Superior Court

3
     COPY served via TurboCourt on December 15, 2016 to:
4    Roberto C. Garcia
5    rgarcia@fmazlaw.com
     Travis L. Tufts
6    ttufts@fmazlaw.com

7
     Attorneys for:
8
9    Tucson Tamale Company, Todd Russell Martin, Sherry Martin and Lisa Martin

10

     Melissa Martin McBeath
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit E

# Melissa Martin McBeath

3463 E. Terra Alta Blvd. • Tucson, AZ 85716 • 520.449.9753 • *mel.mcbeath@cox.net*

<u>SENT VIA E-MAIL ONLY</u>

March 2, 2017

Travis L. Tufts
Farhang & Medcoff
4801 E. Broadway, Suite 311
Tucson, AZ 85711

Re:    *Melissa Martin McBeath v. Tucson Tamale Company*
       Ariz. U.S. District Court Case No. CV-16-462-TUC-DCB

Dear Mr. Tufts:

I write to meet and confer with you regarding the following discovery issues to avoid further delay in the prosecution of my federal case.

1.    Tucson Tamale Company (TTC) has not served on me or filed with the District Court its Fed. R. Civ. Proc. 26(a) Initial Disclosures and accompanying documents and electronically stored information. Please do so no later than Monday, March 9, 2017.

2.    I request that TTC produce all responsive Gmail e-mails in their native electronic format. Because I specify the manner in which these e-mails should be produced, e-mails that are transferred to Outlook or tampered with in any way that differs from the way that they are "kept in the usual course of business" will not comply with Fed. R. Civ. Proc. 34(b)(2)(E). As a gesture of good faith, I will agree to abide by the same terms and conditions of the Protective Order issued on December 8, 2016 in the state court action regarding any confidential information TTC discloses if all responsive documents and electronically stored information are produced no later than Monday, March 9, 2017.

3.    Fed. R. Civ. Proc. 26(b)(4)(B) makes clear that TTC is not entitled to inquire into any communications I have had with any experts I consult informally. Will TTC serve written discovery on, or intend to take the oral deposition of, Ehud Gavron, Francisco Marquez, or anyone else whom TTC believes I have consulted informally as an expert to assist me with this case? Please state affirmatively whether TTC will take the same or similar position TTC has taken in the long-standing dispute the parties have had in the state court proceedings regarding this issue.

4.    Lastly, insurance agreements are expressly discoverable under Fed. R. Civ. P. 26(a)(1)(A)(iv). I will serve a subpoena duces tecum on Koty-Leavitt Insurance Agency, Inc. because yesterday the Pima County Superior Court granted TTC's Motion to Quash the subpoena served on the insurance broker in connection with the state court action. In my reading of the federal rules, any items are properly discoverable if they relate to "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b).

Travis L. Tufts
March 2, 2017
Page 2


The information sought need not be admissible at the trial if the information sought "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). Because discovery is designed to define and clarify the issues, it is not limited to only those specific issues raised in the pleadings. *Id.* I believe I am entitled to all non-privileged information I seek from Koty-Leavitt that relates to my claims.

Please let me know no later than Monday, March 6, 2017, your client's response to the above issues so that I may determine what relief to seek from the Court next week. I invite you to call me if you wish to discuss any of these matters.

Best Regards,

*Melissa Martin McBeath*

Melissa Martin McBeath

# Exhibit F

FILED
TONI HELLON
CLERK, SUPERIOR COURT
1/18/2017 8:41:37 AM
By: Karla Ronquillo

ARIZONA SUPERIOR COURT, PIMA COUNTY

HON. GUS ARAGON                          CASE NO.   C20161794

COURT REPORTER:   Maria Geare           DATE:        January 17, 2017
                  Courtroom - 814

MELISSA MARTIN MCBEATH                   Ruchit Kumar Agrawal, counsel *Pro Hac Vice* for
   Plaintiff                             Plaintiff

VS.

TUCSON TAMALE COMPANY,                   Travis L Tufts, Esq. counsel for Defendants
TODD RUSSELL MARTIN,
SHERRY MARTIN, and
LISA MARTIN
   Defendants

---

## M I N U T E   E N T R Y

**PLAINTIFF MELISSA MARTIN MCBEATH'S MOTION FOR A PROTECTIVE ORDER TO SHIELD IDENTITY AND COMMUNICATIONS WITH EXPERTS CONSULTED INFORMALLY/ PLAINTIFF MELISSA MARTIN MCBEATH'S MOTION FOR A PROTECTIVE ORDER THAT PROTECTS WITNESSES FROM INTIMIDATION AND PERMITS PLAINTIFF TO HAVE EX PARTE CONTACT WITH DEFENDANTS' EMPLOYEES/DEFENDANTS' MOTION TO QUASH THIRD PARTY SUBPOENA AND ENTRY OF PROTECTIVE ORDER/PLAINTIFF MELISSA MARTIN MCBEATH'S MOTION TO COMPEL LISA MARTIN TO SIT FOR HER ORAL DEPOSITION IN TUCSON, ARIZONA**

Plaintiff is present. Defendants are not present.

The Court notes it is in receipt of the Plaintiff's Motion to Associate Counsel *Pro Hac Vice* filed on January 13, 2017.

With no objection from defense counsel,

IT IS ORDERED that the motion is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff's Motion to Associate Counsel *Pro Hac Vice* shall be considered a Notice of Appearance by Rafael F. Gallego, Esq. in this matter.

Counsel argue to the Court.

                                                    Karla Ronquillo
                                                    Deputy Clerk

**M I N U T E   E N T R Y**

| Page 2 | Date: January 17, 2017 | Case No.: C20161794 |
|---|---|---|

IT IS ORDERED that the Proposed Scheduling Order previously filed is hereby withdrawn. An updated Proposed Scheduling Order shall be filed no later than February 21, 2017, at 5:00 PM.

*As to Plaintiff Melissa Martin McBeath's Motion for a Protective Order that Protects Witnesses from Intimidation and Permits Plaintiff to have Ex Parte Contact with Defendants' Employees:*

IT IS ORDERED that the motion is DENIED

IT IS FURTHER ORDERED that the plaintiff may not have contact with defendants' employees or former employees except through defense counsel. The remainder of the motion will be addressed at a time to be chosen by plaintiff's counsel.

*As to Plaintiff's Motion to Compel Lisa Martin to Sit for Her Oral Deposition in Tucson, Arizona:*

IT IS ORDERED that the motion is GRANTED in part.

IT IS FURTHER ORDERED that in the event Lisa Martin is in Tucson, Arizona while on business for the Tucson Tamale Company, counsel may depose her at that time by coordinating the deposition with defendants' counsel.

*As to Defendants' Motion to Quash Third Party Subpoena and Entry of Protective Order:*

IT IS ORDERED that on an interim basis, any obligations to comply with the subpoena shall be held in abeyance pending the Court's ruling on the motion.

The Court notes that Plaintiff Melissa Martin McBeath's Motion for a Protective Order to Shield Identity and Communications With Experts Consulted Informally remains pending.

IT IS ORDERED that the hearing set this date is continued to February 28, 2017, at 1:30 PM, in Division 30. Estimated length of hearing is 3.25 hours.

IT IS FURTHER ORDERED that a Hearing Re: Plaintiff's Motion for Summary Judgment is set on February 28, 2017, at 1:30 PM, in Division 30. Estimated length of hearing is 3.25 hours.

In the event there are more than fifteen exhibits, counsel shall make arrangements with the Clerk's Office to have them pre-marked one week prior to the hearing by calling (520) 724-8279.

cc:     Hon. Gus Aragon
        Rafael F. Gallego, Esq.
        Robert C. Garcia, Esq.
        Travis L Tufts, Esq.

                                    _____
                                    Karla Ronquillo
                                    Deputy Clerk

# Exhibit G

**Tish Wright**

| | |
|---|---|
| **From:** | Travis L. Tufts |
| **Sent:** | Tuesday, February 14, 2017 4:29 PM |
| **To:** | 'Melissa Martin McBeath' |
| **Cc:** | Robert Garcia |
| **Subject:** | RE: McBeath v. Tucson Tamale |
| **Attachments:** | 2017 0103 Opposition to Plaintiff's Motion for a Protective Order that P....pdf |

Ms. McBeath,

I understand the position outlined in your correspondence.  As you know, we outlined our objections to your contacting TTC general managers and employees ex parte when you raised this same issue with Judge Aragon; see attached.  In addition to those bases, among other things, your present efforts to contact TTC employees seems like an end around Judge Aragon's denial of your state court motion, not to mention additional concerns raised by the fact you are now represented by counsel in one of the lawsuits.

I am not asking to meet and confer so that you can explain your position further.  Rather, the obligation to meet and confer also requires a good faith effort to resolve a dispute before filing a motion.  To that end, do you have any proposals to resolve this issue before the need to file a motion?  Understanding you are concerned with incurring costs taking depositions, we resubmit our offer to allow you to interview the employees informally but in the presence of counsel.  You can record the interviews if you like, provided we received copies of the recordings.

Please let me know if you agree to our proposal or, alternatively, your proposal to resolve the matter short of motion practice.

Travis


**FARHANG MEDCOFF**
Attorneys

**Travis L. Tufts**
Profile | vCard
4801 East Broadway Boulevard | Suite 311 | Tucson, Arizona 85711
General: 520.790.5433 | Direct: 520.398.7466 | Fax: 520.790.5736
www.fmazlaw.com

**From:** Melissa Martin McBeath [mailto:mel.mcbeath@cox.net]
**Sent:** Monday, February 13, 2017 7:44 PM
**To:** Travis L. Tufts <ttufts@fmazlaw.com>
**Cc:** Robert Garcia <rgarcia@fmazlaw.com>
**Subject:** RE: McBeath v. Tucson Tamale

**Travis,**

**Please construe my February 7, 2017 letter as my attempt to meet and confer with you regarding the propriety of ex parte communications with current and former TTC employees. I invite you to provide whatever federal legal authority you believe supports TTC's contrary position.**

1

**In my reading of the federal rules, the parties do not have to meet and confer in person. I want to avoid the confusion caused by the conflicting accounts of what exactly we discussed and agreed on following several of the in-person meetings I had with you and/or Robert in the past. So let's communicate in writing from now on.**

**As for the urgency for resolving this dispute promptly, this case has been languishing, without movement, for seven months. I don't want to waste any more time disputing a point that, in my view, shouldn't even be an issue.**

**Best Regards,**

**Melissa**

On Mon, Feb 13, 2017 at 3:43 PM, Travis L. Tufts wrote:

> Ms. McBeath,
>
> Thank you for your e-mail.  There are a couple issues underlying your demand.  First, I am not certain we have met and conferred on this issue.  As you are aware, the rules require me to try to resolve the issue before I can file anything.  Second, are you aware of any exigent circumstances impairing the ongoing availability of TTC employees?  I am unaware of any such circumstances.  Accordingly, I am curious what prejudice results if a motion cannot be filed by the end of this week.
>
> We will prepare the motion as soon as practicable if it proves necessary after we meet and confer on this issue.  Shall we plan to meet at the Viscount this week to meet and confer?
>
> Travis
>
> [cid:image001.jpg@01D14186.84DD1700]
>
> Travis L. Tufts
> Profile<http://www.fmazlaw.com/travis-t-tufts> | vCard<https://s3.amazonaws.com/law-media/uploads/191/24243/original/Travis%20L%20%20Tufts%20(00239226xC01F0).VCF?1451341154>
> 4801 East Broadway Boulevard | Suite 311 | Tucson, Arizona 85711
> General: 520.790.5433 | Direct: 520.398.7466 | Fax: 520.790.5736
> www.fmazlaw.com<http://www.fmazlaw.com/>
>
> From: Melissa Martin McBeath [mailto:mel.mcbeath@cox.net]
> Sent: Friday, February 10, 2017 4:14 PM
> To: Travis L. Tufts <ttufts@fmazlaw.com>
> Cc: Robert Garcia <rgarcia@fmazlaw.com>
> Subject: Re: McBeath v. Tucson Tamale
>
>
> Travis,
>
> Please file the motion for a protective order immediately so that we may resolve this issue promptly.
>
> If it is not filed by February 17, 2017, I will begin to contact current and former TTC employees shortly thereafter.
>
> Best Regards,
>

# Exhibit H

**Tish Wright**

| | |
|---|---|
| **From:** | Melissa Martin McBeath <mel.mcbeath@cox.net> |
| **Sent:** | Wednesday, February 15, 2017 1:48 PM |
| **To:** | Travis L. Tufts |
| **Cc:** | Robert Garcia |
| **Subject:** | RE: McBeath v. Tucson Tamale |

Travis,

In my reading of relevant **FEDERAL LAW**, I see nothing that prevents me from meeting with the TTC employees I wish to contact. I invited you to provide any authority to the contrary, but to date you have provided NONE. Judge Aragon's order does not apply to the federal proceeding. As the Magistrate Judge made abundantly clear in his R & R to the District Judge, the state and federal action are independent and one does not have a bearing on the other. I will do nothing illegal or even inappropriate when I contact TTC current and former employees.

The same cannot be said of your clients. I've been told that they may have specifically instructed at least one employee not to speak with me. I will confirm that and will seek the court's intervention to protect these individuals from any further intimidation and reprisals.

I consider these individuals friends and wish to speak with them freely. The presence of counsel (including my own attorneys) will disrupt the flow of our conversation. Certainly if you attend, I may not even be able to talk at all.

I can think of no alternate proposal. I will meet with these employees alone, or maybe even as a group, but without counsel present. You're welcome to speak with them after we meet, and ask them yourself what we discussed.

If you don't file your motion for a protective order by close of business tomorrow, I will begin to contact the employees over the weekend.

Best Regards,

Melissa

On Tue, Feb 14, 2017 at 3:29 PM, Travis L. Tufts wrote:

> Ms. McBeath,
>
> I understand the position outlined in your correspondence.  As you know, we outlined our objections to your contacting TTC general managers and employees ex parte when you raised this same issue with Judge Aragon; see attached.  In addition to those bases, among other things, your present efforts to contact TTC employees seems like an end around Judge Aragon's denial of your state court motion, not to mention additional concerns raised by the fact you are now represented by counsel in one of the lawsuits.
>
> I am not asking to meet and confer so that you can explain your position further.  Rather, the obligation to meet and confer also requires a good faith effort to resolve a dispute before filing a motion.  To that end, do you have any proposals to resolve this issue before the need to file a motion?  Understanding you are concerned with incurring costs taking depositions, we resubmit our offer to allow you to interview the

1

# Exhibit I

**From:** Sherry Martin [mailto:sherry@tucsontamalecompany.com]
**Sent:** Tuesday, June 28, 2016 8:03 AM
**To:** Travis L. Tufts <ttufts@fmazlaw.com>; Robert Garcia <rgarcia@fmazlaw.com>; Todd Martin <todd@tucsontamalecompany.com>
**Subject:** Fwd: discovery/calendar

# Hi
# Mr. Gavron (Mel's friend) accidentally sent this to her tamale email address

# Sherry
---------- Forwarded message ----------
From: **Ehud Gavron** <gavron@wetwork.net>
Date: Mon, Jun 27, 2016 at 9:09 PM
Subject: discovery/calendar
To: "Francisco X. Márquez" <fxm@marquezlegal.com>, Mel McBeath <mel@tucsontamalecompany.com>

6/13 we received the RFAs but not the UIs. Calendar spreadsheet shows UIs.

I don't want to "edit this out from under you" so please advise if in the future if we see something like this to correct it or TELL YOU so you can correct it.

Also they are late. All inters.due 6/24 and there's no way they snail-mailed them [because to effect Rule 4

1

service they'd have to Certified/Registered return-receipt...
and that obviates the agreement to electronic service]

E


--

Sherry Martin
<u>Tucson Tamale Company</u>
520.398.6282 work
520.247.2324 cell

# Exhibit J

FILED
TONI L. HELLON
CLERK, SUPERIOR COURT

7/8/2016 5:02:03 PM

BY: ALAN WALKER
DEPUTY

MELISSA MARTIN McBEATH
3463 E. TERRA ALTA BLVD.
TUCSON, AZ 85716
Ph:  (520) 449-9753
*mel.mcbeath@cox.net*

Pro Se

## SUPERIOR COURT OF ARIZONA
## COUNTY OF PIMA

| | |
|---|---|
| MELISSA MARTIN McBEATH, an individual, | Case No. C20161794 |
| Plaintiff, | |
| v. | **MELISSA MARTIN McBEATH'S MOTION FOR LEAVE OF COURT TO TAKE NON-PARTY DEPOSITIONS** |
| TUCSON TAMALE COMPANY; an Arizona corporation, *et al.*, | [Ariz. R. Civ. P. 30(a)] |
| Defendants. | |
| TUCSON TAMALE COMPANY; an Arizona corporation, | Assigned to Hon. Gus Aragon Division 30 |
| Counterclaimant, | |
| v. | |
| MELISSA MARTIN McBEATH, an individual, *et al.*, | |
| Counterdefendants. | |

10170.1

**LEGAL DISCUSSION**

Plaintiff Melissa Martin McBeath moves under Ariz. R. Civ. P. 30(a) for leave of court to take the depositions of the following six non-party witnesses: Lindsay Welch, Alejandra Valenzuela, Shawn Kaylor, Delaney Hare, Meaghan Anderson, and Joshua Cooper. The first five witnesses are employees of Tucson Tamale Company (*"TTC"*). They have intimate knowledge of TTC's business operations, policies and procedures, and, of course, can speak to the illegal and unethical conduct alleged in the complaint. Four of these employees reported directly to McBeath because she was on the Executive Team.

The witnesses will also testify regarding the content of the conversations McBeath had in confidence with them regarding Defendant Sherry Martin's unlawful and truculent management practices. Mr. Cooper is the IT consultant who set up the company's computer network and oversees its technology infrastructure. Mr. Cooper will testify regarding the security measures (not) taken to protect the company's ostensible "trade secrets."

TTC responded as follows to McBeath's request to allow her to depose these individuals:

> We do not stipulate to these depositions at this time. As you are aware, there are multiple motions pending before the Judge, including my clients' Motion to Dismiss, your Motion to Dismiss, and your Motion for Summary Judgment. Each of these motions are dispositive motions with the potential for eliminating causes of action. Because these motions are pending, it is premature at this stage to take depositions which, depending on the Court's rulings, may be wholly unnecessary and entirely irrelevant to the viable claims in this suit. We will reassess our position after the Court rules on these motions.[1]

Defendants' position has no basis in law. Dispositive motions do not now, and never have affected whether discovery should proceed. Discovery does not

---

[1]   Melissa Martin McBeath Declaration In Support of Motion for Leave of Court to Take Non-Party Depositions, dated July 8, 2016.

1   get suspended just because a Rule 12(b)(6) or Rule 56 motion is pending, at least

2   not without a court order staying the proceedings. Professor Wright instructs,

3   "Defendants are obliged to participate [in discovery-related matters and

4   planning] even if they have made a motion under Rule 12." *See* Charles Alan

5   Wright, *et al.*, Federal Practice and Procedure, § 2051.1 at 624 (2d ed. 1994).

6        Arizona's rules are patterned after the federal rules, and under those rules

7   discovery proceeds notwithstanding a pending motion to dismiss *See Moran v.*

8   *Flaherty*, 1992 U.S. Dist. LEXIS 14568, No. 92 Civ. 3200, 1992 WL 276913, at *1

9   (S.D.N.Y. Sept. 25, 1992) ("[D]iscovery should not be routinely stayed simply on

10  the basis that a motion to dismiss has been filed."). Defendants' argument fares

11  even worse when analyzed in light of policy and precedent. They are correct that

12  motions have been filed (and are pending), but contrary to defense counsel's

13  mistaken assertion, neither the rules, policy, custom, nor practice result in a stay

14  of proceedings while motions are pending.

15       If a motion to dismiss (or any other dispositive motion) operated to stay

16  proceedings, any party could affect interminable delay through the simple

17  expedient of filing a motion to dismiss every few weeks or months. The rules just

18  do not work that way. *See, e.g., Levy v. United Healthcare Corp.*, 1996 WL 1031813

19  (D. Minn. 1996) (denying motion to suspend Rule 26(f) conference during

20  pendency of motion to dismiss).

21       If Defendants believe a stay of proceedings is warranted, they should file a

22  motion to that effect. Unless and until they do, however, Defendants cannot rely

23  on the pending motions to derail the orderly administration of case proceedings

24  prescribed by the rules of civil procedure.

25  Dated: July 8, 2016              Respectfully submitted,

26

27

28                                   Melissa Martin McBeath

1

2

3  ORIGINAL filed via TurboCourt on July 8, 2016 with:
   Clerk of the Court
4  Pima County Superior Court

5

6  COPY hand-delivered on July 8, 2016 to:

7  Roberto C. Garcia
   Travis L. Tufts
8  FARHANG & MEDCOFF
9  4801 E. Broadway Blvd., Suite 311
   Tucson, AZ 85711
10

11 Attorneys for:
   Tucson Tamale Company, Todd Russell Martin, Sherry Martin and Lisa Martin
12

13 Melissa Martin McBeath

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28