MELISSA MARTIN McBEATH
3463 E. TERRA ALTA BLVD.
TUCSON, AZ 85716
Ph: (520) 449-9753
*mel.mcbeath@cox.net*

Pro Se

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA, TUCSON DIVISION

| | |
|---|---|
| MELISSA MARTIN McBEATH, an individual, <br><br> Plaintiff, <br> v. <br><br> TUCSON TAMALE COMPANY, an Arizona corporation, <br><br> Defendant. | Case No. CV 16-462-TUC-DCB (BPV) <br><br> **REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER** <br> _____ <br> [Fed. R. Civ. P. 26(c)] <br><br> Assigned to: Hon. David C. Bury <br><br> Complaint Filed: July 11, 2016 |

10363.1

# LEGAL DISCUSSION

This Reply responds to the Opposition brief filed by Tucson Tamale Company (*"**TTC**"*) to Plaintiff Melissa Martin McBeath's Motion that asks this Court for a protective order that (a) shields TTC's employees from harassment, intimidation and retaliatory adverse actions for speaking with McBeath; and (b) declares that she, as a *pro se* litigant, may communicate directly with them.

TTC cites inapplicable legal authority, makes strident assertions of fact not supported by any admissible evidence, and tries to pass off arguments as facts.

McBeath will not dignify TTC's ad hominem attacks and baseless invective with a response to avoid wasting time on irrelevant issues.[1] TTC's arguments are addressed below in the order they appear in its Opposition.

A.   <u>Plaintiff does not seek injunctive relief</u>.

TTC makes the strawman argument that McBeath is not entitled to a preliminary injunction. Nowhere does she request such relief. McBeath simply asks this Court to instruct TTC to stop abusing the discovery process by making clear to TTC and its current and former employees that McBeath may communicate directly with these individuals without attorneys present.

TTC offered no admissible evidence to contest McBeath's declaration testimony that TTC threatened at least one of its employees not to talk to her. The statement that McBeath heard regarding this threat is independently admissible as non-hearsay evidence of TTC's state of mind.[2]

---

[1]   TTC opposes McBeath's Motion with a pompous air reminiscent of Lord Farquaad (in the Shrek animation) as he rides in on a prop horse in the hammiest, most triumphant way possible. Neither is believable because it's hard to take their feigned outrage seriously.

[2]   *U.S. v. Arteaga,* 117 F.3d 388, 397 (9th Cir. 1997) (listing examples of a number of "non-truth-related purposes for which out of court statements could be considered," including "effect on hearer" and "circumstantial evidence of state of mind").

B. The Pima County Superior Court's rulings on issues of Arizona state law have no preclusive effect in this federal proceeding.

TTC confuses and conflates the *relief* that McBeath requests in her Motion with *issues* the state court has decided to date, and cites inapplicable cases involving the preclusive effect that federal decisions have on subsequent federal proceedings. This Court must apply ***Arizona's collateral estoppel rules*** to determine the preclusive effect of the rulings issued in McBeath's pending state court action by the Pima County Superior Court.[3] The Arizona Supreme Court instructs that issue preclusion applies when:

(1) the issue or fact to be litigated was actually litigated in a prior suit;

(2) a final judgment was entered;

(3) the party against whom the doctrine is to be invoked had a full opportunity to litigate the matter, and actually did litigate it; and

(5) such issue or fact was essential to the prior judgment.[4]

The rulings of the Pima County Superior Court have no preclusive effect in this federal proceeding because a final judgment has not been entered in that still-pending state court action. More importantly, none of the state court rulings interpret or apply the rules of federal civil procedure and federal case law at issue here.

TTC also failed to provide a transcript of the state court proceedings without which this Court cannot conduct an adequate review.[5]

---

[3] *First Nat'l Bank v. Russell (In re Russell)*, 76 F.3d 242, 244 (9th Cir. 1996) (applying California's collateral estoppel rules because the previous rulings occurred in a California state court).

[4] *Chaney Building Co. v. City of Tucson,* 148 Ariz. 571, 573 (Ariz. 1986).

[5] *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 & n.6 (9th Cir. 2006) (taking judicial notice of written briefs and ***hearing transcript*** from related proceeding "[t]o determine what issues were actually litigated" in context of issue preclusion analysis).

C. <u>The doctrine of federal abstention also does not apply.</u>

First, TTC contends the Court should abstain from deciding McBeath's Motion because she filed it solely "to harass TTC with vexatious litigation in two venues." Opposition (8: 10-11). The Court heard and rejected a similar argument as this when it denied TTC's Motion for Judgment on the Pleadings. (Dkt. 29, 31.)

Second, TTC contends that "[b]y pursuing virtually identical claims in two venues McBeath believes she will be able to appeal unfavorable decisions from the Superior Court to this Court. . . ." Opposition (8: 11 - 13).

Again, McBeath's claims pending before the Pima County Superior Court are based on Arizona law; the Title VII discrimination claims before this Court are based on federal law. Nowhere does McBeath ask the Court to review any of the state court's rulings regarding matters of state law. All authority that TTC cites in connection with this particular strawman argument are inapposite to the relief requested and therefore are equally unavailing.[6]

D. <u>McBeath may communicate directly with TTC's employees.</u>

TTC argues that it is "inappropriate" for McBeath to have *ex parte* communications with its current and former employees. None of these individuals are represented by counsel. Even if they were, McBeath could still speak with them about anything except the nature and content of their conversations with counsel, in which she has no interest.

Arizona Rule of Professional Conduct 4.2 provides: "In representing a client, <u>*a lawyer*</u> shall not communicate about the subject of the representation with a party <u>*the lawyer*</u> knows to be represented by another lawyer in the

---

[6] *See Generally Noel v. Hall,* 341 F.3d 1148, 1159 (9th Cir. 2003) ("It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court.").

matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." None of the legal authority TTC cites regarding the no-contact rule with represented parties applies to McBeath, and therefore nothing more need be said of this contrived, non-issue controversy.

     E.     <u>TTC misreads the statutory requirement to meet and confer as "agree and defer" to TTC's demands.</u>

Any time that McBeath declines to do exactly as TTC requests she gets accused of refusing to meet and confer in good faith. McBeath corresponded with TTC's attorney regarding the federal authority that supports her position. TTC disagreed without citing to any applicable federal authority. Any further discussion regarding this issue would have been futile given the intransigent position TTC took several months ago when the issue first came up.

     F.     <u>McBeath's attorneys may also speak to unrepresented TTC employees.</u>

Without citation to legal authority, TTC urges the Court not to address whether McBeath's attorney(s) may contact TTC's current and former employees not represented by counsel because the issue is not "ripe." (Opposition 12: 3-6).

For the sake of judicial economy, it is best that this issue be addressed now rather than burden the Court with another motion after McBeath retains counsel to represent her in this case.

Dated:  March 6, 2017          *Melissa Martin McBeath*
                                              Melissa Martin McBeath

## CERTIFICATE OF SERVICE

I hereby certify that the above document was filed electronically with the Clerk of the United States District Court for the District of Arizona, and was served via hyperlink generated by the court's CM/ECF system, which was sent electronically to:

> Roberto C. Garcia
> *rgarcia@fmazlaw.com*
> Travis L. Tufts
> *ttufts@fmazlaw.com*
> Farhang & Medcoff PLLC
> 4801 E Broadway Blvd., Ste. 311
> Tucson, AZ 85711
> (520) 790-5433

I declare under penalty of perjury, under the laws of the State of Arizona and the United States of America that the foregoing is true and correct.

Dated:  March 6, 2017     *Melissa Martin McBeath*
                          Melissa Martin McBeath