FARHANG & MEDCOFF
4801 E. Broadway Blvd., Ste. 311
Tucson, AZ 85711
TELEPHONE 520.790.5433

Ali J. Farhang (#019456)
afarhang@fmazlaw.com

Roberto C. Garcia (#026246)
rgarcia@fmazlaw.com

Travis L. Tufts (#029373)
ttufts@fmazlaw.com

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melissa Martin McBeath,<br><br>    Plaintiff,<br><br>v.<br><br>Tucson Tamale Company,<br><br>    Defendant. | No. 4:16-cv-00462-DCB-BPV<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Assigned to Judge Bernando P. Velasco |

Defendant Tucson Tamale Company ("TTC"), for its Answer to Plaintiff Melissa Martin McBeath's ("Plaintiff") First Amended Complaint ("Amended Complaint"), admits, denies and alleges as follows:

**PARTIES**

1. Paragraph 1 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, TTC denies the allegations in Paragraph 1 and denies any wrongdoing.

2. TTC admits the allegations in Paragraph 2 of the Amended Complaint.

3. TTC admits the allegations in Paragraph 3 of the Amended Complaint.

**JURISDICTION AND VENUE**

4. TTC admits this Court has jurisdiction, but denies any wrongdoing.

00313467.1

5. TTC is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Amended Complaint and therefore denies same.

6. TTC admits venue is proper in this Court, but denies any wrongdoing.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. TTC is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Amended Complaint and therefore denies same.

8. TTC is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Amended Complaint and therefore denies same.

9. TTC is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Amended Complaint and therefore denies same.

## FACTUAL BACKGROUND

10. TTC admits the allegations in Paragraph 10 of the Amended Complaint.

11. TTC admits the allegations in Paragraph 11 of the Amended Complaint.

12. TTC admits Plaintiff began the interview process with Todd and Sherry Martin in February 2015. TTC denies the remaining allegations in Paragraph 12 of the Amended Complaint.

13. TTC denies the allegations in Paragraph 13 of the Amended Complaint.

14. TTC denies the allegations in Paragraph 14 of the Amended Complaint.

15. TTC denies the allegations in Paragraph 15 of the Amended Complaint.

16. TTC denies the allegations in Paragraph 16 of the Amended Complaint.

17. TTC denies the allegations in Paragraph 17 of the Amended Complaint.

18. TTC denies the allegations in Paragraph 18 of the Amended Complaint.

19. TTC denies the allegations in Paragraph 19 of the Amended Complaint.

20. TTC denies the allegations in Paragraph 20 of the Amended Complaint.

1   21.   TTC denies the allegations in Paragraph 21 of the Amended Complaint.

2   22.   TTC admits the allegations in Paragraph 22 of the Amended Complaint.

3   23.   TTC admits only that Plaintiff was made part of TTC's executive management team and in that capacity reported to Todd Martin and Sherry Martin.  TTC denies the remaining allegations in Paragraph 23 of the Amended Complaint.

   24.   TTC admits only that Plaintiff would be eligible to participate in the incentive plan after completing a 90-day probationary period.  TTC denies the remaining allegations in Paragraph 24 of the Amended Complaint.

   25.   TTC denies the allegations in Paragraph 25 of the Amended Complaint.

   26.   TTC denies the allegations in Paragraph 26 of the Amended Complaint.

   27.   TTC admits only that it raised Plaintiff's salary in September 2015 but deny she had a contractual right or any other guarantee to receive a raise.  TTC denies the remaining allegations in Paragraph 27 of the Amended Complaint.

   28.   TTC denies the allegations in Paragraph 28 of the Amended Complaint.

   29.   TTC denies the allegations in Paragraph 29 of the Amended Complaint.

   30.   TTC admits the allegations in Paragraph 30 of the Amended Complaint.

   31.   TTC denies the allegations in Paragraph 31 of the Amended Complaint.

   32.   TTC denies the allegations in Paragraph 32 of the Amended Complaint.

   33.   TTC admits a meeting occurred at TTC corporate office on February 19, 2016.  TTC denies the remaining allegations in Paragraph 33 of the Amended Complaint.

   34.   TTC denies the allegations in Paragraph 34 of the Amended Complaint.

   35.   TTC denies the allegations in Paragraph 35 of the Amended Complaint.

   36.   TTC admits only that it lawfully terminated Plaintiff's employment on or about February 22, 2016.  TTC denies the remaining allegations in Paragraph 36 of the Amended Complaint.

   37.   TTC denies the allegations in Paragraph 37 of the Amended Complaint.

   38.   TTC denies the allegations in Paragraph 38 of the Amended Complaint.

   39.   TTC denies the allegations in Paragraph 39 of the Amended Complaint.

00313467.1

# FIRST CAUSE OF ACTION
## Violation of the Age Discrimination in Employment Act
### (29 U.S.C. § 621 et. seq.)

40. TTC incorporates by reference all the above responses as though fully set forth herein.

41. TTC is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Amended Complaint and therefore deny same.

42. TTC admits it hired Lindsay Welch as its Business Development Manager in September 2015. TTC denies the remaining allegations in Paragraph 42 of the Amended Complaint.

43. TTC denies the allegations in Paragraph 43 of the Amended Complaint and its subparts.

44. TTC denies the allegations in Paragraph 44 of the Amended Complaint.

45. The allegations contained in Paragraph 45 of the Amended Complaint are not directed to TTC and no response is required. To the extent a response is required, TTC denies the allegations in Paragraph 45 of the Amended Complaint.

46. The allegations contained in Paragraph 46 of the Amended Complaint are not directed to TTC and no response is required. To the extent a response is required, TTC denies the allegations in Paragraph 46 of the Amended Complaint.

47. TTC denies the allegations in Paragraph 47 of the Amended Complaint.

48. TTC denies the allegations in Paragraph 48 of the Amended Complaint.

49. TTC denies the allegations in Paragraph 49 of the Amended Complaint.

# SECOND CAUSE OF ACTION
## National Origin, Race and Ancestry Discrimination
### (42 U.S.C. § 2000e-2(a))

50. TTC incorporates by reference all of the above responses as though fully set forth herein.

51. TTC is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Amended Complaint and therefore deny same.

52. TTC denies the allegations in Paragraph 52 of the Amended Complaint.

53. TTC denies the allegations in Paragraph 53 of the Amended Complaint.

54. TTC denies the allegations in Paragraph 54 of the Amended Complaint.

55. TTC denies the allegations in Paragraph 55 of the Amended Complaint.

56. TTC denies the allegations in Paragraph 56 of the Amended Complaint.

## **DEMAND FOR JURY TRIAL**

TTC hereby demands a trial by jury for all disputed matters set forth herein.

## **GENERAL DENIAL**

TTC denies each and every allegation of the Amended Complaint not explicitly and specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

As affirmative defenses to the allegations in the Amended Complaint, and upon information and belief, TTC states as follows:

1. The Amended Complaint fails to state a claim upon which relief can be granted, and by filing this Answer, TTC does not waive and hereby reserves the right to file an appropriate motion under Federal Rules of Civil Procedure Rule 12.

2. The claims and allegations in the Amended Complaint are frivolous, groundless, not made in good faith, not well-grounded in fact, and not based on a reasonable investigation of the facts, justifying an award of TTC's attorneys' fees and costs under Federal Rules of Civil Procedure Rule 11, 28 U.S.C. § 1927, Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 98 S.Ct. 694 (1978), and/or any other similar federal statute or the Court's inherent powers.

3. Plaintiff fails to state a claim upon which relief can be granted or, alternatively, her claims are barred in whole or in part because of the rule against splitting a cause of action, requiring "that all claims between the same parties arising out of or

00313467.1

- 5 -

relating to the same transactional circumstances or core set of facts, or arising from a single wrong, or involving the same subject matter be joined in a single action." See Meritage Homes Corporation v. Hancock, 522 F.Supp.2d 1203, 1214 (2007); see also 1A C.J.S. Actions § 229; Haphey v. Linn County, 924 F.2d 1512, 1517 (9th Cir. 1991). Plaintiff previously filed and is currently litigating Pima County Superior Court case number C20161794 involving claims between the same parties arising out of or relating to the same transactional circumstances or core set of facts, the same alleged wrongs, and the same subject matter.

4. Plaintiff fails to state a claim upon which relief can be granted or, alternatively, the Court should abstain from exercising jurisdiction over Plaintiff's claims or stay its proceedings in favor of the Pima County Superior Court. See Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976); see also Deakins v. Monaghan, 484 U.S. 193, 202-03 (1988).

5. TTC denies Plaintiff suffered the damages alleged in the Amended Complaint, or any damages at all.

6. Plaintiff's damages, if any, may have been the result of her own conduct and/or the acts of those other than TTC or their employees.

7. Plaintiff was capable of, and failed to, mitigate her damages.

8. Plaintiff's claims are barred in whole or in part, pursuant to, without limitation, the doctrine of after-acquired evidence of wrongdoing. See McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352 (1995).

9. Plaintiff's claims are barred in whole or in part because Plaintiff failed to timely file her charge of discrimination and/or failed to exhaust her administrative remedies before filing her lawsuit. See 29 U.S.C. § 626 (d)(1).

10. Plaintiff's claims for punitive or exemplary damages are barred under applicable law. See Almeyer v. Nevada Sytem of Higher Educ., 555 F.3d 1051 (9th Cir. 2009); see also Cancellier v. Federated Dept. Stores, 672 F.2d 1312 (9th Cir. 1982).

11. No act or omission by TTC was reckless or with willful and conscious

00313467.1

disregard for the safety or rights of Plaintiff, despicable, oppressive, fraudulent, malicious, willful, outrageous, unconscionable or contemptible, or done with evil-minded intent, and Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.  TTC asserts any statutory or judicial protection from punitive or exemplary damages that is available under the applicable law, and any award of punitive or exemplarity damage is barred.

12. Some or all of the claims contained in the Amended Complaint are barred, in whole or in part, by the doctrines of unclean hands, waiver, laches, accord and satisfaction, assumption of risk, duress, fraud, illegality, statute of limitations, res judicata, and/or estoppel.

13. Some or all of Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot in good faith assert a *prima facie* case for discrimination, hostile work environment, disparate treatment, and/or pattern and practice of discrimination under the Age Discrimination Employment Act, 29 U.S.C. §§ 621-634 or Title VII of the Civil Rights ACT, 42 U.S.C. § 2000e, *et. seq*.

14. Any action taken with respect to Plaintiff's employment or the conditions of Plaintiff's employment were based on bona fide business reasons.

15. Some or all of Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any allegedly discriminatory or otherwise improper behavior and Plaintiff failed to take advantage of preventative measures provided by Defendant.  See Faragher v. City of Boca Raton, 524 U.S. 775, 807-808 (1998); see also Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 764-765 (1998).

16. Some or all of Plaintiff's claims are barred, in whole or in part, because of Defendant's good faith reliance on written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices of the Equal Employment Opportunity Commission.  See 42 U.S.C. § 2000e-12(b).

00313467.1

17. Some or all of Plaintiff's claims are barred, in whole or in part, because age was a bona fide occupational qualification reasonably necessary for the normal operation of Defendant's business. See 29 U.S.C. § 623(f)(1).

18. Some or all of Plaintiff's claims are barred, in whole or in part, because Defendant's actions were based on reasonable factors other than age. See 29 U.S.C. § 623(f)(1).

19. Some or all of Plaintiff's claims are barred, in whole or in part, because Defendant discharged Plaintiff for good cause, in the exercise of good faith business judgment, and for reasons not based on Plaintiff's age or any other protected class. See generally 29 U.S.C. § 623(f)(3); 42 U.S.C. § 2000e, *et. seq*.

20. Some or all of Plaintiff's claims are barred, in whole or in part, because Defendant's actions were legitimate, nondiscriminatory, and not a pretext for discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

21. Some or all of Plaintiff's claims are barred, in whole or in part, because the same person who hired the plaintiff took the alleged adverse employment action(s) against the Plaintiff. See Schechner v. KPIX – TV, 686 F.3d 1018 (9th Cir. 2012).

22. Some or all of Plaintiff's claims are barred, in whole or in part, because the Defendant had a mixed motive for taking the alleged actions and it would have made the same decision without regard to the allegedly discriminatory animus. See Price Waterhouse v. Hopkins, 490 U.S. 228 (1989).

23. To the extent that the Amended Complaint seeks equitable relief, Plaintiff is barred by her own inequitable and bad faith actions. See Ellenburg v. Brockway, Inc., 763 F.2d 1091, 1097 (9th Cir. 1985) ("he who comes into equity must come with clean hands.").

24. To preserve defenses pending discovery, TTC alleges those defenses set forth in Federal Rules of Civil Procedure 8(c) and 12(b), and any other affirmative defenses that may be revealed during discovery. TTC reserves the right to amend this Answer at a later time to assert any matters constituting an avoidance or affirmative defense, as discovery shows to be applicable.

00313467.1

**WHEREFORE**, TTC, having fully responded to the Amended Complaint, requests that the Amended Complaint be dismissed with prejudice, that Plaintiff takes nothing thereby, that the Court award TTC its costs, attorneys' fees, and such further relief as the Court deems appropriate.

DATED this 9th day of March 2017.

FARHANG & MEDCOFF

By /s/Travis L. Tufts
  Ali J. Farhang
  Roberto C. Garcia
  Travis L. Tufts

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the Clerk of the United States District Court for the District of Arizona, with notice of case activity generated and sent electronically this 9th day of March 2017 to:

Melissa Martin McBeath
3463 E. Terra Alta Blvd.
Tucson, AZ 85716
Mel.mcbeath@cox.net

/s/Letitia L. Wright