MELISSA MARTIN McBEATH
3463 E. TERRA ALTA BLVD.
TUCSON, AZ 85716
Ph: (520) 449-9753
*mel.mcbeath@cox.net*

Pro Se

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA, TUCSON DIVISION

| | |
|---|---|
| MELISSA MARTIN McBEATH, an individual, <br><br> Plaintiff, <br> v. <br><br> TUCSON TAMALE COMPANY, an Arizona corporation, <br><br> Defendant. | Case No. CV 16-462-TUC-DCB (BPV) <br><br> **NOTICE OF PROOF OF SERVICE OF SUBPOENA SERVED ON SHAWN KAYLOR** <br> _____ <br> Assigned to Hon. David C. Bury <br><br> Complaint filed: July 11, 2016 |

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| MELISSA MARTIN McBEATH <br> *Plaintiff* <br> v. <br> TUCSON TAMALE COMPANY <br> *Defendant* | ) <br> ) <br> ) Civil Action No.  CV 16-462-TUS-DCB (BPV) <br> ) <br> ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  SHAWN KAYLOR

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: United Court Reporters, Inc. <br> 177 N. Church Ave, <br> Tucson, AZ 85701 | Courtroom No.: <br> Date and Time: 04/10/2017 10:00 am |
|---|---|

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

SEE ATTACHED EXHIBIT A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/20/17

BRIAN D. KARTH
*CLERK OF COURT*

_____     OR     _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

_____

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A**
SUBPOENA DUCES TECUM
*Melissa Martin McBeath v. Tucson Tamale Company*
U.S. District Court of Arizona – CV 16-462-TUS-DCB (PBV)

## DOCUMENTS REQUESTED

1. The word "COMMUNICATION" includes every manner or means of disclosure, transfer, or exchange of information, whether orally, by DOCUMENT, or in any other manner or whether face to face or by telephone, mail, personal delivery, or otherwise.

2. The word "DOCUMENT" means documents, papers, books, accounts, letters, photographs, ***e-mails in their native form***, log, social media entries, diaries, journals, internet blogs, objects, and all other tangible things. It specifically includes all originals, copies, duplicates, drafts, or other recordings of any written, graphic, or otherwise recorded matter, however produced or reproduced, whether inscribed by hand or by mechanical, electronic, microfilm, photographic, phonic, or any other means.

Produce e-mails in electronic format on a USB drive in which they are stored in the course of business including all metadata contained within the email. Export Gmail emails into an archive .MBOX file. *See* **https://support.google.com/vault/answer/6161352?hl=en&ref_topic=2739742**

THE TERM "DOCUMENT" INCLUDES ALL COPIES OF A DOCUMENT THAT CONTAIN ANY ADDITIONAL WRITING, UNDERLINING, NOTES, DELETIONS, OR ANY OTHER MARKINGS OR NOTATIONS, OR ARE OTHERWISE NOT IDENTICAL COPIES OF THE ORIGINAL.

3.       The word "RELATE" should be construed in the broadest possible sense, and include all information or documents regarding the subject matter of the discovery request, including all information or documents that embody reflect, reflect, concern, comprise, evidence, are relevant to, refer or have reference to, pertain to, support, oppose, describe, mention, study, analyze or discuss the subject matter of the discovery request

4.       "YOU" means SHAWN KAYLOR.

**DOCUMENT REQUEST NO. 1:**

All *e-mails in their native form* (include any attached DOCUMENTS) that RELATE to COMMUNICATIONS between YOU and any of the following individuals: Sherry Martin, Lisa Martin, Todd Russell Martin, and/or Lindsay Welsh.

Limit the *e-mails* solely to those that RELATE to Melissa Martin McBeath since January 2015 through the date that YOU respond to this subpoena.

**DOCUMENT REQUEST NO. 2:**

All *e-mails in their native form* (include any attached DOCUMENTS) that RELATE to COMMUNICATIONS between any third party that does not work with Tucson Tamale Company that RELATE to Plaintiff Melissa Martin McBeath since January 2015 through the date that YOU respond to this subpoena.

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. CV 16-462-TUS-DCB (BPV)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* SHAWN KALOR
on *(date)* 03/20/2017 .

☑ I served the subpoena by delivering a copy to the named person as follows: Hand-Delivered to:
SHAWN KAYLOR
2545 E Broadway Blvd, Tucson, AZ 85716    on *(date)* 03/20/2017 ; or

☐ I returned the subpoena unexecuted because:                                                          .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                        .

My fees are $            for travel and $            for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: 03/20/2017

*Server's signature*

ERNESTO CHAVEZ
*Printed name and title*

3173 E. Terra Alta Blvd.
Tucson, AZ 85716
*Server's address*

Additional information regarding attempted service, etc.: