# INDEX OF EXHIBITS TO OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER TO SHIELD EXPERTS CONSULTED INFORMALLY

*McBeath v. Tucson Tamale Company*

1. M. McBeath E-mail, March 23, 2017

2. M. McBeath E-mail, May 19, 2015

3. M. McBeath E-mail, August 26, 2015

4. Tucson Tamale Company's First Supplemental Disclosure Statement

5. M. McBeath Confidentiality Agreement

6. M. McBeath E-mail, October 21, 2015

7. M. McBeath E-mail, December 4, 2015

8. M. McBeath E-mail, August 12, 2015

9. Gavron's Resp. to Ariz. Bar Assoc., November 4, 2016

10. Gavron E-mail, June 27, 2016

11. Gavron Subpoena E-mail, September 30, 2016

12. Defendants' Superior Court Motion for Alternative Service with Exhibits 1-3, July 13, 2016

13. Minute Entry Order, August 15, 2016

14. Gavron's Subp. Response, July 11, 2015

00317003.1

15.   Certificate of Service on Plaintiff's Motion to Strike

16.   X. Molina Discovery E-mail, June 14, 2016

17.   California State Bar Attorney Search

18.   M. McBeath E-mail, July 22, 2015

19.   M. McBeath E-mail, November 17, 2015

20.   M. McBeath Calendar Invite, November 19, 2015

00317003.1

# EXHIBIT 1

00047571.1

# Melissa Martin McBeath

3463 E. Terra Alta Blvd. • Tucson, AZ 85716 • 520.449.9753 • *mel.mcbeath@cox.net*

<u>SENT VIA E-MAIL ONLY</u>

March 23, 2017

Robert C. Garcia
Farhang & Medcoff
4801 E. Broadway, Suite 311
Tucson, AZ 85711

Re:   *McBeath v. Tucson Tamale Company, et al.*
      U.S. District Court of Arizona Case No. CV-16-462-TUS-DCB (BPV)

Dear Robert,

I write to meet and confer with you further regarding the documents that Koty-Leavitt Insurance Agency, Inc. is going to produce in response to my subpoena duces tecum.

I thought more about your request to review these documents before I receive them so that you may pull any that are privileged or that were "prepared in anticipation of litigation." After Travis brought this up again at my deposition yesterday, my fear is that this classification may be too broad. Your clients will probably argue that most, if not all, communications with Koty-Leavitt relate in some way to anticipated litigation.

Here is what I propose. I will ask Koty-Leavitt to send the documents to you tomorrow so that you may review them before I receive them. If you believe there are documents that should not be produced, then please proceed with a motion to quash the production of those specific documents. I prefer that the court determine whether the materials your clients want removed were prepared in the ordinary course of business or are work product prepared in anticipation of litigation. Your clients will have to show that each document they want withheld from Koty-Leavitt's production "was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation[.]" *United States v. Torf (In re Grand Jury Subpoena),* 357 F.3d 900, 908 (9th Cir. 2003); *Fine v. Bellefonte Underwriters Ins.,* 91 F.R.D. 420, 422 (S.D.N.Y. 1981)(holding that the facts of each case must be carefully reviewed because "at a certain point an insurance company's activity shifts from the ordinary course of business to anticipation of litigation").

Of course, I will instruct Koty-Leavitt to omit from their document production all communications with counsel and any documents that contain attorney work product. I am confident that Koty-Leavitt's attorney can competently conduct this straight-forward privilege review.

Best Regards,

*Melissa Martin McBeath*
Melissa Martin McBeath

10379.1

# EXHIBIT 2

00047571.1

5/3/2016                                    Tucson Tamale Company Mail - a Jira for you LOL



# Tucson Tamale
### C O M P A N Y

**Mel McBeath <mel@tucsontamalecompany.com>**

---

## a Jira for you LOL
1 message

---

**Mel McBeath <mel@tucsontamalecompany.com>**                    Tue, May 19, 2015 at 4:36 PM
To: Ehud Gavron <gavron@wetwork.net>

Hola-
I can't thank you enough for that different frame of mind and allowing me to vent - on several fronts. Hope we get time to talk later or soon.
Aside from that, here is a window into an active Jira for me with Josh. I am having some problems with the phones at TV (tanque verde) and this is a system that was entirely Josh's from start to finish. There's enough in there that he lost me...  :-)


Hope your day has been lovely!

xo,

M


Melissa Martin McBeath
Area Manager
**Tucson Tamale Company**
**520.449.9753**

---

📄 scan0382.pdf
   209K

TTC 000047

# EXHIBIT 3

00047571.1

| | |
|---|---|
| **From:** | Mel McBeath <mel@tucsontamalecompany.com> |
| **Sent:** | Thursday, February 25, 2016 8:56 AM |
| **To:** | Lisa Martin |
| **Subject:** | Fwd: Re: FB message |
| | |
| **Categories:** | McBeath |

Melissa Martin McBeath | *Area Manager*
2545 E Broadway | Tucson, AZ 85716
Tel: (520) 449-9753



---------- Forwarded message ----------
From: **Mel McBeath** <mel@tucsontamalecompany.com>
Date: Wed, Aug 26, 2015 at 6:08 AM
Subject: Fwd: Re: FB message
To: Ehud Gavron <gavron@wetwork.net>


Start at the bottom...

Grrrrrr. ..

M

Melissa Martin McBeath
Area Manager
Tucson Tamale Company
520.449.9753

---------- Forwarded message ----------
From: "Mel McBeath" <mel@tucsontamalecompany.com>
Date: Aug 26, 2015 5:58 AM
Subject: Re: FB message
To: "Meaghan Anderson" <meaghan@tucsontamalecompany.com>
Cc:


After much thought, I am going to reiterate what I said. This expectation is not negotiable.

We do NOT 86 product because it's half hour to close.

1

TTC 000389

Beans and rice can be wrapped for next day.
Also, you can reheat to order in a saute pan on the burners if you get in a pinch.
We have much to discuss when I see you tomorrow. Our level of hospitality here was really unacceptable.
I know you want to make our customers happy, so I'm wondering what was in your heart that night and ongoing that there's so much justification.
We say 'yes' to our customers 99.9% of the time and make every effort to 'wow' them, no matter what it takes.

That is what sets us apart.

We'll speak more about this...

M

Melissa Martin McBeath
Area Manager
Tucson Tamale Company
520.449.9753

On Aug 24, 2015 7:55 AM, "Meaghan Anderson" <meaghan@tucsontamalecompany.com> wrote:
We do because if we had reheated that close we would have closed with a ton of waste. We had no idea how to predict that it would be a burrito quesa empanada kind of night either after a super slow day. Also I think the empanada thing is not worth it all together in lots of ways our turbo chef has never had anyone actually set up the timers outside of Aileen and I playing with it trying to get it set up I bet it would help alot if someone who actually understands or works with that machine could come or teach us how to set it properly. You have to adjust heat wave temps all that and more. Maybe that could fix our dark empanadas. I would love to solve for all of these issues and it really wasn't that god awful of an incident but I understand his perception is his reality. It sucks he ended up unhappy we never want that we always aim for our guest to leave smiling no matter how they walked in it just didn't work with this one in particular.

*Meaghan Anderson | General Manager*
7286 N. Oracle Rd. | Tucson, AZ 85704
Tel: (520) 403-1888


On Mon, Aug 24, 2015 at 7:47 AM, Mel McBeath <mel@tucsontamalecompany.com> wrote:

We have a lot to solve for.
We cannot 86 because it's 30 mins to close.
And if that's how the empanadas are all coming out, we need to change the process.
We'll talk after I get some feedback from Todd and Sherry.

Thanks for filling me in on the incident.

M

Melissa Martin McBeath
Area Manager
Tucson Tamale Company
520.449.9753

2

TTC 000390

On Aug 24, 2015 7:11 AM, "Meaghan Anderson" <meaghan@tucsontamalecompany.com> wrote:
I am happy he shared this privately as well since it was taken completely out of context. He came in bout a half hour till close and caught us at that akward time of if you run out of something even if you put it in the steamer to cook it won't be done until you close so after having our late dinner rush which consisted mainly of burritos which we all know will destroy your pintos and rice we had run out and hit that time of no more heat ups. When they came in I informed them of this and even cracked a joke with him about it. I cooked the empanada myself and it came out just like all the others I have ever done and as a matter of fact there was a family in the corner at that exact time eating empanadas i had just cooked. I always thought they came out dark myself but the empanda ladies were the ones that taught me and said the egg wash will always give them a darker outside. If his hadn't of been like that they would still be frozen inside. Of course when he brought them back I didn't go all into the explanation but simply said I am sorry that is how they all come out to which he got ready to argue. Instead of indulging in any back and forth he may have wanted I simply said well let me refund the meal sir and thank you have a good night. Even when Sammy interacted with him he was aggressive. Maybe he was having a bad night and we didn't help but whatever the case may be we stayed positive and polite and refunded him for everything drinks tamales the whole meal with no questions or hesitations. I told the girls when he left there would be a negative response of some sort from him you could just feel the vibe nothing was gonna do it for him.

*Meaghan Anderson | General Manager*
7286 N. Oracle Rd. | Tucson, AZ 85704
Tel: (520) 403-1888



  

On Sun, Aug 23, 2015 at 10:09 PM, Mel McBeath <mel@tucsontamalecompany.com> wrote:

I am utterly speechless.

M

Melissa Martin McBeath
Area Manager
Tucson Tamale Company
520.449.9753

---------- Forwarded message ----------
From: "Laura Adams" <laura@storytellerpr.com>
Date: Aug 23, 2015 8:14 PM
Subject: FB message
To: "Todd Martin" <todd@tucsontamalecompany.com>, "Sherry Martin"
<sherry@tucsontamalecompany.com>, "Mel McBeath" <mel@tucsontamalecompany.com>
Cc:

Hi all-
Here's a private message I just received on Facebook. It was really nice of them to make this private, and not a public post. Please see the photo attached. I'm going to ask them which location this was. Other than apologizing and offering to compensate them for the meal, is there anything else I should say to them? -
Laura

TTC 000391

# EXHIBIT 4

00047571.1

1

## FARHANG & MEDCOFF

2
4801 E. Broadway Boulevard, Suite 311
Tucson, Arizona 85711
T: 520.790.5433

3
Ali J. Farhang (#019456)

4
afarhang@fmazlaw.com

5
Roberto C. Garcia (#026246)
rgarcia@fmazlaw.com

6
Travis L. Tufts (#029373)
ttufts@fmazlaw.com

7

8
Attorneys for Defendant

9
## IN THE UNITED STATES DISTRICT COURT

10
## FOR THE DISTRICT OF ARIZONA

11

12
Melissa Martin McBeath,

NO. 4:16-cv-00462-DCB-BPV

13
Plaintiff,

**TUCSON TAMALE COMPANY'S FIRST SUPPLEMENTAL DISCLOSURE STATEMENT**

14
v.

15
Tucson Tamale Company,

**(Supplemental information appears in bold; deletions in strikethrough)**

16
Defendant.

17
        Defendant Tucson Tamale Company ("TTC"), by and through undersigned counsel

18
and pursuant to FED. R. CIV. P. 26(a), hereby submits its **First Supplemental** Disclosure

19
Statement.  TTC makes this disclosure based on the information currently known and

20
reasonably available.  TTC reserves the right to amend, modify, or supplement this

21
disclosure, pursuant to FED. R. CIV. P. 26(e), as discovery or circumstances may warrant.

22
        TTC makes this disclosure subject to, and without waiving its right to protect from

23
disclosure, (a) all communications protected from disclosure by the attorney-client privilege

24
or other applicable privilege, and (b) all work product of its attorneys including the mental

25
impressions, conclusions, opinions, or legal theories of its attorneys or representatives.

26
Further, TTC provides this disclosure without waiving its right or opportunity to assert a

27
defense, at any time in this civil action, to information contained in all documents

28

00313632.1

1   addressing facts and issues relevant to this matter including, but not limited to, the rule

2   against splitting a cause of action.  See 1A C.J.S Actions § 229; see also Meritage Homes

3   Corp. v. Hancock, 522 F. Supp. 2d 1203 (D. Ariz. 2007); Haphey v. Linn County, 924 F.2d

4   1512, 1517 (9th Cir. 1991).  Additionally, TTC reserves the right, at any time, to identify

5   additional information and documents and otherwise to modify these disclosures as

6   appropriate.

7        The list of reservations set forth above is not exhaustive.   Subject to these

8   reservations, any others that may apply, and the above explanation, TTC provides the

9   following information: **Supplemental information appears in bold.**

10      **A.    THE NAME AND, IF KNOWN, THE ADDRESS AND TELEPHONE
    NUMBER OF EACH INDIVIDUAL LIKELY TO HAVE DISCOVERABLE
11   INFORMATION—ALONG WITH THE SUBJECTS OF THAT INFORMATION—
    THAT THE DISCLOSING PARTY MAY USE TO SUPPORT ITS CLAIMS OR
12   DEFENSES, UNLESS THE USE WOULD BE SOLELY FOR IMPEACHMENT.**

13      1.     Todd Russell Martin
            c/o Farhang & Medcoff
14          4801 E. Broadway Blvd.
            Suite 311
15          Tucson, Arizona 85711
            (520) 790-5433
16
    Todd Martin is the President and Chief Executive Officer of TTC.  He may testify
17
    regarding Melissa Martin McBeath's ("McBeath") employment, the terms and conditions
18
    of Plaintiff's employment, Defendant's bases for terminating McBeath's employment, all
19
    facts and circumstances relating to Plaintiff's claims and Defendant's defenses including,
20
    but not limited to, TTC's business and McBeath's employment.  Mr. Martin may testify
21
    regarding any communications, of whatever nature, between himself and any other party to
22
    this action or any person/entity with relevant information, subject to any applicable
23
    privileges.   Mr. Martin may testify regarding any subject or matter discussed in any
24
    deposition taken of him or any other person/entity in this action. Mr. Martin may provide
25
    foundation for the admission of evidence, as necessary.
26
        2.     Sherry Martin
27              c/o Farhang & Medcoff
                4801 E. Broadway Blvd.
28              Suite 311

00313632.1

- 2 -

1         Tucson, Arizona 85711
         (520) 790-5433

2       Sherry Martin is the Secretary and co-owner of TTC.  She may testify regarding

3   Plaintiff's employment, the terms and conditions of Plaintiff's employment, Defendant's

4   bases for terminating McBeath's employment, all facts and circumstances relating to

5   McBeath's claims and Defendant's defenses including, but not limited to, TTC's business

6   and McBeath's employment.  Mrs. Martin may testify regarding any communications, of

7   whatever nature, between herself and any other party to this action or any person/entity with

8   relevant information, subject to any applicable privileges.  Mrs. Martin may testify

9   regarding any subject or matter discussed in any deposition taken of her or any other

10  person/entity in this action.  Mrs. Martin may provide foundation for the admission of

11  evidence, as necessary.

12      3.    Lisa Martin

13            c/o Farhang & Medcoff
          4801 E. Broadway Blvd.

14            Suite 311
          Tucson, Arizona 85711

15

16      Lisa Martin is an employee of TTC.  She may testify regarding Plaintiff's

17  employment, the terms and conditions of Plaintiff's employment, Defendant's bases for

18  terminating McBeath's employment, all facts and circumstances relating to McBeath's

19  claims and Defendant's defenses including, but not limited to, TTC's business and

20  McBeath's employment.  Ms. Martin may testify regarding any communications, of

21  whatever nature, between herself and any other party to this action or any person/entity with

22  relevant information, subject to any applicable privileges. Ms. Martin may testify regarding

23  any subject or matter discussed in any deposition taken of her or any other person/entity in

24  this action.  Mrs. Martin may provide foundation for the admission of evidence, as

25  necessary.

26      4.    Melissa Martin McBeath
          3463 E. Terra Alta Blvd.

27            Tucson, AZ 85716
          (520) 449-9753

28

00313632.1

1    Melissa Martin McBeath is the named Plaintiff and is expected to testify regarding

2    her knowledge of the subject lawsuit, the facts and circumstances surrounding the events

3    that occurred before the filing of this lawsuit, actions taken by her, any communications

4    with Defendant, or any witnesses with knowledge of the disputed facts, and any other areas

5    covered in her anticipated deposition.   Ms. McBeath may provide foundation for the

6    admission of evidence, as necessary.

7         5.     Lindsay Welch
                 ~~c/o Farhang & Medcoff~~
8                ~~4801 E. Broadway Blvd.~~
                 ~~Suite 311~~
9                ~~Tucson, Arizona 85711~~

10   Lindsay Welch ~~is~~ **was** the Business Development Manager for TTC.  She may testify

11   regarding Plaintiff's employment, the terms and conditions of her position as Business

12   Development Manager, all facts and circumstances relating to McBeath's claims and

13   Defendant's defenses including, but not limited to, TTC's business and McBeath's

14   employment.  Ms. Welch may testify regarding any communications, of whatever nature,

15   between herself and any other party to this action or any person/entity with relevant

16   information, subject to any applicable privileges.  Ms. Welch may testify regarding any

17   subject or matter discussed in any deposition taken of her or any other person/entity in this

18   action.  Ms. Welch may provide foundation for the admission of evidence, as necessary.

19        6.     Maximilian Ivankovich
                 3463 E. Terra Alta Blvd.
20               Tucson, AZ 85716
                 (520) 449-9753
21

22   Maximilian Ivankovich is Ms. McBeath's son and a former Shift Leader at TTC.  He

23   is expected to testify regarding his knowledge of the subject lawsuit, the facts and

24   circumstances surrounding the events that occurred before the filing of this lawsuit, actions

25   taken by him in collaboration with McBeath, any communications with Defendant, or any

26   witnesses with knowledge of the disputed facts, and any other areas covered in his

27   anticipated deposition.  Mr. Ivankovich may provide foundation for the admission of

28   evidence, as necessary.

00313632.1

-4-

7.    Francisco X. Marquez
      451 W. Calle La Bolita
      Sahuarita, AZ 85629

Mr. Marquez is a disbarred California attorney who, upon information and belief, is providing legal services and advice to McBeath without a license, coordinated with McBeath before the lawsuit to obtain relevant information to build a case against TTC, **is in possession of protected and confidential information belonging to TTC that McBeath provided to him without authorization**, and who is aware of the facts and legal theories raised in Plaintiff's Complaint. He is expected to testify regarding his knowledge of the subject lawsuit, the facts and circumstances surrounding the events that occurred before the filing of this lawsuit, TTC's confidential information obtained and in his possession, actions taken by him in collaboration with Plaintiff, any communications with Plaintiff or Defendant, or any witnesses with knowledge of the disputed facts, and any other areas covered in his anticipated deposition. Mr. Marquez may provide foundation for the admission of evidence, as necessary.

8.    Ehud Gavron
      7119 N. Lemmon Rock Place
      Tucson, AZ 85718

Mr. Gavron is a friend of the Plaintiff and one of the individuals McBeath disclosed TTC's confidential information. Upon information and belief, he is also providing legal services and advice to McBeath without a license, coordinated with McBeath to obtain relevant information to build a case against TTC, and who is aware of the facts and legal theories raised in Plaintiff's Complaint. He is expected to testify regarding his knowledge of the subject lawsuit, the facts and circumstances surrounding the events that occurred before the filing of this lawsuit, TTC's confidential information obtained and in his possession, actions taken by him in collaboration with Plaintiff, any communications with Defendant, or any witnesses with knowledge of the disputed facts, and any other areas covered in his anticipated deposition. Mr. Gavron may provide foundation for the admission of evidence, as necessary.

////

00313632.1

- 5 -

9.    **Meaghan Anderson**
    c/o Farhang & Medcoff
    4801 E. Broadway Blvd.
    Suite 311
    Tucson, Arizona 85711

Meaghan Anderson was a general manager for TTC. She may testify regarding Ivankovich's admission to her relating to his removal and/or theft of TTC's confidential information. She may also testify regarding McBeath's employment, the terms and conditions of McBeath's employment, McBeath's subpar performance, McBeath's breach of fiduciary and contractual duties to TTC, Defendant's bases for terminating McBeath's employment, all facts and circumstances relating to McBeath's claims and Defendant's defenses including, but not limited to, TTC's business and McBeath's employment. Ms. Anderson may testify regarding any communications, of whatever nature, between herself and any other party to this action or any person/entity with relevant information, subject to any applicable privileges. Ms. Anderson may testify regarding any subject or matter discussed in any deposition taken of her or any other person/entity in this action. Ms. Anderson may provide foundation for the admission of evidence, as necessary.

10.   **Delaney Hare**
    c/o Farhang & Medcoff
    4801 E. Broadway Blvd.
    Suite 311
    Tucson, Arizona 85711

Delaney Hare was the general manager at TTC's Tanque Verde location during McBeath's employment. She will testify regarding her professional relationship with McBeath, McBeath's limited oversight at the Tanque Verde restaurant, McBeath's work performance, and TTC's confidential information. Specifically, without limit, she will testify McBeath initially seemed to perform her job well. However, after TTC terminated McBeath's employment, Ms. Hare became aware that McBeath was not

00313632.1

performing the tasks and responsibilities of Area Manager, that McBeath inappropriately delegated Area Manager tasks and responsibilities to general managers, and that McBeath failed to timely perform tasks assigned to McBeath as Area Manager. Further, Ms. Hare will testify that McBeath never mentioned the issue of her bonuses or TTC's purported promise to make McBeath Business Development Manager. She will also testify about the obvious nature of TTC's confidential information that McBeath disclosed to unauthorized third-parties. Ms. Hare may testify regarding any communications, of whatever nature, between herself and any other party to this action or any person/entity with relevant information, subject to any applicable privileges. Ms. Hare may testify regarding any subject or matter discussed in any deposition taken of her or any other person/entity in this action. Ms. Hare may provide foundation for the admission of evidence, as necessary.

11. Alejandra Valenzuela
c/o Farhang & Medcoff
4801 E. Broadway Blvd.
Suite 311
Tucson, Arizona 85711

Alejandra Valenzuela is the current production manager for TTC. During McBeath's employment, Ms. Valenzuela worked at the Oracle location and Broadway location. She may testify regarding her professional relationship with McBeath, McBeath's unprofessional management style, McBeath's singular comment about the Business Development Position, McBeath's work performance, and TTC's confidential information. Specifically, without limitation, she will testify that she consistently witnessed McBeath socializing with general managers and employees, created an atmosphere encouraging dissent against TTC ownership, and that McBeath mentioned the purported promise of the Business Development Manager only once in passing. Further, she will testify that McBeath spent most of her time at the Broadway location instead of at the other two locations and that TTC implemented changes to its tip pool without reprisal and months before the termination of

00313632.1

1   McBeath's employment.  She may also testify about the obvious nature of TTC's

2   confidential information that McBeath disclosed to unauthorized third-parties.  Ms.

3   Valenzuela may testify regarding any communications, of whatever nature, between

4   herself and any other party to this action or any person/entity with relevant

5   information, subject to any applicable privileges.  Ms. Valenzuela may testify

6   regarding any subject or matter discussed in any deposition taken of her or any other

7   person/entity in this action. Ms. Valenzuela may provide foundation for the admission

8   of evidence, as necessary.

9

10          12.    Trevor Bannon
                   c/o Farhang & Medcoff
11                 4801 E. Broadway Blvd.
                   Suite 311
12                 Tucson, Arizona 85711

13          Trevor Bannon was a general manager at TTC's Oracle location.  He may

14   testify regarding his professional relationship with McBeath, the limited oversite

15   provided by McBeath, and McBeath's unprofessional management style. Mr. Bannon

16   may testify regarding any communications, of whatever nature, between himself and

17   any other party to this action or any person/entity with relevant information, subject

18   to any applicable privileges. Mr. Bannon may testify regarding any subject or matter

19   discussed in any deposition taken of him or any other person/entity in this action. Mr.

20   Bannon may provide foundation for the admission of evidence, as necessary.

21          13.    Custodians of Records as necessary to establish foundation for the admission

22   of documents.

23          14.    Any witness identified or disclosed in any parties' disclosure statements or

24   discovery responses, not objected to by TTC, whether the witness is later delisted or not.

25          15.    Any witness identified or disclosed by McBeath, even if the witness is later

26   delisted by McBeath, not objected to by TTC.

27

28

00313632.1

TTC has not yet selected all the witnesses it expects to call at trial but anticipates that it may call some or all the persons listed above.  TTC will supplement this response as required by applicable rules.

**B.    A  COPY—OR  A  DESCRIPTION  BY  CATEGORY  AND LOCATION—OF  ALL  DOCUMENTS,  ELECTRONICALLY  STORED INFORMATION, AND TANGIBLE THINGS THAT THE DISCLOSING PARTY HAS IN ITS POSSESSION, CUSTODY, OR CONTROL AND MAY USE TO SUPPORT  ITS  CLAIMS  OR  DEFENSES,  UNLESS  THE  USE  WOULD  BE SOLELY FOR IMPEACHMENT.**

1.    Tucson Tamale Company Confidentiality Agreement signed by Plaintiff, **copy attached as TTC 000001;**

2.    Tucson Tamale Company's Area Manager Job Description, **copy attached as TTC 000002 - 000006;**

3.    Various emails related to Plaintiff's employment with Tucson Tamale Company, **copies attached as TTC 000007 - 000013;**

4.    90 Day Assessment completed by Todd and Sherry Martin about Plaintiff dated September 1, 2015, **copy attached as TTC 000014 - 000021;**

5.    Invitation email regarding Lindsey Welch dated August 5, 2015, **copy attached as TTC 000022;**

6.    Enclosure email from Plaintiff dated October 12, 2015 with U.S. Wage and Hour Division Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA) attached, **copy attached as TTC 000023 - 000027;**

7.    Enclosure email from S. Martin to Tucson Tamale Company general managers dated December 27, 2015 regarding new Tip Rollout, **copy attached as TTC 000028 - 000032;**

8.    Portions of Tucson Tamale Company's Chase Credit Card statements showing Plaintiff's unauthorized credit card purchases for May 2015 through March 2016, **copies attached as TTC 000033 - 000044;**

9.    Various emails sent by Plaintiff releasing Tucson Tamale Company's confidential information, **copies attached as TTC 000047 – 000060, although TTC is**

withholding confidential material until after entry of an appropriate protective order (TTC 000048, 000054, 000056, 000059 – 000060);

10. Tucson Tamale Team Member Manual, **copy attached as TTC 000061 - 000090;**

11. Executive Management Team Meeting Agenda dated October 8, 2015 and accompanying email, **copies attached as TTC 000091 - 000094;**

12. 2014/2015 year over year Restaurant Sales and Customer Counts reports, **withheld until after entry of an appropriate protective order (TTC 000095 – 000098);**

13. Plaintiff's offer letter and Area Manager Compensation Structure, **copies attached as TTC 000099 - 000100;**

14. Various emails with Plaintiff regarding sales and compensation, **copies attached as TTC 000101 – 000105, although TTC is withholding confidential material until after entry of an appropriate protective order (TTC 000101);**

15. Tucson Tamale Company's monthly gross receipts by location for 2014 through February 2016, **withheld until after entry of an appropriate protective order (TTC 000106 – 000108);**

16. Various emails from Tucson Tamale Company regarding operations and Plaintiff's job performance, **copies attached as TTC 000109 – 000285, although TTC is withholding confidential material until after entry of an appropriate protective order (TTC 000226 – 000230 and 000239).**

17. Investigation notes related to M. Ivankovich's removal of TTC's Confidential Information, **copies attached as TTC 000287 - 000291;**

18. Portions of TTC's relevant insurance policies, copies previously disclosed as TTCDC 000001 – 000015;

19. Three (3) videos of Plaintiff's son removing Tucson Tamale Company's confidential information, **copies attached as TTC 000286;**

20. **Records received from Ehud Gavron in response to a Subpoena Duces Tecum served in Pima County Superior Court case No. C20161794, dated August 22,**

00313632.1

1    2016, copies attached as TTC 000292 - 000326;

2        21.    Records received from Café Poca Cosa in response to a Subpoena Duces

3    Tecum served in Pima County Superior Court case No. C20161794, dated September

4    13, 2016, copies attached as TTC 000327 - 000335;

5        22.    Records received from Ernesto A. Chavez in response to a Subpoena

6    Duces Tecum served in Pima County Superior Court case No. C20161794, dated

7    September 22, 2016, copies attached as TTC 000336 - 000338;

8        23.    Additional emails from Tucson Tamale Company reflecting, among

9    other things, Plaintiff's Facebook posts, her poor job performance, unauthorized

10   communications with third-parties, copies attached as TTC 000339 - 000405;

11       24.    Emails between Plaintiff and Ehud Gavron on Plaintiff's TTC email,

12   copies attached as TTC 000406 – 000629;

13       25.    Emails between Plaintiff and Todd and Sherry Martin prior to her

14   employment with TTC, copies attached as TTC 000630 - 000647;

15       26.    Email between Plaintiff and Ernesto Chavez dated December 9, 2015,

16   copy attached as TTC 000648;

17       27.    Emails Plaintiff sent from her TTC email to her personal Gmail account,

18   copies attached as TTC 000649 – 000761;

19       28.    Emails between Plaintiff and Francisco Marquez, copies attached as

20   TTC 000762 - 000764;

21       29.    Emails regarding Lindsay Welch, copies attached as TTC 000765 -

22   000787;

23       30.    Emails regarding Plaintiff's job performance while at TTC, copies

24   attached as TTC 000788 - 000866;

25       31.    All pleadings and discovery responses from Plaintiff not otherwise objected

26   to by Defendant;

27       32.    All documents produced in discovery and/or through disclosure not otherwise

28   objected to by Defendant;

1    33.    Demonstrative exhibits not otherwise objected to by Defendant;

2    34.    All deposition transcripts in this and any related matters, including exhibits

3    attached thereto, not otherwise objected to by Defendant; and

4    35.    All exhibits listed by other parties, subject to Defendant's objections, even if

5    subsequently withdrawn.

6    After further discovery and further clarification of the factual and/or legal issues in

7    this matter, it is possible that additional witnesses, documents, or information may become

8    relevant, at which time TTC will supplement its disclosure in accordance with FED. R. CIV.

9    P. 26.  TTC reserves the right to supplement and/or amend this disclosure statement in

10   keeping with the spirit and requirements of the Federal Rules of Civil Procedure.  All of the

11   disclosures herein include information and data in the possession, custody, and control of

12   TTC, as well as that which can be ascertained, learned or acquired by reasonable inquiry

13   and investigation.

14   **C.    A COMPUTATION OF EACH CATEGORY OF DAMAGES CLAIMED BY THE DISCLOSING PARTY—WHO MUST ALSO MAKE AVAILABLE FOR INSPECTION AND COPYING AS UNDER RULE 34 THE DOCUMENTS OR OTHER EVIDENTIARY MATERIAL, UNLESS PRIVILEGED OR PROTECTED FROM DISCLOSURE, ON WHICH EACH COMPUTATION IS BASED, INCLUDING MATERIALS BEARING ON THE NATURE AND EXTENT OF INJURIES SUFFERED.**

18   Not Applicable.

19   **D.    FOR INSPECTION AND COPYING AS UNDER RULE 34, ANY INSURANCE AGREEMENT UNDER WHICH AN INSURANCE BUSINESS MAY BE LIABLE TO SATISFY ALL OR PART OF A POSSIBLE JUDGMENT IN THE ACTION OR TO INDEMNIFY OR REIMBURSE FOR PAYMENTS MADE TO SATISFY THE JUDGMENT.**

22   Copies of the applicable insurance policy is attached hereto as TTCDC 000001 –

23   000015.

24   / / / /

25   / / / /

26   / / / /

27   / / / /

28   / / / /

00313632.1

1    DATED this 16th day of March, 2017.

2                                        FARHANG & MEDCOFF

3

4                    By _____

5                         Ali J. Farhang
                         Roberto C. Garcia
6                         Travis L. Tufts

7                    Attorneys for Defendant

8

9

10

11   ORIGINAL of the foregoing served via First-Class
12   U.S. Mail this 16th day of March, 2017 to:

13

     Melissa Martin McBeath
14   3463 E. Terra Alta Blvd.
     Tucson, AZ 85716
15   Mel.mcbeath@cox.net

16

17

18

19

20

21

22

23

24

25

26

27

28

00313632.1

- 13 -

# EXHIBIT 5

00047571.1

# Confidentiality Agreement

This agreement is between Tucson Tamale Company, an Arizona Corporation and Melissa McBeath .   Melissa McBeath agrees as follows:

**1. Agreement Not to Disclose Confidential Information**
I, Melissa McBeath, acknowledge that Tucson Tamale Company may disclose to me or give me access to confidential information. I agree that the confidential information includes Tucson Tamale company's trade secrets, sales and profit figures, customer lists, relationships with contractors, customers or suppliers, and opportunities for new or developing business. The confidential information may be contained in written materials such as computer hardware and software, disks, documents, files, drawings and product specifications. It may also consist of unwritten knowledge, including ideas, research, processes, practices or know-how. At any point in time, I will not use or disclose to any other person or entity any confidential information or materials (either written or unwritten) except when I am required to do so as required by law.

Information in the public domain, information generally known in the trade and information that I acquire completely independently is not considered to be confidential.

**2. Return of Confidential Information**
At any time, I will not, except in performing my duties, remove or copy any confidential information or materials or assist anyone in doing so without Tucson Tamale Company's written permission. At any time Tucson Tamale Company requests it, I will immediately return all confidential information and materials to Tucson Tamale Company.

**3. Reasonableness**
I acknowledge that the restrictions in this agreement are reasonable and necessary to protect Tucson Tamale Company and its confidential information.

**4. Entire Agreement**
This is the entire agreement between the parties. It replaces any and all oral agreements between the parties, as well as any prior writings.

**5. Governing Law**
This agreement will be governed by and construed in accordance with the laws of the state of Arizona.

Dated: 3/19/15

By: _____

TTC 000001

# EXHIBIT 6

00047571.1



**Tucson Tamale**
C O M P A N Y

Mel McBeath <mel@tucsontamalecompany.com>

---

# [Ticket #340273] Response to "invoice template"

**Mel McBeath <mel@tucsontamalecompany.com>**
To: gavron@wetwork.com

Wed, Oct 21, 2015 at 6:55 PM

What or where would I go to get my 'establishment 's URL?

# feelingdumb

M

Melissa Martin McBeath
Area Manager
Tucson Tamale Company
520.449.9753

[Quoted text hidden]

TTC 000051

# EXHIBIT 7

00047571.1

**Archived:** Tuesday, March 7, 2017 4:09:07 PM
**From:** Mel McBeath
**Sent:** Fri, 4 Dec 2015 18:54:52
**To:** Ehud Gavron
**Subject:** Fwd: Re: AMAZING REVEL INVENTORY NINJAS
**Importance:** Normal

---

3 months me planning..
One week my team executing...
Big finish line today.

I take in all victories and celebrate them.
Hijuela, have we had some awful crap between us this week.

But this is so good.
Wanted to share with you.

Xxoo

Melissa Martin McBeath
Area Manager
Tucson Tamale Company
520.449.9753

---------- Forwarded message ----------
From: "Mel McBeath" <mel@tucsontamalecompany.com>
Date: Dec 4, 2015 6:05 PM
Subject: Re: AMAZING REVEL INVENTORY NINJAS
To: "Delaney Hare" <delaney@tucsontamalecompany.com>
Cc: "Sherry Martin" <sherry@tucsontamalecompany.com>, "Shawn Kaylor" <shawn@tucsontamalecompany.com>, "Meaghan Anderson"
<meaghan@tucsontamalecompany.com>


We are pretty fierce. Big besos!

M

Melissa Martin McBeath
Area Manager
Tucson Tamale Company
520.449.9753

On Dec 4, 2015 5:17 PM, "Delaney Hare" <delaney@tucsontamalecompany.com> wrote:
  I couldn't agree with Meaghan more you have helped us all so much and I couldn't appreciate it more. I wouldn't be able to do it without you! Love you all so
  much and love that you all are there for anything.

  On Friday, December 4, 2015, Meaghan Anderson <meaghan@tucsontamalecompany.com> wrote:

    You are the friggin best without you I'm sure we would have had a lot more bumps to ride over. Thank you for always having our backs and truly caring about
    our success not only as a team but as individuals also. You are a phenom and an amazing role model I'm  grateful we found our ways into each others live. I
    love you.

    On Dec 4, 2015 5:06 PM, "Mel McBeath" <mel@tucsontamalecompany.com> wrote:
      Hi Rockstars -

      As we come to the end of the business week, I wanted to personally say thank you to all three of you for being so incredible the last 5 days!
      We introduced some tremendously important and critical processes into Revel and into your management responsibilities, starting with doing your end of
      month inventories, training on PO's, and ordering differently. We also had some challenges with 86's and hanging in there with the production team as they are
      working out their kinks as fast as they possibly can.  Also, the personal challenges that Todd and Sherry faced had our hearts heavy.

Not only did we sail through it with zero defects, everyone solved for their own issues in amazing ways and stayed close to me in communication. I am extremely impressed with our execution.
Extremely. Impressed.
Shawn in particular had a HUGE change in his processes - and is still tweaking things as he goes - but also moved his crew through it all with humor, grace and a lot of motivating!! Well done, Sir.

A personal thank you for keeping the volume down for Todd and Sherry and trusting me through it all. It's a pleasure to work with you guys and I am so grateful for all of you and your leadership.

Big thanks and big deep breaths - we done good team.

XO -

Mel

Melissa Martin McBeath | *Area Manager*
2545 E Broadway | Tucson, AZ 85716
Tel: (520) 449-9753
Tucson  Tamale
 

--
Delaney Hare | *General Manager*
7159 E Tanque Verde | Tucson, AZ 85710
Tel: (520) 906-5194
Tucson  Tamale
 

TTC 000443

# EXHIBIT 8

00047571.1



**Tucson Tamale**
C O M P A N Y

Mel McBeath <mel@tucsontamalecompany.com>

---

## Liquor Training

**Mel McBeath <mel@tucsontamalecompany.com>**              Wed, Aug 12, 2015 at 11:17 AM
To: Ehud Gavron <gavron@wetwork.net>

So, I need to get recertified because AZ law changed and I have to get the cert from a Title IV approved training place (my previous one was not). This is our liquor license guy that Todd and Sherry use, and I'm about to become the 'manager of record' at all 3 stores.
That being said, can you tell if this course is another one of those stupid ones that I have to WAIT before moving forward with the lesson? If it is, can I impose on you and your Linux fabulousness to NOT have to spend hours waiting for a damn woman to read everything to me? I think I remember saying you were just too cool for school when it comes to that.

:-)

LMK

M

Melissa Martin McBeath | *Area Manager*
2545 E Broadway | Tucson, AZ 85716
Tel: (520) 449-9753
Tucson ⓓ Tamale

   

--------- Forwarded message ----------
From: Kevin Kramber <kkramber75@gmail.com>
Date: Wed, Aug 5, 2015 at 11:32 AM
Subject: Re: Liquor Training
[Quoted text hidden]

---

📄 **Individual Purchase Instructions 121613.docx**
    12K

TTC 000049

# EXHIBIT 9

00047571.1

Mr. Lee, I am in receipt of your letter from October 14th.

I have been Ms. McBeath's friend for many years, and am assisting her in her lawsuit against her former employer merely as her friend. My "assistance" is only to provide her proofreading/scrivener help. I have not ever charged her for anything, nor do we have any agreement for any payment at a later time, nor would I accept payment if offered.

I provide her generic legal information, not legal advice, and direct her to resources where she may find more information. I do not tell her what she should or should not do, legally, other than to seek the advice of a lawyer. I provide her moral support against a vile discriminatory and toxic former employer.

I have several full-time careers, one of which is as a computer expert. Ms. McBeath relied on me to help her (at no cost) during her employment and is now consulting me as a computer technology consulting expert (pro bono).

Ms. McBeath notified the State Bar that I am her consulting expert on computer technology and I am not expected to testify at trial.

Despite that, opposing counsel have sent me a subpoena, have threatened to "analyze my hard drive[sic]", and having named me as a witness they intend to call at trial I see this as nothing more than another attempt at intimidation.

I do not give legal advice. I do not prepare legal documents and did not draft any of the pleadings in Ms. McBeath's case. Again, I am just helping a friend by proofreading her documents for accurate grammar, spelling, and punctuation. I am not providing legal advice but simply citing to her information about a Rule about service of process (much of which is on the Pima County Superior Court website for self-service resources).

As to whether Ms. McBeath is competent to represent herself, I suggest you read the minutes of the last hearing where she did so well Judge Aragon told opposing counsel to sit down and be quiet. She's good. She's competent. She's doing a fine job representing herself in a system that isn't set up to support an amiable single mom of three kids trying to find justice against a brutal company and their lawyers.

I am not associated with Mr. Marquez in any way.   I believe him to be a friend of Ms. McBeath.

If you have any further questions please let me know,


Ehud Gavron

RECEIVED

NOV 0 4 2016

STATE BAR OF ARIZONA
LAWYER REGULATION

# EXHIBIT 10

00047571.1

---------- Forwarded message ----------
From: Ehud Gavron <gavron@wetwork.net>
Date: Mon, Jun 27, 2016 at 9:09 PM
Subject: discovery/calendar
To: "Francisco X. Márquez" <fxm@marquezlegal.com>, Mel McBeath <mel@tucsontamalecompany.com>

6/13 we received the RFAs but not the UIs.  Calendar
spreadsheet shows UIs.

I don't want to "edit this out from under you" so please
advise if in the future if we see something like this to
correct it or TELL YOU so you can correct it.

Also they are late.  All inters due 6/24 and there's no
way they snail-mailed them [because to effect Rule 4
service they'd have to Certified/Registered return-receipt...
and that obviates the agreement to electronic service]

E

1

# EXHIBIT 11

| | |
|---|---|
| **From:** | Ehud Gavron <gavron@wetwork.net> |
| **Sent:** | Friday, September 30, 2016 12:55 PM |
| **To:** | Travis L. Tufts |
| **Subject:** | Your letter from September 19th |

Dear Mr. Tufts:

In response to your September 19th, 2016 letter, I really do not have any more documents to produce. If there are emails you have that included me, they were deleted from my system before you asked for preservation. I don't hoard emails.

Of course, any materials I may have related to my role in providing expert advice would be protected by Judge's Aragon's order.

It seems to me that any attempt to breach my hard drives (or anyone else's) is an enormous and fruitless fishing trip. I have served as an expert previously on such matters and will note the expense and complexity of the job, which in this case would appear to cost more than the value of your counterclaims.

I see no need to engage in a Motion to Compel but please note that if I am required to retain counsel to respond, I will ask that your client fully reimburse me for my expenses and my time.

Sincerely,


Ehud Gavron

# EXHIBIT 12

FILED
TONI L. HELLON
CLERK, SUPERIOR COURT
7/13/2016 5:01:04 PM
BY: ALAN WALKER
DEPUTY

# FARHANG & MEDCOFF

4801 E. Broadway Boulevard, Suite 311
Tucson, Arizona 85711
T: 520.790.5433

Ali J. Farhang (#019456) (PAN 65507)
afarhang@fmazlaw.com

Roberto C. Garcia (#026246) (PAN 66152)
rgarcia@fmazlaw.com

Travis L. Tufts (#029373) (PAN 89943)
ttufts@fmazlaw.com

Attorneys for Defendants

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| MELISSA MARTIN MCBEATH, an individual, | No. C20161794 |
| Plaintiff, | **DEFENDANTS' MOTION FOR ALTERNATIVE SERVICE OF SUBPOENA DUCES TECUM** |
| v. | Assigned to the Hon. Gus Aragon |
| TUCSON TAMALE COMPANY, an Arizona corporation; TODD RUSSELL MARTIN, an individual; SHERRY MARTIN, an individual; and LISA MARTIN, an individual, | |
| Defendants. | |
| TUCSON TAMALE COMPANY, an Arizona corporation, | |
| Counterclaimant, | |
| v. | |
| MELISSA MARTIN MCBEATH, an individual; JOHN DOE MCBEATH, an individual; WHITE CORPORATIONS I-X; BLACK LIMITED LIABILITY COMPANIES I-X; GRAY PARTNERSHIPS I-X; and JOHN DOES I-X and JANE DOES I-X, | |
| Counterdefendants. | |

FARHANG & MEDCOFF

00273935.1

FARHANG & MEDCOFF

1    Defendants Tucson Tamale Company, Todd Russell Martin, Sherry Martin and Lisa

2  Martin (collectively "Defendants"), by and through undersigned counsel and pursuant to

3  Ariz. R. Civ. P. 4.1(k), hereby move this Court for an order authorizing an alternative

4  method of service of the Subpoena Duces Tecum ("SDT"), attached hereto as Exhibit 1,

5  upon non-party Ehud Gavron ("Gavron").

6    On July 27, 2016, Gavron sent an e-mail to Plaintiff's former e-mail address, owned

7  and controlled by Defendants.  The subject of that e-mail reveals Gavron and a disbarred

8  California attorney, Francisco Xavier Marquez[1] ("Marquez"), are providing substantial

9  litigation assistance to Plaintiff Melissa McBeath ("McBeath") including the drafting of

10  legal documents and providing legal advice related to the Arizona Rules of Civil Procedure.

11  See Gavron E-mail, attached hereto as Exhibit 2.  Neither Gavron nor Marquez are licensed

12  to practice law in the State of Arizona.

13    Gavron is in possession of documents and information that go to the heart of

14  Defendants' claims and defenses.  Indeed, during her employment with Tucson Tamale

15  Company, McBeath sent to Gavron via email confidential documents and information that

16  she was prohibited from disclosing to any third party pursuant to agreement and fiduciary

17  duty.  The SDT is reasonably calculated to lead to the discovery of admissible evidence, as

18  it seeks, among other things, all documents and information relating to McBeath's violation

19  of Defendants' rights.

20    Defendants caused the issuance of the SDT on July 8, 2016, and immediately sent it

21  out for personal service.  Defendants provided copies to McBeath, as required by the Rules.

22  The process server has made several unsuccessful attempts to serve Gavron.  See Aff.

23  Service, attached hereto as Exhibit 3.  On July 10, 2016, the process server heard a loud

24  television, changing television channels, and banging of pots and pans inside the house.

25  The process server also observed a package addressed to Gavron on the doorstep.

26    ───────────────

[1] A copy of relevant disciplinary documents related to Marquez can be found on the California

27  State Bar website: http://members.calbar.ca.gov/fal/Member/Detail/172631.  Prior to Gavron's e-
     mail, Marquez affected distribution of Plaintiff's motions and pleadings using a pseudonym,

28  "Xavier Molina."  "Xavier Molina" no longer affixes his name to Plaintiff's motions and pleadings
     and is also avoiding service of a separate subpoena deuces tecum.

00273935.1

1   Based on the foregoing, Defendants believe Gavron is avoiding service.  Defendants

2   seek to effect alternative service on Gavron by posting the SDT on the door to his residence

3   and sending him copies of the SDT via email (at his known email address), certified mail,

4   return receipt requested, and First-Class U.S. Mail.  Defendants request that service be

5   effective upon their transmission/service of the SDT via email to gavron@wetwork.net.

6   Defendants respectfully request the Court sign and enter the Order submitted herewith

7   authorizing such alternative service.

8   DATED this 13th day of July 2016.

9   FARHANG & MEDCOFF

10

11   By /s/ Travis L. Tufts
        Ali J. Farhang
12      Roberto C. Garcia
        Travis L. Tufts
13

14   ORIGINAL of the foregoing filed via TurboCourt
15   this 13th day of July 2016 with:

16   Clerk of the Court
     Pima County Superior Court
17

18   COPY of the foregoing served via TurboCourt
19   this 13th day of July, 2016 to:

20   Melissa Martin McBeath: mel.mcbeath@cox.net
     3463 E. Terra Alta Blvd.
21   Tucson, AZ  85716
     *Pro Se*
22

23   /s/Letitia L. Wright

24

25

26

27

28

FARHANG & MEDCOFF

00273935.1

- 3 -

# Exhibit 1

**SUPERIOR COURT OF ARIZONA**                    Subpoena: PM0000017473 (7/08/2016 1:12 PM)

Farhang & Medcoff
4801 E. Broadway Blvd.
Suite 311
Tucson, AZ 85711
(520) 790-5433

Travis Tufts, State Bar Number: 029373
Attorney(s) for Defendant

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PIMA

Melissa Martin McBeath
Plaintiff

vs.

Tucson Tamale Company et al.
Defendant

**Case No.:  C20161794**

**SUBPOENA IN A CIVIL CASE**

TO: Ehud Gavron

**For Production of Documentary Evidence or Inspection of Premises**

**YOU ARE COMMANDED**, to produce and permit inspection, copying, testing, or sampling of the following
designated documents, electronically stored information or tangible things, or to permit the inspection of premises:
   See attached Exhibit A

at the place, date, and time specified below:

Place:  Farhang & Medcoff
        4801 E. Broadway Blvd., #311
        Tucson, AZ 85711

Date:  7/29/2016

Time:  2:00 PM

**SUPERIOR COURT OF ARIZONA**                    Subpoena: PM0000017473 (7/08/2016 1:12 PM)

## Your Duties In Responding to This Subpoena

*Attendance at a Trial.* If this subpoena commands you to appear at a trial, you must appear at the place, date and time designated in the subpoena unless you file a timely motion with the court and the court quashes or modifies the subpoena.See Rule 45(b)(5) and Rule 45(e)(2) of the Arizona Rules of Civil Procedure. *See also* "Your Right To Object To This Subpoena" section below. Unless a court orders otherwise, you are required to travel to any part of the state to attend and give testimony at a trial.  *See* Rule 45(b)(3)(A) of the Arizona Rules of Civil Procedure.

*Attendance at a Hearing or Deposition.* If this subpoena commands you to appear at a hearing or deposition, you must appear at the place, date and time designated in this subpoena unless either: (1) you file a timely motion with the court and the court quashes or modifies the subpoena; or (2) you are not a party or a party's officer and this subpoena commands you to travel to a place other than: (a) the county in which you reside or you transact business in person; or (b) the county in which you were served with the subpoena or within forty (40) miles from the place of service; or (c) such other convenient place fixed by a court order.See Rule 45(b)(3)(B) and Rule 45(e)(2)(A)(ii) of the Arizona Rules of Civil Procedure. *See also* "Your Right To Object To This Subpoena" section below.

*Production of Documentary Evidence or Inspection of Premises.* If this subpoena commands you to produce and permit inspection, copying, testing or sampling of designated documents, electronically stored information, or tangible things, you must make the items available at the place, date and time designated in this subpoena, and in the case of electronically stored information, in the form or forms requested, unless you provide a good faith written objection to the party or attorney who served the subpoena.See Rule 45(c)(5) of the Arizona Rules of Civil Procedure. Se See also "Your Right To Object To This Subpoena" section below. Similarly, if this subpoena commands you to make certain premises available for inspection, you must make the designated premises available for inspection on the date and time designated in this subpoena unless you provide a good faith written objection to the party or attorney who served the subpoena. *See* Rule 45(c)(5) of the Arizona Rules of Civil Procedure. *See also* "Your Right to Object to This Subpoena" section below.

You should note that a command to produce certain designated materials, or to permit the inspection of premises, *may* may be combined with a command to appear at a trial, hearing or deposition. *See* Rule 45(b)(2) of the Arizona Rules of Civil Procedure. You do not, however, need to appear in person at the place of production or inspection unless the subpoena *also* states that you must appear for and give testimony at a hearing, trial or deposition. *See* Rule 45(c)(3) of the Arizona Rules of Civil Procedure.

If the subpoena commands you to produce documents, you have the duty to produce the designated documents as they are kept by you in the usual course of business, or you may organize the documents and label them to correspond with the categories set forth in the subpoena.See Rule 45(c)(4) of the Arizona Rules of Civil Procedure.

## Your Right To Object To This Subpoena

*Generally.* If you have concerns or questions about this subpoena, you should first contact the party or attorney who served the subpoena. The party or attorney serving the subpoena has a duty to take reasonable steps to avoid imposing an undue burden or expense on you. The superior court enforces this duty and may impose sanctions upon the party or attorney serving the subpoena if this duty is breached.See Rule 45(e)(1) of the Arizona Rules of Civil Procedure.

*Procedure for Objecting to a Subpoena for Attendance at a Hearing, Trial or Deposition.* If you wish to object to a subpoena commanding your appearance at a hearing, trial or deposition, you must file a motion to quash or modify the subpoena with the court to obtain a court order excusing you from complying with this subpoena. *See* Rules 45(b)(5) and 45(e)(2) of the Arizona Rules of Civil Procedure. The motion must be filed in the superior court of the county in which the case is pending or in the superior court of the county from which the subpoena was issued. *See* Rule 45(e)(2)(A) and (B) of the Arizona Rules of Civil Procedure. The motion must be filed before the time specified for compliance or within 14 days after the subpoena is served, whichever is earlier. *See* Rule 45(e)(2)(D) of the Arizona Rules of Civil Procedure. You must send a copy of any motion to quash or modify the subpoena to the party or attorney who served the subpoena. *See* Rules 45(e)(2)(E) of the Arizona Rules of Civil Procedure.

The court *must* quash or modify a subpoena:

(1) if the subpoena does not provide a reasonable time for compliance;

(2) unless the subpoena commands your attendance at a trial, if you are not a party or a party's officer and if the

**SUPERIOR COURT OF ARIZONA**                    Subpoena: PM0000017473 (7/08/2016 1:12 PM)

subpoena commands you to travel to a place other than: (a) the county in which you reside or transact business in person; (b) the county in which you were served with a subpoena, or within forty (40) miles from the place of service; or (c) such other convenient place fixed by a court order; or

(3) if the subpoena requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(4) if the subpoena subjects you to undue burden.

*See* Rule 45(e)(2)(A) of the Arizona Rules of Civil Procedure.

The court *may* quash or modify a subpoena:

(1) if the subpoena requires you to disclose a trade secret or other confidential research, development or commercial information;

(2) if you are an unretained expert and the subpoena requires you to disclose your opinion or information resulting from your study that you have not been requested by any party to give on matters that are specific to the dispute;

(3) if you are not a party or a party's officer and the subpoena would require you to incur substantial travel expense; or

(4) if the court determines that justice requires the subpoena to be quashed or modified.

*See* Rule 45(e)(2)(B) of the Arizona Rules of Civil Procedure.

In these last four circumstances, a court may, instead of quashing or modifying a subpoena, order your appearance or order the production of material under specified conditions if: (1) the serving party or attorney shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (2) if your travel expenses or the expenses resulting from the production are at issue, the court ensures that you will be reasonably compensated. *See* Rule 45(e)(2)(C) of the Arizona Rules of Civil Procedure.

***Procedure for Objecting to Subpoena For Production of Documentary Evidence.*** If you wish to object to a subpoena commanding you to produce documents, electronically stored information or tangible items, or to permit the inspection of premises, you may send a good faith written objection to the party or attorney serving the subpoena that objects to: (1) producing, inspecting, copying, testing or sampling any or all of the materials designated in the subpoena; (2) inspecting the premises; or (3) producing electronically stored information in the form or forms requested. You must send your written objection to the party or attorney who served the subpoena before the time specified for compliance or within 14 days after the subpoena is served, whichever is earlier*See* Rule 45(c)(5)(A)(ii) of the Arizona Rules of Civil Procedure.

If you object because you claim the information requested is privileged, protected, or subject to protection as trial preparation material, you must express the objection clearly, and support each objection with a description of the nature of the document, communication or item not produced so that the demanding party can contest the claim. *See* Rule 45(c)(5)(C) of the Arizona Rules of Civil Procedure.

If you object to the subpoena in writing, you do not need to comply with the subpoena until a court orders you to do so. It will be up to the party or attorney serving the subpoena to first personally consult with you and engage in good faith efforts to resolve your objection and, if the objection cannot be resolved, to seek an order from the court to compel you to provide the documents or inspection requested, after providing notice to you.*See* Rule 45(c)(5)(B) of the Arizona Rules of Civil Procedure.

If you are not a party to the litigation, or a party's officer, the court will issue an order to protect you from any significant expense resulting from the inspection and copying commanded. *See* Rule 45(c)(6)(B) of the Arizona Rules of Civil Procedure.

Instead of sending a written objection to the party or attorney who served the subpoena, you also have the option of raising your objections in a motion to quash or modify the subpoena. *See* Rule 45(e)(2) of the Arizona Rules for Civil Procedure. The procedure and grounds for doing so are described in the section above entitled "Procedure for Objecting to a Subpoena for Attendance at a Hearing, Trial or Deposition."

If the subpoena *also* commands your attendance at a hearing, trial or deposition, sending a written objection to the party or attorney who served the subpoena does not suspend or modify your obligation to attend and give testimony at the date, time and place specified in the subpoena. *See* Rule 45(c)(5)(A)(iii) of the Arizona Rules of Civil Procedure. If you wish to object to the portion of this subpoena requiring your attendance at a hearing, trial or deposition, you must file a motion to quash or modify the subpoena as described in the section above entitled

**SUPERIOR COURT OF ARIZONA**                    Subpoena: PM0000017473 (7/08/2016 1:12 PM)

"Procedure for Objecting to a Subpoena for Attendance at a Hearing, Trial or Deposition." *See* Rule 45(b)(5) and 45(c)(5)(iii) of the Arizona Rules of Civil Procedure.

### ADA Notification

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

This subpoena has been signed, sealed and issued electronically by the clerk of the court. See Rule 45(a)(3) of the Arizona Rules of Civil Procedure.

Adopted Sept. 2, 2010, effective Jan. 1, 2011.

16 A. R. S. Rules Civ. Proc., Rule 84, AZ ST RCP Rule 84

Current with amendments received through 10/15/10

Given under my hand and seal of the court this 8th day of July, 2016

Toni L Hellon, Clerk of the Court



Issued by: the State Bar of Arizona on behalf of the clerk pursuant to ARCP 45(a)(3)

**FARHANG & MEDCOFF**

1

## EXHIBIT A

**Produce the following:**

2

3    1.    All documents reflecting communications (including any applicable
attachments) between you and Melissa Martin McBeath created or modified during the
4    period of April 20, 2015, through the present date;

5    2.    All documents reflecting communications (including any applicable
attachments) between you and Maximilian Ivankovich created or modified during the
6    period of April 20, 2015, through the present date;

7

8    3.    Agreements (including drafts thereof) between you and Melissa Martin
McBeath;
9

10   4.    Agreements (including drafts thereof) between you and Maximilian
Ivankovich;
11

12   5.    Agreements (including drafts thereof) between you and Francisco X.
Marquez (aka Xavier Molina);

13

14   6.    All documents relating to, discussing, and/or reflecting your authorization
and/or ability to practice law in Arizona and/or California;

15   7.    All documents reflecting communications (including any applicable
attachments) between you and Francisco X. Marquez (aka Xavier Molina) created or
16   modified during the period of October 1, 2015, through the present date that relate, in any
17   manner, to Melissa Martin McBeath;

18   8.    All documents (including drafts) you and/or Francisco X. Marquez (aka
19   Xavier Molina) prepared for or on behalf of Melissa Martin McBeath; and

20   9.    All documents in your possession containing the following terms:

21
22        a.   "McBeath";
          b.   "TTC";
23        c.   "Tucson Tamale";
          d.   "Todd Russell Martin";
24        e.   "Todd Martin";
          f.   "Sherry Martin";
25        g.   "Lisa Martin";
26        h.   "Martin"

27

28

0273552.1

# Exhibit 2

**Tish Wright**

---------- Forwarded message ----------
From: **Ehud Gavron** <gavron@wetwork.net>
Date: Mon, Jun 27, 2016 at 9:09 PM
Subject: discovery/calendar
To: "Francisco X. Márquez" <fxm@marquezlegal.com>, Mel McBeath <mel@tucsontamalecompany.com>

6/13 we received the RFAs but not the UIs.  Calendar
spreadsheet shows UIs.

I don't want to "edit this out from under you" so please
advise if in the future if we see something like this to
correct it or TELL YOU so you can correct it.

Also they are late.  All inters due 6/24 and there's no
way they snail-mailed them [because to effect Rule 4
service they'd have to Certified/Registered return-receipt...
and that obviates the agreement to electronic service]

E


--

# Exhibit 3

he

# Liddy Legal Support Services
PO Box 2007, Phoenix, AZ 85001
63 E. Pennington St., #102, Tucson, AZ 85702
2700 Woodlands Village Blvd., #300-420, Flagstaff, AZ 86001
Phoenix 602-297-0676, Tucson 520-628-2824, Flagstaff 928-225-7737

Client File # 2546-001
Account  # 0607
Invoice   # 264029
Liddy    # 199503-1

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF PIMA

MELISSA MARTIN MCBEATH,

                                    Plaintiff(s),

vs

TUCSON TAMALE COMPANY, et al.,

                                    Defendant(s).

**ORIGINAL**

**AFFIDAVIT OF ATTEMPTED SERVICE
BY PRIVATE PROCESS SERVER**
Case No. C20161794

STATE OF ARIZON
Pima County

On 7/8/2016 I received a Subpoena in a Civil Case, Affidavit of Custodian of Records, Letter to Custodian of Records and in each instance I personally attempted to serve the documents listed on those named below, in the manner and at the time and place shown, that all attempts, except where noted, were made with Pima County, AZ.

Upon EHUD GAVRON at 7119 N. Lemmon Rock Pl., Tucson, AZ 85718; on 7/8/16 at 6:00pm, no answer, lights on; on 7/9/16 at 8:00am, no answer; on 7/10/16 at 5:30pm, TV on loudly, someone was flipping channels, could hear pots and pans banging, package addressed to Ehud Gavron on doorstep, no answer; on 7/11/16 at 9:10pm, no answer, lights on.  I am returning the documents to the client.

Received from FARHANG & MEDCOFF, PLLC, ( TRAVIS TUFTS #029373 )

PROCESS SERVER:  Tracy Janiga #572

The undersigned states: That I am a certified private process server in the county of Pima and am an Officer of the Court.

SIGNATURE OF PROCESS SERVER: _____  Date: 7/12/2016

| Item | Amount |
|------|--------|
| Mileage | $28.80 |
| Rush Charge Service | $30.00 |
| Affidavit/Notary | $10.00 |

Subscribed and sworn before me on 7/12/2016

_____
Vicki Rieffer

NOTARY PUBLIC
STATE OF ARIZONA
Pima County
VICKI RIEFFER
My Commission Expires June 10, 2018

Notary Public
My Commission Expires
June 10, 2018

Tax ID# 90-0533870

Total      $68.80

# EXHIBIT 13

00047571.1

FILED
TONI HELLON
CLERK, SUPERIOR COURT
8/19/2016 2:23:03 PM
By: Victoria Soto

ARIZONA SUPERIOR COURT, PIMA COUNTY
HON. GUS ARAGON                                    CASE NO.   C20161794

COURT REPORTER:   Bonnie Gray                      DATE:      August 15, 2016
                  Courtroom - 814

MELISSA MARTIN MCBEATH                             In Proper Person
    Plaintiff
VS.

TUCSON TAMALE COMPANY,                             Travis L Tufts, Esq. and Robert C. Garcia, Esq.
TODD RUSSELL MARTIN,                               - Counsel for Defendants
SHERRY MARTIN,  and
LISA MARTIN
    Defendants

## M I N U T E   E N T R Y

**ORAL ARGUMENT:**

Plaintiff is present.  Defendant is not present.

As to the defendants' motion to strike,

Mr. Tufts argues to the Court.

The plaintiff argues to the Court in response.

The Court directs the plaintiff and counsel to meet and confer.  The Court will defer ruling on this matter.

As to the motion to dismiss,

Mr. Tufts makes statements to the Court.

IT IS ORDERED deferring consideration of the motion to dismiss pending any future amendments that may occur with respect to the complaint and those future amendments are yet to be determined.  The deferral of the motion to dismiss is without prejudice to reasserting it at a future date when it is more appropriate and timely.

As to the plaintiff's motion to strike new argument,

Mr. Garcia makes statements to the Court.

The plaintiff makes statements to the Court in response.

THE COURT FINDS that it is appropriate to defer ruling on the two motions to strike, one filed June 14, 2016 and one filed June 22, 2016.  Both motions deal with two separate topics, neither of which are timely.  Therefore, the Court will defer, without prejudice, to allowing the parties to reassert those motions if and when they become appropriate based upon any new set of pleadings that may exist.

                                            Victoria Soto
                                            Deputy Clerk

# MINUTE ENTRY

Page 2                          Date: August 15, 2016                   Case No.:  C20161794

The Court notes another motion, filed June 30, 2016 is the plaintiff 's motion to compel response to interrogatories.

There being no objection to deferring this matter,

The Court will defer, at plaintiff's request, the motion to compel without prejudice to the motion being reasserted later on if it becomes more appropriate or timely.

The Court notes that plaintiff has the motion to take non-party depositions filed July 8, 2016.

The plaintiff makes statements to the Court regarding the motion as to the three individuals stated in court (Shawn Kaylor, Delaney Hare, Meaghan Anderson).

Mr. Garcia makes statements to the Court in response.

The Court will allow the depositions of the above-listed 3 individuals.

The Court informs the plaintiff that there is a statute that will require her to reimburse the defendant or employer for the time taken to take the depositions.

As to the three individuals mentioned,

IT IS ORDERED that the motion to preclude their depositions is DENIED.

The Court further informs the plaintiff that there are time limits with how long depositions can be and instructs the plaintiff to familiarize herself with those rules.

As to witness, Lindsey Welch, the plaintiff makes statements to the Court.

Mr. Garcia makes statements to the Court in response.

For the same reasons as stated with respect to the first three witnesses,

IT IS ORDERED that plaintiff is permitted to take the deposition of Lindsey Welch.

As to Alejandra Valenzuela and Joshua Cooper,

The plaintiff makes statements to the Court.

Mr. Garcia defers to his previous argument.

Taking the prior arguments into account,

IT IS ORDERED that plaintiff is permitted to depose Alejandra Valenzuela.

As to Joshua Cooper,

The plaintiff argues to the Court.

Mr. Garcia argues to the Court in response.

The Court and counsel discuss the matter.

***

Victoria Soto
Deputy Clerk

**M I N U T E   E N T R Y**

Page  3                          Date:  August 15, 2016                     Case No.:   C20161794

IT IS ORDERED granting the protective order with respect to Joshua Cooper and the plaintiff will not be permitted to depose him.  The plaintiff may have leave to request that the issue be reconsidered if it becomes necessary down the road.

As to the defendant's motions for Rule 56(f) relief filed on July 20, 2016, (Defendant filed 2 such motions on the same date).

The Court and counsel discuss the matter.

IT IS ORDERED that any motions for summary judgment shall be deferred.  The Court will not rule on those motions until the parties send a joint report indicating that at least one of the parties feels as though the issue of summary judgment needs to be addressed.  In the mean time, the Rule 56(f) requests are moot because the urgency of Rule 56 motions has been removed.

As to the defendant's motion for alternative subpoena duces tecum service,

Mr. Garcia makes statements to the Court.

The plaintiff makes statements to the Court in response.

The Court and counsel discuss the matters.

IT IS ORDERED the request is GRANTED.

IT IS FURTHER ORDERED that the parties meet and confer, and if possible, arrive at a stipulation as to what Mr. Gavron is required to provide by way of response to the subpoena.  The defendant may serve Mr. Gavron by posting a physical copy of the document at the Gavron residence and  to his email.  The plaintiff is also directed to notify Mr. Gavron that he has been subpoenaed.

Mr. Garcia notes for the Court that plaintiff filed a motion for protective order for Gavron and Marquez, and further presumes that the motion for protective order is moot until we have further discussion.

The Court states it will not address any protective orders with respect to Gavron and Marquez until the parties have had a chance to structure the issues as to what they might provide information on.

IT IS ORDERED that at least at the current time, Mr. Gavron shall not be required to provide information or testimony about those things upon which he has been consulted  as an expert, unless he is disclosed as an expert on the topic upon which discovery is being shought.

The Court notes again that the parties should meet and confer to determine whether they can come to some understanding as to what each other's position is.

IT IS ORDERED that the parties take 15 minutes at this time to meet and confer on the issue of the re-structuring and rewording of the complaint.

_____
Victoria Soto
Deputy Clerk

# M I N U T E   E N T R Y

Page 4                              Date: August 15, 2016                    Case No.:   C20161794

LATER IN COURT:

Same parties, counsel present.

Mr. Garcia informs the Court that they have reached some stipulations as stated on the record.

The plaintiff concurs with the agreements as stated by Mr. Garcia.

The Court notes that the parties have also stipulated to set a deadline for the plaintiff to submit a proposed amended complaint to the defendants by no later than August 23, 2016.  Defendants will provide their input on the proposed amended complaint by no later than August 26, 2016.  Thereafter the plaintiff will file the amended complaint

The Court further notes that the parties have agreed that at the end of this process, the plaintiff will file her amended complaint by no later than Friday, September 2, 2016.  There will be no need to file a motion to amend the complaint.  Plaintiff has been cautioned during the hearing that her current Complaint contains parts that are not in compliance with ARCP Rule 8 (short and plain statement of the claim); and that  her amended complaint should be significantly shorter.

Mr. Garcia informs the Court that the parties have also reached an agreement on the following: as to the subpoena for Mr. Gavron, the parties discussed and agree that Mr. Gavron will produce, and plaintiff will not object to, information throughout the entire relevant period both before and after the filing of the store communications act claims.  However, as to the plaintiff's claims that a witness privilege exists, the plaintiff and Mr. Gavron will withhold the information purportedly protected by this privilege and provide a privilege log.

The Court notes that the parties have stipulated as well that Mr. Gavron shall respond to the subpoena that has been discussed on the record and will produce documents generated  before and after a certain claim which the parties are calling the stored communications claim.  The parties further agree that Mr. Gavron or the plaintiff shall be permitted to withhold information that she claims is privileged.  The plaintiff shall follow the procedures set forth for a privilege log.

The parties have also agreed that the joint report under Rule 16(b) shall be due no later than September 16, 2016.

IT IS ORDERED that the parties submit along with the joint report, a proposed scheduling order for the Court's consideration by September 16, 2016.

IT IS FURTHER ORDERED that any motions that have not been ruled upon or stipulated to, and motions to which ruling has been deferred, are deemed withdrawn, with leave to reassert those motions at a later

Victoria Soto
Deputy Clerk

# M I N U T E   E N T R Y

| Page 5 | Date: August 15, 2016 | Case No.:  C20161794 |
|---|---|---|

date.

The parties shall  list  any motion that they feel still remains to be resolved  in the Rule 16(b) joint

report.

LATER IN CHAMBERS:

Any motion that was not resolved this date and which is not listed as needing resolution in the Joint

Report shall be deemed denied.

cc:    Hon. Gus Aragon
       Robert C. Garcia, Esq.
       Travis L Tufts, Esq.
       Melissa Martin McBeath

Victoria Soto
Deputy Clerk

# EXHIBIT 14

00047571.1

Re: The Supreme Court will hate this 2-pg bill

**Subject:** Re: The Supreme Court will hate this 2-pg bill
**From:** Ehud Gavron <gavron@wetwork.net>
**Date:** 07/11/2015 06:44 AM
**To:** Martin Fox <martin.fox@prolifealliance.org>

You should have been aborted.

E

On July 11, 2015 4:45:35 AM MST, Martin Fox <martin.fox@prolifealliance.org>
wrote:

    National Pro-Life Alliance

Dear Pro-Life American,

If you are ready to see the end of 42 years of Roe v. Wade,
you'll want to read the rest of this email.

As you know, the Life at Conception Act would use the Supreme
Court's own language to end the slaughter of the unborn in our
nation.

Thanks to the persistence and action of tens of thousands of
National Pro-Life Alliance members like you, the Life at
Conception Act is closer to passing than ever before.

Starting with a flood of post cards, letters, and petitions,
you and I began the year with an all-time record of 54
original cosponsors for the Life at Conception Act.

Then three and a half months ago, when I asked for your
support for a 29 day Life at Conception Act Cosponsor Blitz,
National Pro-Life Alliance members signed and generated a new
tidal wave of petitions to Congress.

As a result, I can report that we not only met our goal, but
have continued to add cosponsors since!

Now, I want to take our campaign to legislatively overturn Roe
v. Wade to the next level.

07/24/2016 11:52 AM

EG12

TTC 000304

# EXHIBIT 15

1

2

3

MELISSA MARTIN McBEATH
3463 E. TERRA ALTA BLVD.
TUCSON, AZ 85716
Ph:  (520) 449-9753
*mel.mcbeath@cox.net*

4

5

6

Pro Se

7

8

9

**SUPERIOR COURT OF ARIZONA
COUNTY OF PIMA**

10

11

12

13

MELISSA MARTIN McBEATH, an
individual,

Case No. C20161794

14

15

                    Plaintiff,

          v.

**PLAINTIFF'S MOTION TO STRIKE
NEW ARGUMENT ("ABUSE
OF LITIGANT'S PRIVILEGE")
RAISED FOR THE FIRST TIME IN
DEFENDANTS' REPLY BRIEF**

16

17

TUCSON TAMALE COMPANY; an
Arizona corporation, *et al.*,

18

                    Defendants.

[Ariz. R. Civ. P. 7.1(f)]

19

20

21

TUCSON TAMALE COMPANY; an
Arizona corporation,

Assigned to Hon. Gus Aragon

22

23

                    Counterclaimant,

          v.

24

25

MELISSA MARTIN McBEATH, an
individual, *et al.*,

26

27

                    Counterdefendants.

28

10139.1

1

2

3   Dated:  June 14, 2016                    Respectfully submitted,

4

5                                            Melissa Martin McBeath

6

7

8

9

10

11

12

13   ORIGINAL filed via TurboCourt on June 14, 2016 with:

14   Clerk of the Court

15   Pima County Superior Court

16

17   COPY served via TurboCourt to:

18   Roberto C. Garcia

19   *rgarcia@fmazlaw.com*
     Travis L. Tufts

20   *ttufts@fmazlaw.com*

21

22   Attorneys for:
     Tucson Tamale Company

23   Todd Russell Martin

24   Sherry Martin
     Lisa Martin

25

26

27   Xavier Molina

28

# EXHIBIT 16

00047571.1

**From:**         Robert Garcia
**Sent:**         Tuesday, June 14, 2016 6:15 PM
**To:**           'E-SERVICE'
**Cc:**           Autumn Bonnell; Travis L. Tufts
**Subject:**     RE: McBeath v. Tucson Tamale Co. et al. (First Set of NUIs to Sherry Martin)

Mr. Molina:

We've seen your name appear on various documents in this litigation.  Are you an attorney?  If so, do you represent Ms. McBeath?  If you are not an attorney, are you a document preparer?  We are preparing discovery requests and would like to know whether there is a privilege issue we need to be aware of before sending such requests.  Thanks.

Best regards,

**FARHANG&MEDCOFF**
———— Attorneys ————

**Robert C. Garcia**
Profile | vCard

4801 East Broadway Boulevard | Suite 311 | Tucson, Arizona 85711
General: 520.790.5433 | Direct: 520.396.2205 | Fax: 520.790.5736

**From:** E-SERVICE [mailto:mcbeathdocs@gmail.com]
**Sent:** Tuesday, June 14, 2016 5:57 PM
**To:** Robert Garcia <rgarcia@fmazlaw.com>; Travis L. Tufts <ttufts@fmazlaw.com>
**Cc:** Autumn Bonnell <abonnell@fmazlaw.com>; Mel M <Mel.McBeath@cox.net>
**Subject:** McBeath v. Tucson Tamale Co. et al. (First Set of NUIs to Sherry Martin)

## Counsel,

## Attached is the following document:

**PLAINTIFF'S FIRST SET OF NON-UNIFORM INTERROGATORIES TO SHERRY MARTIN**

## Thank you.

## -Xavier Molina

1

# EXHIBIT 17

00047571.1



Thursday, November 17, 2016

## ATTORNEY SEARCH

## Francisco Xavier Marquez - #172631

### Current Status:  Disbarred

**This member is prohibited from practicing law in California by order of the California Supreme Court.**

See below for more details.

## Profile Information

*The following information is from the official records of The State Bar of California.*

| | | | |
|---|---|---|---|
| Bar Number: | 172631 | | |
| Address: | Marquez & Associates | Phone Number: | (408) 634-6119 |
| | PO Box 720997 | Fax Number: | (408) 969-1639 |
| | San Jose, CA 95172 | e-mail: | Not Available |
| County: | Santa Clara | Undergraduate School: | Stanford Univ; Stanford CA |
| District: | District 6 | | |
| Sections: | None | Law School: | UC Hastings COL; San Francisco CA |

## Status History

| Effective Date | Status Change |
|---|---|
| Present | Disbarred |
| 10/16/2014 | Disbarred |
| 5/10/2014 | Not Eligible To Practice Law in CA |
| 12/8/1994 | Admitted to The State Bar of California |

Explanation of member status

## Actions Affecting Eligibility to Practice Law in California

| Effective Date | Description | Case Number | Resulting Status |
|---|---|---|---|
| Disciplinary and Related Actions | | | |

Overview of the attorney discipline system.

| | | | |
|---|---|---|---|
| 10/16/2014 | Disbarment | 11-O-16244 | Disbarred |
| 5/10/2014 | Ordered inactive | 11-O-16244 | Not Eligible To Practice Law in CA |

**Administrative Actions**

This member has no public record of administrative actions.

Copies of official attorney discipline records are available upon request.

Explanation of common actions

## State Bar Court Cases

State Bar of CA :: Francisco Xavier Marquez                                                    Page 2 of 2

**NOTE:** *The State Bar Court began posting public discipline documents online in 2005. The format and pagination of documents posted on this site may vary from the originals in the case file as a result of their translation from the original format into Word and PDF. Copies of additional related documents in a case are available upon request. Only Opinions designated for publication in the State Bar Court Reporter may be cited or relied on as precedent in State Bar Court proceedings. For further information about a case that is displayed here, please refer to the State Bar Court's online docket, which can be found at: http://apps.statebarcourt.ca.gov/dockets/dockets.aspx*

**DISCLAIMER:** *Any posted Notice of Disciplinary Charges, Conviction Transmittal or other initiating document, contains only allegations of professional misconduct. The attorney is presumed to be innocent of any misconduct warranting discipline until the charges have been proven.*

| Effective Date | Case Number | Description |
|---|---|---|
| 10/16/2014 | 11-O-16244 | Decision [PDF] [WORD] |

## California Bar Journal Discipline Summaries

*Summaries from the California Bar Journal are based on discipline orders but are not the official records. Not all discipline actions have associated CBJ summaries. Copies of official attorney discipline records are available upon request.*

**October 16, 2014**

FRANCISCO XAVIER MARQUEZ [#172631], 49, of San Jose, was disbarred Oct. 16, 2014 and ordered to comply with rule 9.20 and make restitution.

The State Bar Court found Marquez culpable of failing to obey court orders, failing to maintain funds in his client trust account, collecting an illegal fee and misappropriation in one client matter. He also had two misdemeanor convictions for driving under the influence of alcohol.

In the client matter, Marquez was hired to represent a man in a dispute involving his mother's estate. There was a question of whether Marquez's client was the sole beneficiary of the estate or a co-beneficiary with his siblings. Despite the dispute, the client sold his mother's home in July 2006 and Marquez placed the sales proceeds totaling $721,008.05 into his business checking account. That same day, Marquez transferred $681,008.05 into his personal savings account and $40,000 to a partner at his firm. Although Marquez claimed the $40,000 was for his partner's fees for working on the case, the court found no evidence to support it.

On April 13, 2009, the probate court of San Mateo County enjoined Marquez and his client from using any sale proceeds from the home and ordered the money placed in a blocked, interest-bearing account. Two months later, the court filed an order demanding an accounting and a return of estate funds. That July, Marquez filed a response stating $13,475 had been paid to his client for repair expenses to prepare the home for sale, $419,595 had been paid to Marquez's firm for costs and legal services and the estate had lost $93,059 as a result of the financial crash in fall 2008. He said there was $194,877 in remaining estate funds. Although he acknowledged receipt of $419,595 in total payments from the estate, Marquez's billing records accounted for only $288,059.25 as attorney fees for services rendered. The court ultimately disqualified Marquez from representing the client and ordered Marquez to repay the $419,595. The litigation was dismissed, and the remaining estate funds of $194,877 were distributed to the three siblings.

After Marquez failed to comply with that order and two that followed it, the matter proceeded to trial on the remaining issues against him. When the court's ruling did not go in his favor, Marquez appealed it unsuccessfully. He then filed an appeal with the California Supreme Court, which affirmed the appellate court's ruling. As of the date of the State Bar Court's decision, he still had not repaid the money.

He was ordered to pay $419,595 plus interest in restitution.

In mitigation, Marquez had no prior record of discipline and presented evidence of his good character.

Start New Search »

Copyright © 2016, The State Bar of California

http://members.calbar.ca.gov/fal/Member/Detail/172631                                      11/17/2016

# EXHIBIT 18

00047571.1

| | |
|---|---|
| **From:** | Mel McBeath <mel@tucsontamalecompany.com> |
| **Sent:** | Wednesday, July 22, 2015 1:36 PM |
| **To:** | Sherry Martin |
| **Cc:** | Lisa Martin; Todd Martin |
| **Subject:** | Re: Team Member Handbook |
| | |
| **Categories:** | McBeath |

Hi,

FYI
Wanted to add that we DO need to change the piece on page 15 regarding 2 weeks notice and tip pool...we must pay tips for any shifts worked, regardless of notice.  I checked with an attorney friend - we are an 'at will' employment state which means we can't 'require' notice, but we can encourage it in the manual. Also, tips are wages and as such, we cannot withhold for any reason.

Not sure who will rewrite that piece - Lisa?

Thanks,

M


**Melissa Martin McBeath**
**Area Manager**
**Tucson Tamale Company**
**520.449.9753**

On Mon, Jul 20, 2015 at 4:39 PM, Sherry Martin <sherry@tucsontamalecompany.com> wrote:
Hi,
Attached is a WORD doc of the final Team Member
Handbook.  Progressive Discipline and Review Process has been added.

Please edIt in WORD and send back.  I will post a copy on the drive in a
PDF format once you have had a chance to look over.

thanks
Sherry

--

1

TTC 000387

# EXHIBIT 19

00047571.1

| | |
|---|---|
| **From:** | Mel McBeath <mel@tucsontamalecompany.com> |
| **Sent:** | Tuesday, November 17, 2015 9:38 PM |
| **To:** | Frank |
| **Subject:** | Re: Absolute |

Yays.

♡ you mi cielo!

Melissa Martin McBeath
Area Manager
Tucson Tamale Company
520.449.9753

On Nov 17, 2015 9:32 PM, "Francisco X. Márquez" <fxm@marquezlegal.com> wrote:
**Got it!**

On Tue, Nov 17, 2015 at 8:31 PM, Mel McBeath <mel@tucsontamalecompany.com> wrote:

;-)

Melissa Martin McBeath
Area Manager
Tucson Tamale Company
520.449.9753

TTC 000764

# EXHIBIT 20

00047571.1

**Subject:**          Meeting with my Barrister

**Start:**            Thu 11/19/2015 6:00 AM
**End:**              Thu 11/19/2015 7:00 AM

**Recurrence:**       (none)

1