MELISSA MARTIN McBEATH
3463 E. TERRA ALTA BLVD.
TUCSON, AZ 85716
Ph:  (520) 449-9753
*mel.mcbeath@cox.net*

Pro Se

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA, TUCSON DIVISION

| | |
|---|---|
| MELISSA MARTIN McBEATH, <br> an individual, <br><br> Plaintiff, <br> v. <br><br> TUCSON TAMALE COMPANY, an Arizona corporation; <br> TODD RUSSELL MARTIN; <br> an individual; <br> SHERRY MARTIN, an individual; and LISA MARTIN, an individual, <br><br> Defendants. <br> ——————————————— <br><br> AND TUCSON TAMALE COMPANY'S RELATED COUNTERCLAIMS | Case No. CV 16-462-TUC-DCB (BPV) <br><br><br> **OPPOSITION TO DEFENDANTS' MOTION TO QUASH SUBPOENA SERVED ON KOTY-LEAVITT INSURANCE AGENCY, INC.  AND FOR A PROTECTIVE ORDER** <br><br> Fed. R. Civ. P. 45(c)(3)(A) <br> L. R. Civ. 7.2(j) <br> ——————————————— <br> Assigned to Hon. David C. Bury <br><br> Complaint filed:  July 11, 2016 |

# LEGAL DISCUSSION

Plaintiff/Counterdefendant Melissa Martin McBeath hereby opposes the Motion to Quash and for a Protective Order filed by Tucson Tamale Company (*"TTC"*), Todd Russell Martin, Sherry Martin and Lisa Martin under Fed. R. Civ. P. 45(c)(3)(A). The motion should be disregarded in its entirety and summarily denied because Defendants failed to abide by the agreement the parties reached when McBeath met and conferred with them in good faith regarding the manner in which Koty-Leavitt Insurance Agency, Inc. will produce the documents requested.

**A.**   **Defense counsel's certification that the parties could not resolve the present discovery dispute violates L. R Civ. 7.2(j) because it is not true.**

Defendants submitted a one-sentence Certificate that states:  "Undersigned counsel certifies that he made good faith efforts to resolve the discovery dispute related to McBeath's Subpoena to Koty-Leavitt Insurance Agency, Inc., but the parties have been unable to satisfactorily resolve the dispute without Court intervention." (Dkt. 56) This statement is patently false.

The unauthenticated emails and correspondence attached to the motion show that the parties did reach a mutually acceptable compromise on the issues raised by the relief sought by the motion.

L. R. Civ. 7.2(j) requires the moving party in a discovery-related motion to submit "a statement certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter."

This local rule is similar to Fed. R. Civ. P. 37(a) ("The motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). Federal courts require the moving party to submit a separate certification document, and performance

1  of the meet and confer efforts.[1] "Performance" requires that movants certify that

2  they have (i) in good faith, (ii) conferred or attempted to confer with the other

3  side. Those subcomponents have to be shown by the facts of a particular case for

4  the "certification" to be valid and the motion to be considered.[2]

5    Defense counsel's perfunctory L. R. Civ. 7.2(j) statement is not only

6  deficient in substance, but flouts the good-faith requirement of the rule that—at a

7  minimum—the representations made to the Court are true.[3] McBeath refuses to

8  be gaslit by Defendants' distorted narration of the facts chronicled below.

9    **B.**   **The agreement the parties reached after they met and conferred.**

10    On March 23, 2017, McBeath sent a letter via email that presented the

11  following proposal to defense counsel, Robert C. Garcia, after she me with him in

12  person to talk about how Koty-Leavitt should respond to the subpoena:

13     I write to meet and confer with you further regarding the documents that

14     Koty-Leavitt Insurance Agency, Inc. is going to produce in response to my

15     subpoena duces tecum.

16     I thought more about your request to review these documents before I

17     receive them so that you may cull any that are privileged or that were

18    [1]  *Shuffle Master v. Progressive Games*, 170 F.R.D. 166, 170 (D. Nev. 1996).

  [2]  *Id.*

19    [3]  "A moving party must include more than a cursory recitation that counsel

20  have been unable to resolve the matter." *Shuffle Master*, 170 F.R.D. at 171. Rather,

21  counsel must provide enough "essential facts" that the court can make a

22  judgment on the "adequacy and sincerity of the good faith conferment between

the parties." *Id.* "Essential facts" means the certificate has to include "the names of

23  the parties who conferred, the manner by which they communicated, the dispute

24  at issue, as well as the dates, times, and results of their discussions, if any." *Id.* A

declaration that merely perfunctorily regurgitates the statute is not an "actual

25  certification document" within the meaning of Rule 37(a)(1). *Sanchez v. Wash.*

26  *Mutual Bank (In re Sanchez),* 2008 Bankr. LEXIS 4239 (Bankr. E.D. Cal. 2008).

27  Failing to provide a compliant certificate is grounds for the court to deny the

motion to compel. *Kidwiler v. Progressive Paloverde Ins. Co.,* 192 F.R.D. 193, 197

28  (N.D.W.Va. 2000).

OPPOSITION TO DEFENDANTS'
MOTION TO QUASH SUBPOENA

CV-16-462-TUS-DCB (BPV)

1
2
3
4

"prepared in anticipation of litigation." I fear the net of the latter classification may sweep too broadly because no doubt your clients will argue that most, if not all, communications with the agent of its insurance carrier relate in some way to anticipated litigation. Why else carry employment liability insurance if not to cover the expense of possible future litigation?

5
6
7
8
9
10
11
12

I will ask Koty-Leavitt to send the documents to you tomorrow so that you may review them before I receive them. If you believe there are documents that should not be produced, then please proceed with a motion to quash the production of those specific documents. I prefer that the court determine whether the materials your clients want culled were prepared in the ordinary course of business or are work product prepared in anticipation of litigation. Your clients will have to show that each document they want withheld from Koty-Leavitt's production "was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation[.]" [citations omitted]

13
14
15
16

I will instruct Koty-Leavitt to omit from their document production all communications with counsel and any documents that contain attorney work product. I am confident that Koty-Leavitt's attorney can competently conduct this straight-forward privilege review.[4]

17
18
19
20
21

The following day, on March 24, 2017, Travis L. Tufts (another one of Defendants' attorneys), responded via email to McBeath's letter to Mr. Garcia where Mr. Tufts *expressly agreed to follow the "mechanism"* McBeath had proposed regarding the manner in which Koty-Leavitt's document production would be handled and then turned over to McBeath.

22

Mr. Tufts' email states in part:

23
24

***[W]e are agreeable to the mechanism outlined in your e-mailed letter dated March 23, 2017.***[5]

25
26
27
28

[4]   Melissa Martin McBeath Declaration, dated April 4, 2017 (***"McBeath Dec."***) – Exhibit A.

[5]   McBeath Dec. – Exhibit B (emphasis added).

On March 28, 2017, Mr. Tufts wrote to McBeath to ask her to agree to narrow the scope of the subpoena as follows:

> I spoke with Ms. Wegner from Koty-Leavitt regarding your subpoena requests and related production to our office. I copied her on this e-mail.
>
> Ms. Wegner informed me that document request number four calls for production of hundreds of documents, if not more. There are documents and communications related to auto insurance policies and workers' compensation policies, among other non-EPLI [employment practices liability insurance] policies. These documents are not only voluminous but are replete with references to individuals and their private personal information, all of which would need to be redacted prior to production to either party. I hope that you will agree with me that auto insurance, workers' compensation, and any non-EPLI policies and communications are not at issue in this case.
>
> To ease the burden of production and avoid potential objections, Koty-Leavitt asked me to reach out to you to see if you would narrow document request number four. Will you agree to limit subpoena request number four to documents related to Tucson Tamale's EPLI insurance over the past two years? Please let us know if you are agreeable to this limitation.[6]

McBeath agreed to narrow the scope of the subpoena as requested and that same day, on March 28, 2017, she instructed Koty-Leavitt as follows:

> I write to respond to the e-mail I received today from Travis Tufts, counsel for Tucson Tamale Company, asking me to agree to narrow the scope of Document Request No. 4 of the subpoena duces tecum served on Koty-Leavitt Insurance Agency, Inc. on March 9, 2017.
>
> I agree to limit Document Request No. 4 as follows:
>
> > Koty-Leavitt Insurance Agency will produce all DOCUMENTS that RELATE to Tucson Tamale Company dated, created or that YOU received since January 2015 through the date that YOU respond to the subpoena. The DOCUMENTS produced may be limited to DOCUMENTS that RELATE to employment practices liability insurance.[7]

---

[6] McBeath Dec. – <u>Exhibit C</u>.

[7] McBeath Dec. – <u>Exhibit D</u>.

On Wednesday, March 29, 2017, Mr. Tufts wrote again to McBeath where he once again repeated and reaffirmed the terms of the parties' agreement:

> One additional issue arose during my conversation with Ms. Wegner regarding a statement in your letter dated March 24, 2017, attached, conveying your intention to pick up the documents responsive to the subpoena on March 30, 2017.  As you know, we agreed to the mechanism outlined in your March 23, 2017 e-mail only.  See attached letter with the attached acknowledgement of our agreement.  That is, we agreed that Koty-Leavitt will "send the documents to [us] so that [we] may review them before [you] receive them."  After review, "if [we] believe there are documents that should not be produced, then please proceed with a motion to quash the production of those specific documents."[8]

In the March 29 email, Mr. Tuft demanded that McBeath not pick up the documents in person from Koty-Leavitt's office. She had offered to do that as a professional courtesy to save Koty-Leavitt the trouble of mailing the documents to McBeath. Mr. Tufts also demanded three more business days to conduct his review. (This is after McBeath had already delayed the production by a week to continue to meet and confer in good faith with defense counsel.) He did not say how many documents Koty-Leavitt had given to him to review, nor how long it would take him to review those documents.[9]

Because Mr. Tufts failed to explain why he needed so much more time, McBeath granted his request in part. She gave him one more business day to perform what should be a quick, perfunctory review. McBeath told him she would pick up the documents by noon on Friday, March 31, 2017.[10] This was the last exchange McBeath had with Mr. Tufts.

Apparently, Mr. Tufts spent the additional day writing the Motion to Quash the subpoena rather than focus on reviewing the documents. The motion

---

[8]    McBeath Dec. – <u>Exhibit E</u>.
[9]    McBeath Dec. – <u>Exhibit E</u>.
[10]    McBeath Dec. – <u>Exhibit F</u>.

took McBeath completely by surprise. The relief the motion requests completely rescinds the agreement Defendants had reached with McBeath and asks the Court to quash the entire document production request—not just those that are privileged or were prepared in anticipation of litigation or to prepare for trial.[11]

Mr. Tufts does not explain what entitles Defendants to unilaterally renege on their agreement with McBeath to follow the mechanism they had agreed on just because he did not get *exactly* what he wanted—i.e., an additional five calendar days to conduct a simple privilege review of the documents.

Mr. Tufts probably would have taken less time to conduct the review than the time he spent writing his acerbic Motion to Quash. This entire controversy could so easily have been averted if only he had picked up the phone and explained to McBeath why he needed more time. Instead he filed a Motion to Quash; such churlish behavior is simply not productive and burdens the Court with unnecessary motion practice.

Defendants should be compelled to follow the mechanism they agreed to follow when McBeath met and conferred in good faith with defense counsel, as demonstrated by (i) her granting two extensions of time, (ii) agreeing to allow defense counsel to review the documents before Koty-Leavitt turned them over to McBeath, and (iii) agreeing to drastically narrow the scope of the subpoena as Defendants requested.

Once defense counsel completes his review of the documents, he can provide a privilege log of the ones Defendants want omitted from Koty-Leavitt's document production. The parties can then meet and confer further on whether there's good cause to narrow the scope of the subpoena even more.

At this point, McBeath is flying blind unless and until she gets a sense of the nature, scope and volume of the responsive documents that Koty-Leavitt has

---

[11]   McBeath Dec. ¶ 4.

already turned over to defense counsel to review. McBeath worked hard to address Defendants' concerns until the parties reached a reasonable compromise. They should now honor it.

**C.     The documents requested are relevant to McBeath's claims and are otherwise discoverable under Fed. R. Civ. P. 26.**

McBeath's subpoena seeks more than the complete insurance policy from Koty-Leavitt. She seeks documents that are not related to Defendants' insurance decisions, but rather that are relevant to her employment claims and are therefore otherwise discoverable under the federal discovery rules.

Rule 26 makes clear the broad scope of examination and that it may cover not only evidence for use at the trial but also inquiry into matters in themselves inadmissible as evidence but that will lead to the discovery of such evidence.

The purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters that may aid a party in the preparation or presentation of his case.[12] In such a preliminary inquiry admissibility at trial should not be the test as to whether the information sought is within the scope of proper examination. Such a standard unnecessarily curtails the utility of discovery practice. Of course, matters entirely without bearing either as direct evidence or as leads to evidence are not within the scope of inquiry, but to the extent that the examination develops useful information, it functions successfully as an instrument of discovery, even if it produces no testimony directly admissible.[13]

---

[12]   *See Engl v. Aetna Life Ins. Co.*, 139 F.2d 469 (1943).

[13]   *Lewis v. United Air Lines Transportation Corp. D Conn,* 27 F. Supp. 946 (1939); *Rosseau v. Langley,* 9 Fed Rules Serv. 34.41 (1945), Case 1 (Rule 26 contemplates "examinations not merely for the narrow purpose of adducing testimony which may be offered in evidence but also for the broad discovery of information which may be useful in preparation for trial."); *Olson Transportation Co. v. Socony-Vacuum Co.,* 8 Fed Rules Serv. 34.41 (1944), Case 2 (". . . the Rules . . . permit 'fishing' for evidence as they should.").

Rule 26 contemplates examinations not merely for the narrow purpose of adducing testimony that will be offered in evidence at the trial, but also for the broad discovery of information that may be useful in preparation for trial. Rule 26 does not restrict the examinations to matters relevant to the precise issue. The only limitation on the scope of examination under Rule 26 is that the subject matter cannot be privileged and must be relevant to the subject matter involved in the pending action.

McBeath does not seek privileged information nor does she seek trial preparation materials. For these reasons Defendants' request for a sweeping protective order should be denied, or at least narrowed so that it applies only to privileged information.

Defendants do not provide any declaration testimony from competent witnesses with personal knowledge that any of the documents Koty-Leavitt will produce were prepared in anticipation of litigation or preparation for trial.

Given Defendants' propensity for not complying with the rules of procedure, McBeath objects to any new arguments or evidence they may present to the Court in their Reply brief to remedy their deficient moving papers. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

Dated:  April 4, 2017                    Respectfully submitted,

_____

Melissa Martin McBeath

**DECLARATION**

I, MELISSA MARTIN McBEATH, declare:

1.      I am the Plaintiff/Counterdefendant in this action. This declaration is submitted in support of my Opposition to the Motion to Quash the Subpoena Served on Koty-Leavitt Insurance, Agency, Inc. I have personal, first-hand knowledge of all matters stated herein and, if called to testify as to these matters, I could and would do so competently.

2.      On Friday, March 17, 2017, I went to the law offices of Farhang & Medcoff to meet in person with Robert C. Garcia. We spoke about Defendants' concerns regarding the scope of my subpoena duces tecum served on Koty-Leavitt Insurance Agency, Inc.

3.      Following that meeting, and after several exchanges with Travis L. Tufts regarding the scope and timing of Koty-Leavitt's production, we reached an agreement on how the documents were going to be handled.

4.      I was taken completely by surprise by the Motion to Quash that Defendants filed because we had resolved the substantive concerns they had with the Koty-Leavitt subpoena.


**EXHIBITS**

Attached are true and correct copies of the following documents:

<u>Exhibit A</u>    Letter from McBeath to Robert C. Garcia on March 23, 2017.

<u>Exhibit B</u>    Email from Travis L. Tufts to McBeath sent on March 24, 2017.

<u>Exhibit C</u>    Email from Travis L. Tufts to McBeath sent on March 28, 2017.

<u>Exhibit D</u>    Letter to Ferol Wegner of Koty-Leavitt Insurance Agency, Inc. from McBeath sent on March 28, 2017.

MELISSA MARTIN McBEATH'S DECLARATION ISO
OPPOSITION TO DEFENDANTS'
MOTION TO QUASH SUBPOENA

-1-

CV-16-462-TUS-DCB (BPV)

1

2

<u>Exhibit E</u>    Email from Travis L. Tufts to McBeath sent on March 29, 2017.

3

<u>Exhibit F</u>    Letter from McBeath to Travis L. Tufts on March 30, 2017.

4

5

      I declare under penalty of perjury, pursuant to 28 U.S.C. section 1746, that

6

the foregoing is true and correct. Executed on April 4, 2017.

7

_____

8

Melissa Martin McBeath

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT  A

# Melissa Martin McBeath

3463 E. Terra Alta Blvd. • Tucson, AZ 85716 • 520.449.9753 • *mel.mcbeath@cox.net*

<u>SENT VIA E-MAIL ONLY</u>

March 23, 2017

Robert C. Garcia
Farhang & Medcoff
4801 E. Broadway, Suite 311
Tucson, AZ 85711

Re:   <u>*McBeath v. Tucson Tamale Company, et al.*</u>
      U.S. District Court of Arizona Case No. CV-16-462-TUS-DCB (BPV)

Dear Robert,

I write to meet and confer with you further regarding the documents that Koty-Leavitt Insurance Agency, Inc. is going to produce in response to my subpoena duces tecum.

I thought more about your request to review these documents before I receive them so that you may pull any that are privileged or that were "prepared in anticipation of litigation." After Travis brought this up again at my deposition yesterday, my fear is that this classification may be too broad. Your clients will probably argue that most, if not all, communications with Koty-Leavitt relate in some way to anticipated litigation.

Here is what I propose. I will ask Koty-Leavitt to send the documents to you tomorrow so that you may review them before I receive them. If you believe there are documents that should not be produced, then please proceed with a motion to quash the production of those specific documents. I prefer that the court determine whether the materials your clients want removed were prepared in the ordinary course of business or are work product prepared in anticipation of litigation. Your clients will have to show that each document they want withheld from Koty-Leavitt's production "was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation[.]" *United States v. Torf (In re Grand Jury Subpoena),* 357 F.3d 900, 908 (9th Cir. 2003); *Fine v. Bellefonte Underwriters Ins.,* 91 F.R.D. 420, 422 (S.D.N.Y. 1981)(holding that the facts of each case must be carefully reviewed because "at a certain point an insurance company's activity shifts from the ordinary course of business to anticipation of litigation").

Of course, I will instruct Koty-Leavitt to omit from their document production all communications with counsel and any documents that contain attorney work product. I am confident that Koty-Leavitt's attorney can competently conduct this straight-forward privilege review.

Best Regards,

*Melissa Martin McBeath*

Melissa Martin McBeath

10379.1

EXHIBIT  B

From: Travis L. Tufts <ttufts@fmazlaw.com>
Date: Fri, Mar 24, 2017 at 10:20 AM
Subject: RE: McBeath v. TTC - Koty-Leavitt Subpoena
To: Melissa Martin McBeath <mel.mcbeath@cox.net>
Cc: Tish Wright <twright@fmazlaw.com>, Robert Garcia <rgarcia@fmazlaw.com>, Jamie
Archibald <jarchibald@fmazlaw.com>, Lynn Salcido <lsalcido@fmazlaw.com>


Ms. McBeath,

You sent Robert an e-mail after-hours last night, then don't provide any
opportunity for him to respond before unilaterally contacting Koty-Leavitt about
this process at 9:50 a.m. this morning?  This is unreasonable conduct.

With respect to your March 23, 2017 letter, attached, I understand your fear of an
overbroad classification of documents/communications shielded by Rule
26(b)(4).  Indeed, we have outlined the very same fear when requesting
documents you shared with your friends during the course of your employment
which have been unilaterally withheld from your discovery production and/or
destroyed.  That you now fear TTC will overbroadly construe the same rule you
have overbroadly construed throughout this matter seems conflicting and difficult
to reconcile.  Notwithstanding, we are agreeable to the mechanism outlined in
your e-mailed letter dated March 23, 2017.

Conveniently, you took the liberty of inserting a fee-shifting provision in the e-
mailed letter you just sent Koty-Leavitt, attached.  Of course, we never agreed to
such an arrangement nor do the communications reflect that condition.  I will
clear the record with Koty-Leavitt accordingly.

Finally, as we have mentioned before, we are not waiving our rights to object to
the relevance of any the documents ultimately produced by Koty-Leavitt utilizing
this mechanism.

Travis

**Travis L. Tufts**
Profile | vCard
4801 East Broadway Boulevard | Suite 311 | Tucson, Arizona 85711
General: 520.790.5433 | Direct: 520.398.7466 | Fax: 520.790.5736
www.fmazlaw.com

EXHIBIT  C

From: Travis L. Tufts <ttufts@fmazlaw.com>
Date: Tue, Mar 28, 2017 at 8:32 AM
Subject: Koty-Leavitt Subpoena
To: Melissa Martin McBeath <mel.mcbeath@cox.net>
Cc: ferol-wegner@leavitt.com <ferol-wegner@leavitt.com>, Robert Garcia
<rgarcia@fmazlaw.com>, Tish Wright <twright@fmazlaw.com>, Jamie Archibald
<jarchibald@fmazlaw.com>, Lynn Salcido <lsalcido@fmazlaw.com>, lloyd-
koty@leavitt.com <lloyd-koty@leavitt.com>


Ms. McBeath,

I spoke with Ms. Wegner from Koty-Leavitt regarding your subpoena requests and
related production to our office.  I copied her on this e-mail.

Ms. Wegner informed me that document request number four calls for production
of hundreds of documents, if not more.  There are documents and communications
related to auto insurance policies and workers' compensation policies, among
other non-EPLI policies.  These documents are not only voluminous but are
replete with references to individuals and their private personal information, all of
which would need to be redacted prior to production to either party.  I hope that
you will agree with me that auto insurance, workers' compensation, and any non-
EPLI policies and communications are not at issue in this case.

To ease the burden of production and avoid potential objections, Koty-Leavitt
asked me to reach out to you to see if you would narrow document request number
four.  Will you agree to limit subpoena request number four to documents related
to Tucson Tamale's EPLI insurance over the past two years?

Please let us know if you are agreeable to this limitation.

Regards,

Travis


**Travis L. Tufts**
Profile | vCard
4801 East Broadway Boulevard | Suite 311 | Tucson, Arizona 85711
General: 520.790.5433 | Direct: 520.398.7466 | Fax: 520.790.5736
www.fmazlaw.com

EXHIBIT  D

# Melissa Martin McBeath

3463 E. Terra Alta Blvd. • Tucson, AZ 85716 • 520.449.9753 • mel.mcbeath@cox.net

<u>SENT VIA E-MAIL ONLY</u>
ferol-wegner@leavitt.com

March 28, 2017

Ferol Wegner
Koty-Leavitt Insurance Agency, Inc.
6992 E. Broadway Boulevard
Tucson, Arizona 85710

Re:     *Melissa Martin McBeath v. Tucson Tamale Company, et al.*
        U.S. District Court of Arizona Case No. CV-16-462-TUS-DCB (BPV)

Dear Ms. Wegner:

I write to respond to the e-mail I received today from Travis Tufts, counsel for Tucson Tamale Company, asking me to agree to narrow the scope of Document Request No. 4 of the subpoena duces tecum served on Koty-Leavitt Insurance Agency, Inc. on March 9, 2017.

I agree to limit Document Request No. 4 as follows:

> Koty-Leavitt Insurance Agency will produce all DOCUMENTS that RELATE to Tucson Tamale Company dated, created or that YOU received since January 2015 through the date that YOU respond to the subpoena. The DOCUMENTS produced may be limited to DOCUMENTS that RELATE to employment practices liability insurance.[1]

The parties have in place a protective order that I will follow with respect to any documents deemed confidential that are produced in connection with the subpoena. Accordingly, all responsive documents should be produced unredacted as they are currently kept in the regular course of business.

Best Regards,

*Melissa Martin McBeath*

Melissa Martin McBeath

cc:  Robert C. Garcia (via e-mail only)
     Travis L. Tufts (via e-mail only)

---

[1]   The capitalized terms are defined in the subpoena.

EXHIBIT E

From: Travis L. Tufts <ttufts@fmazlaw.com>
Date: Wed, Mar 29, 2017 at 12:20 PM
Subject: RE: McBeath v. Tucson Tamale Co. (Koty-Leavitt Subpoena Duces Tecum)
To: Melissa Martin McBeath <mel.mcbeath@cox.net>, Ferol Wegner <ferol-wegner@leavitt.com>
Cc: Robert Garcia <rgarcia@fmazlaw.com>, Jamie Archibald <jarchibald@fmazlaw.com>, Tish Wright <twright@fmazlaw.com>, lloyd-koty@leavitt.com <lloyd-koty@leavitt.com>, Lynn Salcido <lsalcido@fmazlaw.com>


Ms. McBeath,

Thank you for your agreement to limit the scope of document request number four.  I spoke with Ms. Wegner minutes ago about the status of the production.  Koty-Leavitt's production is not complete, nor have we seen or reviewed any of the documents Koty-Leavitt has responsive to the subpoena.  It is my understanding that Ms. Wegner has been dedicating significant time to producing a voluminous number of documents responsive to your subpoena and hopes to complete the task later this afternoon.

One additional issue arose during my conversation with Ms. Wegner regarding a statement in your letter dated March 24, 2017, attached, conveying your intention to pick up the documents responsive to the subpoena on March 30, 2017.  As you know, we agreed to the mechanism outlined in your March 23, 2017 e-mail only.  See attached letter with the attached acknowledgement of our agreement.  That is, we agreed that Koty-Leavitt will "send the documents to [us] so that [we] may review them before [you] receive them."  After review, "if [we] believe there are documents that should not be produced, then please proceed with a motion to quash the production of those specific documents."  Nowhere in the March 23, 2017 proposal or our agreement to those terms did we agree that you may pick up the subpoena documents on March 30, 2017 regardless of the status of production or our ability to review the documents before you receive them.  Because of your letter to Ms. Wegner indicating an intention to pick up the subpoena responses on March 30, 2017, it is my understanding that Koty-Leavitt is confused and concerned with their obligations to respond to the subpoena and our agreement about the production review.  It is also my understanding that they may need to seek a protective order unless this issue is resolved/clarified.

In light of the fact we have not reviewed any of the documents, not to mention that our agreement does not include the March 30, 2017 pick-up date, will you please agree to forego any plans or expectations you have to pick up the subpoena production tomorrow and instead honor our agreement that

Defendants can review the documents and assert any objections before you receive them?  Assuming you agree to the foregoing and as a gesture of good faith, I will agree to review Koty-Leavitt's production within 3 business days of receipt, then follow up with you the following day to notify you of any documents we believe should not be produced and intend to move to quash with the Court.

Please let us know about this issue as soon as possible.

Regards,

Travis


Travis L. Tufts
Profile l vCard
4801 East Broadway Boulevard l Suite 311 l Tucson, Arizona 85711
General: 520.790.5433 l Direct: 520.398.7466 l Fax: 520.790.5736
www.fmazlaw.com

EXHIBIT  F

# Melissa Martin McBeath

3463 E. Terra Alta Blvd. • Tucson, AZ 85716 • 520.449.9753 • *mel.mcbeath@cox.net*

<u>SENT VIA E-MAIL ONLY</u>

March 30, 2017

Travis L. Tufts
Farhang & Medcoff
4801 E. Broadway, Suite 311
Tucson, AZ 85711

Re:   <u>*Melissa Martin McBeath v. Tucson Tamale Company, et al.*</u>
       U.S. District Court of Arizona Case No. CV-16-462-TUS-DCB (BPV)

Travis:

I write to respond to your email yesterday regarding Koty-Leavitt Insurance Agency, Inc.'s production of documents that were due last week.

I voluntarily extended the production date to today to give you time to review the documents before I receive them. Now you ask for an additional three business days—i.e., five calendar days—to conduct your privilege review. I do not understand why you need that much time. Koty-Leavitt's attorneys should have conducted an initial privilege review, which should expedite yours.

As a professional courtesy, I will give you the entire day today to conduct what should be, at this point, a perfunctory review. I will personally collect the documents from Koty-Leavitt by noon tomorrow.

Best Regards,

Melissa Martin McBeath

cc:  Ferol Wegner (via e-mail only)

10385.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above document was filed electronically with the Clerk of the United States District Court for the District of Arizona, and was served via hyperlink generated by the court's CM/ECF system, which was sent electronically to:

Roberto C. Garcia
*rgarcia@fmazlaw.com*
Travis L. Tufts
*ttufts@fmazlaw.com*
Farhang & Medcoff PLLC
4801 E Broadway Blvd., Ste. 311
Tucson, AZ 85711
520-790-5433

I declare under penalty of perjury, pursuant to 28 U.S.C. section 1746, that the foregoing is true and correct.

Dated:  April 4, 2017

_____
Melissa Martin McBeath