# Exhibit A

# Melissa Martin McBeath

3463 E. Terra Alta Blvd. • Tucson, AZ 85716 • 520.449.9753 • mel.mcbeath@cox.net

<u>SENT VIA E-MAIL ONLY</u>

March 30, 2017


Travis L. Tufts
Farhang & Medcoff
4801 E. Broadway, Suite 311
Tucson, Arizona 85711

Re:   *Melissa Martin McBeath v. Tucson Tamale Company, et al.*
      U.S. District Court of Arizona Case No. CV-16-462-TUS-DCB (BPV)

Dear Travis:

I write to meet and confer with you regarding Defendants' Objections and Responses to Plaintiff's First Set of Requests for Production of Documents, dated March 27, 2017.

I was beyond amused by your clients' newfound reason for not providing the Gmail emails in their native electronic form, which they say I only "belatedly requested."[1] Now it turns out that they can't comply with my FRCP 34 request unless Tucson Tamale Company upgrades its Google email services suite from a free grandfathered service to a subscription-based service. I must pay for the upgrade—of course.

Let's assume for a moment I do as your clients suggest. I do not trust that you, your staff, or your clients have the basic technical prowess to understand what I request despite the step-by-step Google user guide I provided, at my own expense. The colossal incompetence shown to date in complying with my simple document request has been nothing less than astonishing.

It was obvious, for example, that you'd forgotten the date you set for me back in December 2016 to come in to your office to review the emails until I reminded you in passing at a meet and confer. The look of shock on your face was quickly followed with yet another request for a one-day extension of time. With less than 24 hours' notice to search, identify and cull the responsive emails, it's no wonder your so called "computer expert" mangled the production.

---

[1] I first put your clients on notice that I would be seeking electronically stored information in the litigation hold letter I sent to them on April 12, 2016. That your clients refuse to accept the plain meaning of the rule that emails must be produced "as they are kept in the usual course of business" is no excuse for refusing to comply with Fed. R. C. P. 34(b)(2)(E)(i). To remind you, for all your baseless protestations to the contrary that Outlook .PST files comply with your client's obligation to produce the emails in electronic form, Tucson Tamale Company has always used, and continues to use, Gmail in the usual course of business. Your confirmation bias notwithstanding, Gmail is not the same as Outlook. If you don't see this then truly none are so blind than those that refuse to see.

10384.1

Travis L. Tufts
March 30, 2017
Page 2

I had to stop my inspection of the emails shortly after I began to sift through them. The production was so poorly done that even *attorney-client communications* were swept into the Outlook download I was presented to review. Many of the emails and files were corrupted and bogus folders created that do not exist in the native Gmail accounts. It was clear that the export had failed because every mailbox was replete with sync errors.

To suggest that I should have asked you or your staff for help navigating the hack job production I was shown is laughable. For nearly a year, I've struggled to get your clients to comply and still I wait. Talk about "unreasonable conduct." I won't even get into the piecemeal production of documents I received in the state court proceedings that were printed, scanned and sloppily redacted as if by a five-year old (or Sherry Martin, perhaps?).

I'm done waiting.

I see no way forward except for me to go straight to the source: Google. Thank you for suggesting this approach at my deposition.

I propose that we follow the protocol set out in *Flagg v. City of Detroit,* 242 F.R.D. 346 (E.D. 2008) where the court ruled that emails stored by a third party to be within the responding party's possession or control under FRCP 34, and directed the responding party to request the electronic communications from the third party. *See also Lucas v. Jolin*, Case No. 1:15-cv-108 (S.D. Ohio May. 16, 2016) (courtesy copy enclosed).

Please let me know by April 3, 2017, if your clients will give their consent to Google to produce the requested emails in the manner described in the *Flaggs* and *Lucas* cases. I will cover all costs associated with Google's production—of course.

Best Regards,

Melissa Martin McBeath

cc: Robert C. Garcia

10384.1