MELISSA MARTIN McBEATH
3463 E. TERRA ALTA BLVD.
TUCSON, AZ 85716
Ph: (520) 449-9753
*mel.mcbeath@cox.net*

Pro Se

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA, TUCSON DIVISION

| | |
|---|---|
| MELISSA MARTIN McBEATH, an individual, <br><br> Plaintiff, <br> v. <br><br> TUCSON TAMALE COMPANY, an Arizona corporation; <br> TODD RUSSELL MARTIN; an individual; <br> SHERRY MARTIN, an individual; and <br> LISA MARTIN, an individual, <br><br> Defendants. <br> _____ <br><br> AND TUCSON TAMALE COMPANY'S RELATED COUNTERCLAIMS | Case No. CV 16-462-TUC-DCB (BPV) <br><br> **OBJECTION TO DEFENDANTS' REPLY TO THE OPPOSITION TO THE MOTION TO QUASH SUBPOENA SERVED ON KOTY-LEAVITT INSURANCE AGENCY, INC. AND FOR A PROTECTIVE ORDER** <br><br> Fed. R. Civ. P. 45(c)(3)(A) <br> L. R. Civ. 7.2(j) <br> _____ <br> Assigned to Hon. David C. Bury <br><br> Complaint filed: July 11, 2016 |

10390.1

## LEGAL DISCUSSION

Plaintiff/Counterdefendant Melissa Martin McBeath objects to arguments raised in the Reply Brief (Dkt. 62) that go beyond the scope of the Opposition (Dkt. 59) to Defendants' Motion to Quash and for a Protective Order (Dkt. 55). The gravamen of McBeath's Opposition is that the Motion to Quash should be summarily denied because Defendants failed to meet and confer in good faith, as this Court requires before a party files a discovery-related motion. *See* L. R. Civ. 7.2(j). The merits of the Motion to Quash are irrelevant because Defendants did not comply with this initial threshold requirement before bringing their motion.

### 1.    Lack of standing to object to subpoena duces tecum.

Absent a claim of privilege or personal right, only the non-party served with the subpoena has standing to quash it.[1] Koty-Leavitt did not timely object to the content and scope of the subpoena. Nevertheless, Defendants argue that their Motion to Quash should be granted because:

> McBeath fails to identify the relevancy or proportionality of the subpoena she served on Defendants' third-party liability insurance broker, Koty-Leavitt Insurance Agency ("Koty-Leavitt"). Reply Brief (2: 3-5).

Defendants simply have no standing to object to a non-party subpoena on the basis that the subpoena seeks irrelevant information, lacks proportionality, or would impose an undue burden when the non-party has not objected.[2]

---

[1]   *See Delta Mechanical, Inc. v. Garden City Group, Inc.*, 2010 U.S. Dist. LEXIS 75551, 2010 WL 2609057, *2 (D. Ariz. 2010) ("[A] party does not have standing to seek relief with respect to a subpoena served on another entity unless the party may claim a privilege with respect to the documents sought from the other entity.").

[2]   *Wells Fargo & Co. v. ABD Ins.*, 2012 U.S. Dist. LEXIS 173365, 2012 WL 6115612, at *2 (N.D. Cal. 2012); *Coulter v. Murrell,* 2011 U.S. Dist. LEXIS 14922, 2011 WL 666894, at *2 (S.D. Cal. 2011); *In re Ashworth, Inc. Securities Litig.,* No. 99-CV-121, 2002 U.S. Dist. LEXIS 27991, 2002 WL 33009225, at *2 (S.D. Cal. 2002).

Defendants did not produce a privilege log, nor did they attempt to make even the most minimal offer of proof supported with declaration testimony regarding the nature of the privileged information they contend is in the universe of documents that Koty-Leavitt stands ready to turn over to McBeath. The argument of counsel is not evidence.

### 2. Payment of copies and related administrative fees.

While not required to do so, McBeath agreed to allow defense counsel to review Koty-Leavitt's document production before she received the responsive documents.

Defendants accuse McBeath of inserting a "cost/fee shifting provision" into their agreement without Defendants' consent. Reply Brief (6: 11-13). McBeath did no such thing. She merely instructed Koty-Leavitt to charge Defendants for *their extra copy of the documents*.

Obviously, Koty-Leavitt has not apprised defense counsel that McBeath already paid for her copy of the documents, as well as the associated administrative fee incurred. A money order accompanied the subpoena served on Koty-Leavitt to cover these costs.

Dated:  April 20, 2017                    Respectfully submitted,

_____
Melissa Martin McBeath

**CERTIFICATE OF SERVICE**

I hereby certify that the above document was filed electronically with the Clerk of the United States District Court for the District of Arizona, and was served via hyperlink generated by the court's CM/ECF system, which was sent electronically to:

Roberto C. Garcia
*rgarcia@fmazlaw.com*
Travis L. Tufts
*ttufts@fmazlaw.com*
Farhang & Medcoff PLLC
4801 E Broadway Blvd., Ste. 311
Tucson, AZ 85711
520-790-5433

I declare under penalty of perjury, pursuant to 28 U.S.C. section 1746, that the foregoing is true and correct.

Dated:  April 20, 2017

Melissa Martin McBeath