MELISSA MARTIN McBEATH
3463 E. TERRA ALTA BLVD.
TUCSON, AZ 85716
Ph:  (520) 449-9753
*mel.mcbeath@cox.net*

Pro Se

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA, TUCSON DIVISION

| | |
|---|---|
| MELISSA MARTIN McBEATH, an individual, | Case No. CV 16-462-TUC-DCB (BPV) |
| Plaintiff, | MELISSA MARTIN McBEATH DECLARATION IN SUPPORT OF THE MOTION TO COMPEL DEFENDANTS (1) TO GIVE THEIR CONSENT TO GOOGLE TO PRODUCE RESPONSIVE EMAILS, (2) TO ALLOW SHAWN KAYLOR TO PRODUCE RESPONSIVE EMAILS, (3) TO DESTROY DOCUMENTS OBTAINED FROM PLAINTIFF'S PRIOR EMPLOYER, AND (4) TO NARROW SUBPOENA SERVED ON GLENN MURPHY |
| v. | |
| TUCSON TAMALE COMPANY, an Arizona corporation; TODD RUSSELL MARTIN; an individual; SHERRY MARTIN, an individual; and LISA MARTIN, an individual, | |
| Defendants. | |
| AND TUCSON TAMALE COMPANY'S RELATED COUNTERCLAIMS | Assigned to Hon. David C. Bury |
| | Complaint filed:  July 11, 2016 |

10392.1

I, MELISSA MARTIN McBEATH, declare:

1.      I am the Plaintiff and Counterdefendant in this action. This declaration is submitted in support of Melissa Martin McBeath's Motion to Compel Defendants (a) to Give Their Consent to Google to Produce Responsive Emails, (b) to Allow Shawn Kaylor to Produce Responsive Emails, (c) to Destroy Documents Wrongfully Obtained From Plaintiff's Prior Employer, and (d) to Narrow Subpoena Served on Glenn Murphy.

2.      For months, I have been meeting and conferring with defense counsel on numerous discovery issues generated by heated litigation. Defendants have delayed and blocked, so far successfully, my efforts to obtain all relevant, responsive emails in electronic form that I need to prosecute my claims and to defend against the counterclaims.

3.      Attached as <u>Exhibit A</u> is a subpoena duces tecum, dated March 22, 2017, that TTC issued for Alliance Beverage Distributing Company, LLC.

4.      Attached as <u>Exhibit B</u> is a subpoena duces tecum, dated March 30, 2017, that TTC issued for Glenn Murphy. I turned down a job offer made by Mr. Murphy so that I could go work for Tucson Tamale Company ("***TTC***").

5.      Attached as <u>Exhibit C</u> is a subpoena duces tecum, dated March 20, 2017, that was served on Shawn Kaylor that same day.

6.      Attached as <u>Exhibit D</u> is a letter, dated April 5, 2017, I sent to defense counsel, Travis Tufts, that sets out a step-by-step explanation of the proposed protocol for obtaining Defendants' emails directly from Google. A subpoena to Google and proposed consent form accompanied the letter.

7.      Attached as <u>Exhibit E</u> is a letter, dated April 6, 2017, I sent to Mr. Garcia, that objects to the subpoenas that TTC issued for Alliance Beverage Distributing Company, LLC (my prior employer) and Glenn Murphy.

8.     On April 7, 2017, I met in person with defense counsel, Robert Garcia, to meet and confer about the discovery issues addressed in this motion.

9.     Attached as <u>Exhibit F</u> are "Defendant's [sic] Supplemental and Amended Objections and Resonses to Plaintiff's First Set of Requet [sic] For Production of Documents,"dated April 26, 2017. Defendants state in these objections that they "will not allow Plaintiff to run any program or script on the Defendant's [sic] production system unless Defendant vets and approves the script/program and the parties agree to a protocol beforehand."

10.     For months I have been trying to persuade Defendants to follow the step-by-step user guide that Google makes available online that explains how to search and export the emails I requested. Defendants remain confused over what exact queries they need to run, and insist that I must sit at the law offices of defense counsel to "mark" –one email at a time—and then Defendants will produce them after defense counsel conducts a privileged review, which again, they complain will be very-time consuming and burdensome. This proposed inspection protocol reveals a fundamental misunderstanding of the technial processes involved in searching Gmail.

11.     Defendants continued confusion and repeated complaints about the cost and great inconvenience it is for them to comply leaves me with no other option than to obtain the responsive emails directly from Google. This way the parties do not have wrangle any more about what is the most effective, accurate and comprehensive way to obtain the information I've been trying get for over ten months.

12.     Attached as <u>Exhibit G</u> is a letter, dated April 21, 2017, I sent to Mr. Garcia to meet and confer further regarding the discovery issues discussed above.

13.     Attached as <u>Exhibit H</u> is a letter, dated April 27, 2017, I received from defense counsel, Travis Tufts, that makes clear that Defendants remain

steadfast in their refusal to give their consent to Google to produce the responsive Gmail emails and rejected the other discovery-related requests addressed in this Motion to Compel.

I declare under penalty of perjury, pursuant to 28 U.S.C. section 1746, that the foregoing is true and correct. Executed on May 1, 2017.

_____
Melissa Martin McBeath

DECLARATION OF MELISSA MARTIN McBEATH
IN SUPPORT OF THE MOTION TO COMPEL

-4-

CV-16-462-TUS-DCB (BPV)

EXHIBIT  A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:16-cv-00462

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____

                                                    *Server's signature*

                                       _____

                                                    *Printed name and title*

                                       _____

                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

1

## **EXHIBIT A**

2

Any and all documents and employment records relating or pertaining to Melissa Martin McBeath.  Records should include, but are not limited to, job applications, interview notes, offer letters, compensation history and information, complaints, employment-related correspondence, disciplinary records, employee reviews, employee evaluations, pay stubs and payroll records, records relating to the termination of her employment, performance reviews, personnel files, photographs, and supervisor's notes.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00316409.1

EXHIBIT  B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
District of Arizona

| | | |
|---|---|---|
| Melissa Martin McBeath | ) | |
| *Plaintiff* | ) | Civil Action No.  4:16-cv-00462 |
| v. | ) | |
| Tucson Tamale Company, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                       Glenn Murphy dba Restaurant Bar Concepts

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| Place: Pettit Kohn Ingrassia & Lutz PC | Date and Time: |
|---|---|
| 9841 Airport Blvd. #1100 Los Angeles, CA 90045 | 04/19/2017 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/30/2017

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Tucson Tamale Company, et al. _____ , who issues or requests this subpoena, are:

Farhang & Medcoff, 4801 E. Broadway Blvd., Suite 311, Tucson, AZ 85711; rgarcia@fmazlaw.com; (520) 790-5433

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:16-cv-00462

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____     on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                         *Server's signature*

                               _____
                                         *Printed name and title*

                               _____
                                         *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

1

# **EXHIBIT A**

2

1.     All documents and employment records relating or pertaining to Melissa

3

Martin McBeath.  Records should include, but are not limited to, job applications, interview notes, offer letters, actual or potential compensation history and information, employment-

4

related correspondence, resumes, personnel files, and photographs.

5

2.     All documents and records that reflect communications between Glenn

6

Murphy (and/or the entity, if any, known as Restaurant Bar Concepts) and Melissa Martin McBeath (in any capacity; i.e., in her individual capacity or as a former representative of

7

Alliance Beverage) including, without limit, email correspondence, text messages, social media posts and communications, written correspondence, and notes from conversations.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00316488.1

EXHIBIT  C

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| | | |
|---|---|---|
| MELISSA MARTIN McBEATH | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   CV 16-462-TUS-DCB (BPV) |
| TUCSON TAMALE COMPANY | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:                               SHAWN KAYLOR

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: | United Court Reporters, Inc.<br>177 N. Church Ave,<br>Tucson, AZ 85701 | Courtroom No.: |
|---|---|---|
| | | Date and Time: 04/10/2017 10:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

### SEE ATTACHED EXHIBIT A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   3/20/17

CLERK OF COURT:   **BRIAN D. KARTH**

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## EXHIBIT A
SUBPOENA DUCES TECUM
*Melissa Martin McBeath v. Tucson Tamale Company*
U.S. District Court of Arizona – CV 16-462-TUS-DCB (PBV)

---

### DOCUMENTS REQUESTED

1.      The word "COMMUNICATION" includes every manner or means of disclosure, transfer, or exchange of information, whether orally, by DOCUMENT, or in any other manner or whether face to face or by telephone, mail, personal delivery, or otherwise.

2.      The word "DOCUMENT" means documents, papers, books, accounts, letters, photographs, ***e-mails in their native form***, log, social media entries, diaries, journals, internet blogs, objects, and all other tangible things. It specifically includes all originals, copies, duplicates, drafts, or other recordings of any written, graphic, or otherwise recorded matter, however produced or reproduced, whether inscribed by hand or by mechanical, electronic, microfilm, photographic, phonic, or any other means.

Produce e-mails in electronic format on a USB drive in which they are stored in the course of business including all metadata contained within the email. Export Gmail emails into an archive .MBOX file. *See* **https://support.google.com/vault/answer/6161352?hl=en&ref_topic=2739742**

THE TERM "DOCUMENT" INCLUDES ALL COPIES OF A DOCUMENT THAT CONTAIN ANY ADDITIONAL WRITING, UNDERLINING, NOTES, DELETIONS, OR ANY OTHER MARKINGS OR NOTATIONS, OR ARE OTHERWISE NOT IDENTICAL COPIES OF THE ORIGINAL.

3.    The word "RELATE" should be construed in the broadest possible sense, and include all information or documents regarding the subject matter of the discovery request, including all information or documents that embody reflect, reflect, concern, comprise, evidence, are relevant to, refer or have reference to, pertain to, support, oppose, describe, mention, study, analyze or discuss the subject matter of the discovery request

4.    "YOU" means SHAWN KAYLOR.

**DOCUMENT REQUEST NO. 1:**

All  ***e-mails in their native form***  (include any attached DOCUMENTS) that RELATE to COMMUNICATIONS between YOU and any of the following individuals:  Sherry Martin, Lisa Martin, Todd Russell Martin, and/or Lindsay Welsh.

Limit the *e-mails* solely to those that RELATE to Melissa Martin McBeath since January 2015 through the date that YOU respond to this subpoena.

**DOCUMENT REQUEST NO. 2:**

All  ***e-mails in their native form***  (include any attached DOCUMENTS) that RELATE to COMMUNICATIONS between any third party that does not work with Tucson Tamale Company that RELATE to Plaintiff Melissa Martin McBeath since January 2015 through the date that YOU respond to this subpoena.

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.   CV 16-462-TUS-DCB (BPV)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*      SHAWN KALOR

on *(date)*      03/20/2017      .

☑ I served the subpoena by delivering a copy to the named person as follows:  Hand-Delivered to:

SHAWN KAYLOR

2545 E Broadway Blvd, Tucson, AZ 85716               on *(date)*      03/20/2017      ; or

☐ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 

My fees are $                    for travel and $                    for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date:      03/20/2017

*Server's signature*

ERNESTO CHAVEZ
*Printed name and title*

3173 E. Terra Alta Blvd.
Tucson, AZ 85716

*Server's address*

Additional information regarding attempted service, etc.:

EXHIBIT  D

# Melissa Martin McBeath

3463 E. Terra Alta Blvd. • Tucson, AZ 85716 • 520.449.9753 • mel.mcbeath@cox.net

<u>SENT VIA E-MAIL ONLY</u>

April 5, 2017

Travis L. Tufts
Farhang & Medcoff
4801 E. Broadway, Suite 311
Tucson, AZ 85711

Re:   <u>*Melissa Martin McBeath v. Tucson Tamale Company, et al.*</u>
      U.S. District Court of Arizona Case No. CV-16-462-TUS-DCB (BPV)

Travis:

I received your April 3, 2017 e-mail in which you agreed in principle to obtain directly from Google the e-mails I requested from your clients. This is how I propose we proceed:

1.    Enclosed is a completed Subpoena that you can serve on Google, Inc.  *See* https://support.google.com/faqs/answer/6151275?hl=en to obtain instructions on how to serve subpoenas on Google.

2.    Because your clients must give their consent to the subpoena, enclosed is a consent form that should accompany the subpoena. Modify it however you deem appropriate.

3.    I will send a separate subpoena to Google directly, asking for my entire Gmail box. According to case law, it appears I need to give my consent directly to Google.

4.    You will notify me within two (2) business days when your office receives the Mbox files from Google.

5.    Conduct your review of the e-mails and prepare a privilege log of any e-mails culled from Google's production within five (5) business days from receipt of the e-mail files from Google.

6.    Turn over the e-mail files to me no later than seven (7) business days from receipt of the e-mail files from Google.

After we complete these six steps, we can meet and confer about any e-mails you culled that I believe should be produced. Please serve on Google the subpoena and accompanying signed consent forms as soon as possible, but no later than April 7, 2017.

Because the protocol I'm suggesting is a bit complex, I want to document in writing the process we agree to follow for the sake of clarity. I welcome your thoughts.

Best Regards,

Melissa Martin McBeath

10387.1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

_____ District of Arizona

| | | |
|---|---|---|
| _____ | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. |
| _____ | ) | |
| | ) | |
| Defendant | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

       The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| | | |
|---|---|---|
| *CLERK OF COURT* | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Todd Russell Martin, Sherry Martin & Lisa Martin _____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

### EXHIBIT A

SUBPOENA DUCES TECUM

*Melissa Martin McBeath v. Tucson Tamale Company, et al.*

United States District Court – District of Arizona

Case No. CV 16-462-TUC-DCB (BPV)

---

**ELECTRONIC MESSAGES REQUESTED**

1.    **Gmail Accounts to Search**

    a.    *Todd@TucsonTamaleCompany.com*

    b.    *Sherry@TucsonTamaleCompany.com*

    c.    *Lisa@TucsonTamaleCompany.com*

Include all electronic messages (*"e-mails"*) where any of the above three e-mail addresses appear in the "From," "To", "Cc" or "Bcc" fields.

2.    **Gmail Search Parameters**

    a.    All e-mails where any of the following e-mail addresses appear in the "From," "To", "Cc" or "Bcc" fields:

    b.    Only e-mails that mention the words:  Mel, Melissa, Melissa Martin, Melissa McBeath, Mel McBeath, Melissa Martin McBeath; and

    c.    Only e-mails sent from January 1, 2015 to April 12, 2016.

Include recoverable e-mails that were DELETED by the user and include any attached documents.

3.    **Manner of production**

E-mails should be produced as separate **Mbox** files that correspond to each of the three separate e-mail address identified in Paragraph 1, above.

The **Mbox** files (or a hyperlink to the **Mbox** files) should be sent simultaneously via email to Travis L. Tufts at *ttufts@fmazlaw.com* and to the corresponding user's e-mail address identified in Paragraph 1, above.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition*.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery*.** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions*.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection*.**
   **(A)** *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena*.**
   **(A)** *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information*.** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection*.**
   **(A)** *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**CONSENT TO RELEASE GMAIL**

*Melissa Martin McBeath v. Tucson Tamale Company, et al.*
United States District Court, District of Arizona
Case No. CV 16-462-TUC-DCB (BPV)

1.      I am a party in the above-referenced action. I am represented by Travis L. Tufts of Farhang & Medcoff.

2.      I am the registered user of the following Gmail account: Todd@TucsonTamaleCompany.com.

3.      Plaintiff Melissa Martin McBeath served on me a request for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure that requires me to produce certain electronically stored information, which includes e-mail.

4.       I hereby authorize Google, Inc. to release to Farhang & Medcoff all e-mails I sent from, and all e-mails I received into, my Gmail account that are responsive to the attached subpoena duces tecum issued by my attorney to Google, Inc.


_____          Dated:   April _____ , 2017

Todd Russell Martin

## CONSENT TO RELEASE GMAIL

*Melissa Martin McBeath v. Tucson Tamale Company, et al.*
United States District Court, District of Arizona
Case No. CV 16-462-TUC-DCB (BPV)

---

1.      I am a party in the above-referenced action. I am represented by Travis L. Tufts of Farhang & Medcoff.

2.      I am the registered user of the following Gmail account: Sherry@TucsonTamaleCompany.com.

3.      Plaintiff Melissa Martin McBeath served on me a request for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure that requires me to produce certain electronically stored information, which includes e-mail.

4.       I hereby authorize Google, Inc. to release to Farhang & Medcoff all e-mails I sent from, and all e-mails I received into, my Gmail account that are responsive to the attached subpoena duces tecum issued by my attorney to Google, Inc.


_____          Dated:   April _____ , 2017

Sherry Martin

**CONSENT TO RELEASE GMAIL**

*Melissa Martin McBeath v. Tucson Tamale Company, et al.*
United States District Court, District of Arizona
Case No. CV 16-462-TUC-DCB (BPV)

1.      I am a party in the above-referenced action. I am represented by Travis L. Tufts of Farhang & Medcoff.

2.      I am the registered user of the following Gmail account: Lisa@TucsonTamaleCompany.com.

3.      Plaintiff Melissa Martin McBeath served on me a request for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure that requires me to produce certain electronically stored information, which includes e-mail.

4.       I hereby authorize Google, Inc. to release to Farhang & Medcoff all e-mails I sent from, and all e-mails I received into, my Gmail account that are responsive to the attached subpoena duces tecum issued by my attorney to Google, Inc.

_____          Dated:   April ____ , 2017
Lisa Martin

## **Affidavit of Custodian of Records**

I, _____, declare:

    1.     I am a witness qualified to attest to the records of Google, Inc. and am authorized to certify the records.

    2.     I have diligently and thoroughly searched all electronically stored records, and all records known to exist accompany.

    3.     The electronic copies of the records that accompany this Affidavit are true copies of the records of stored by Google, Inc.

    4.     If records are not provided because we are not in possession of any of the requested records, we indicate as much below and state our reason(s) as follows: _____

_____

_____

I declare under penalty of perjury under the laws of the State of Arizona and the United States that the foregoing is true and correct.


_____      Dated: _____, 2017
Signature of Custodian of Records
Google Inc.
c/o Custodian of Records
1600 Amphitheatre Parkway
Mountain View, California 94043

EXHIBIT  E

# Melissa Martin McBeath

3463 E. Terra Alta Blvd. • Tucson, AZ 85716 • 520.449.9753 • mel.mcbeath@cox.net

<u>SENT VIA E-MAIL ONLY</u>

April 6, 2017

Robert C. Garcia
Farhang & Medcoff
4801 E. Broadway, Suite 311
Tucson, AZ 85711

Re:     *Melissa Martin McBeath v. Tucson Tamale Company, et al.*
        U.S. District Court of Arizona Case No. CV-16-462-TUS-DCB (BPV)

Dear Robert,

I write to meet and confer with you regarding the following two subpoenas duces tecum you issued last week.

A.      <u>Alliance Beverage Distributing Co., LLC, dated March 22, 2017</u>

        Documents requested:

        Any and all documents and employment records relating or pertaining to Melissa Martin McBeath. Records should include, but are not limited to, job applications, interview notes, offer letters, compensation history and information, complaints, employment-related correspondence, disciplinary records, employee reviews, employee evaluations, pay stubs, and payroll records, records relating to the termination of her employment, performance, reviews, personnel files, photographs, and supervisor's notes.

        Production date:  April 14, 2017

B.      <u>Glenn Murphy dba Restaurant Bar Concept, dated March 30, 2017</u>

        Documents requested:

        1.      All documents and employment records relating or pertaining to Melissa Martin McBeath. Records should include, but are not limited to, job applications, interview notes, offer letters, actual or potential compensation history and information, employment related, correspondence, resumes, personnel files, and photographs.

        2.      All documents and records that reflect communications between Glenn Murphy (and/or the entity, if any, known as Restaurant Bar Concepts) and Melissa Martin McBeath (in any capacity; i.e., in her individual capacity or as a former

10387.1

Robert C. Garcia
April 6, 2017
Page 2

representative of Alliance Beverage) including, without limit, email correspondence, text messages, social media posts and communications, written correspondence, and notes from conversations.

Production date:  April 19, 2017

Travis cited a case in the Motion to Quash he filed last week that alerted me to the protected privacy interests that employees have in the above private information. *See Blotzer v. L-3 Communs. Corp.,* 287 F.R.D. 507, 2012 U.S. Dist. LEXIS 184162 (D. Ariz. 2012) (quashing subpoena served on plaintiff-employee's prior employers because it was overbroad and sought information not relevant to the claims); *see also Professional Recovery Services,* 2009 U.S. Dist. LEXIS 3889, 2009 WL 127326 at *4 (discovery may be denied or narrowly tailored to balance the needs of the case against the employee's reasonable expectations of privacy).

The only relevant information that seems germane to my claims and Tucson Tamale Company's counterclaims is the annual salary that Glenn Murphy would have paid me had I accepted his job offer and not gone to work for TTC. Everything else the two subpoenas request is not relevant. Let's chat about how to narrow them when we meet tomorrow at your offices at 3:00 pm.

In the meantime, I'm going to contact Mr. Murphy and Alliance Beverage to inform them you and I are discussing the scope of the subpoenas and that shortly they will be instructed on how to proceed.

Best Regards,

Melissa Martin McBeath

10387.1

EXHIBIT  F

FARHANG & MEDCOFF

4801 E. Broadway Boulevard, Suite 311
Tucson, Arizona 85711
T: 520.790.5433

Ali J. Farhang (#019456)
afarhang@fmazlaw.com

Roberto C. Garcia (#026246)
rgarcia@fmazlaw.com

Travis L. Tufts (#029373)
ttufts@fmazlaw.com

Attorneys for Defendants / Counterplaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melissa Martin McBeath, | NO. CV-16-00462-TUC-DCB (BPV) |
| Plaintiff, | **DEFENDANT'S SUPPLEMENTAL AND AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| Tucson Tamale Company, an Arizona corporation; Todd Russell Martin, an individual; Sherry Martin, an individual; and Lisa Martin, an individual, | Assigned to Judge David C. Bury and Hon. Bernardo P. Velasco |
| Defendants. | **(Cumulative Format – Additions in bold, deletions in strikethrough)** |
| Tucson Tamale Company, an Arizona corporation, | |
| Counterplaintiff, | |
| v. | |
| Melissa Martin McBeath and John/Jane Doe Martin McBeath, husband and wife, | |
| Counterdefendants. | |

00321565.1

1    Defendant Tucson Tamale Company ("Defendant") by and through undersigned

2    counsel and pursuant to Fed. R. Civ. P. 34, hereby objects and responds to Plaintiff Melissa

3    Martin McBeath's ("Plaintiff") First Set of Request for Production of Documents.

4    **RESERVATION OF RIGHTS**

5    1.    Defendant responds to Plaintiff's Requests to the best of its present

6    knowledge, information, and belief.  Defendant continues to investigate the matters that are

7    the subject of this litigation.  The responses set forth herein are at all times subject to

8    supplementation to the extent additional responsive information and/or documents are

9    revealed through discovery or further investigation.

10    2.    Nothing herein shall be construed as an admission or waiver of (i) objections

11    regarding admissibility, competency, relevance, privilege, materiality, or authenticity or (ii)

12    Defendant's right to object to the use of any document or other information during any

13    subsequent proceeding, including the trial of this or any other action.

14    **OBJECTION TO REPRODUCTION OF DOCUMENTS**

15    On or about October 07, 2016, Plaintiff propounded Requests for Production ("State

16    Court Requests") in Pima County Superior Court Case No. C20161794 ("State Court

17    Matter").  The State Court Matter is based on similar facts and virtually identical causes of

18    action now pending in this Court.  The State Court Requests called for substantially similar

19    e-mail production from Defendant's e-mail server.  Compare State Court Requests at pp. 3-

20    4 with District Ct. Requests Production at pp 3-5.  Importantly, the State Court Requests

21    simply asked for e-mails "*in their native form*."  See State Court Requests at 2:14-15.

22    On or about December 19, 2016, Defendant produced those e-mails in a .pst format

23    – an acceptable native format – for a fact-based inspection.  See Def's. Resp. State Court

24    Requests.[1]  Defendant produced the e-mails in this format due to limitations in their Google

25    Legacy e-mail subscription.  Defendant utilized, and continues to utilize, a grand-fathered

26    ────────────

[1] To avoid an anticipated motion to compel from Plaintiff, Defendants undertook production of the documents and communications requested by M. McBeath despite the overbreadth and burden.

27    Due to the time consuming nature of responding to Plaintiff's request, including the production of the documents and a pre-inspection privilege review, the inspection did not take place until

28    December 19, 2016.

00321565.1

free-version of Google Legacy that limits the ability to perform e-discovery functions directly from Google's server.  In order to preserve the metadata Plaintiff seeks even though she cannot identify a relevant basis for seeking that data (discussed *infra*), Defendant employed a consulting expert who utilized Microsoft Outlook and a third-party application – IMAP – to access Defendant's server and copy the inboxes of the individuals requested by Plaintiff.  The consulting expert performed the copying without interference from Defendant.  Critically, the copies preserved all the metadata from the Google e-mail server.

Plaintiff brought her "consulting information technology expert"[2] – Ehud Gavron ("Gavron") –  with her to the fact inspection on December 19, 2016.  Rather than identify the e-mails that purportedly support the bases for her claims, Plaintiff and her **supposed** information technology expert instead examined the data underlying the production (i.e. the use of Microsoft Outlook and IMAP) in addition to searches for attorney-client privileged communications.  See generally M. McBeath Ltr., Dec. 21, 2016.  Apparently deciding that the production itself did not meet their subjective expectations, Plaintiff and Gavron left the inspection without consulting Defendant's counsel to clarify any issues with production, their supposed inability to navigate Microsoft Outlook, or any other difficulties searching through the 50,000 plus e-mails produced in response to the State Court Requests.  Shortly thereafter, Plaintiff demanded unfettered access to Defendants' e-mail server so that she and her supposed consulting expert could run scripts and quell whatever communications they unilaterally dictated as relevant.  See id.

In a telling effort to remedy the ambiguity in the format of production underlying her State Court Requests for production, Plaintiff's Requests for Production in this Court explicitly request the production be in "native G-mail format."  Importantly, the copy already produced by Defendant and available for inspection preserved that format for review.  Moreover, Defendant expended substantial hours initially quelling responses to her State Court Requests, hired a consulting expert *at their own expense*, and performed an

---

[2] Ehud Gavron's purported status as a consulting expert, his communications with Plaintiff during the course of her employment, and his subsequent involvement in this case are the subject of Plaintiff's Motion for a Protective Order (Doc. No. 39) and Defendants' Opposition (Doc. No. 48).

1     extensive review to remove privileged communications.

2        Plaintiff admitted in her deposition that she seeks native G-mail format only to

3 confirm that e-mails were actually sent and that communications were not fabricated after

4 her employment termination to support Defendant's defenses.  As indicated, the format

5 already produced enables her to confirm these facts.  Apart from seeking verification,

6 however, Plaintiff admitted she has no basis to believe that Defendant did not send the e-

7 mails produced throughout the case or that any grounds exist to believe Defendant

8 fabricated communications.  Indeed, the only basis provided at her deposition to support the

9 demand is Plaintiff's subjective belief the Defendant is not trustworthy.  This subjective

10 belief, however, exists in every litigation.  This lawsuit, like others, creates an adversarial

11 relationship whereby neither party trusts the other.  There are numerous mechanisms for

12 impeaching or questioning a party's credibility, but it is unreasonable and overly

13 burdensome to demand the reproduction of 50,000 plus e-mails based on nothing more than

14 a groundless claim your opponent cannot be trusted.

15        Hoping to avoid another motion to compel, Defendant conducted an investigation

16 into the time, costs, and resources necessary to reproduce the information in native G-mail

17 format as belatedly requested by Plaintiff.  **Defendants initially believed such** a process

18 would require Defendant to upgrade its Google e-mail services suite from a free grand-

19 fathered service to one requiring a subscription costing $6.67 per user per month (as an

20 introductory rate), increasing to $10 after 18 months.  Defendants currently maintain

21 approximately 47 active accounts and will need to activate additional e-mail accounts from

22 inactive users to respond to Plaintiff's demand.  This would result in ongoing costs to

23 Defendant in the approximate amount of $500/month or $6,000 per year, in addition to all

24 the reproduction costs.  Even assuming the cost of upgrading and the burden imposed upon

25 Defendant to reproduce e-mails and performing another privilege review were reasonable,

26 which it is not, the upgrade will not preserve any e-mails that may have been deleted by the

27 respective account holders prior to the upgrade.

28        **Defendants investigated further and learned that, even though they are not able**

1    **to use Google's e-discovery functions to address Plaintiff's supposed concerns without**

2    **incurring the aforementioned costs, they are able to obtain the emails requested by**

3    **Plaintiff in .mbox (Gmail native) format.  Despite already producing the information**

4    **sought by Plaintiff and without waiving any objection, Defendants, after receiving**

5    **agreed-upon Gmail search queries from Plaintiff, and after conducting yet another**

6    **privilege/confidentiality review, will produce for inspection the resulting emails from**

7    **Todd Martin's, Sherry Martin's, Lisa Martin's, and any other relevant individual's**

8    **TTC email account at a time mutually convenient for the parties.**

9    **Without waiving any objection, Plaintiff's Tucson Tamale emails sent and**

10    **received during her employment with Defendant are available for inspection at the**

11    **undersigned's office at a time mutually convenient for the parties.  Defendant,**

12    **however, will not allow Plaintiff to run any program or script on the Defendant's**

13    **production system unless Defendant vets and approves the script/program and the**

14    **parties agree to a protocol beforehand.**

15    ~~Plaintiff's salary at the time of her employment termination was $50,000.  There is~~

16    ~~ample evidence of after-acquired evidence of wrongdoing, including the violation of her~~

17    ~~Confidentiality Agreement, which severely restricts Plaintiff's potential damages even~~

18    ~~assuming she can prove any of her claims. The burden or expense to reproduce the e-mails~~

19    ~~and review them for privilege anew, coupled with the expenses already incurred to make~~

20    ~~the initial production, are excessive in proportion to the claims stated. Further, there are no~~

21    ~~legitimate or worthwhile benefits that would result from the substantial cost in reproducing~~

22    ~~materials in McBeath's preferred format. The .pst production preserves the metadata sought~~

23    ~~by Plaintiff.  Therefore, the burden of reproduction from Google itself produces no~~

24    ~~additional benefits to Plaintiff. Equally persuasive, McBeath cannot identify the relevant~~

25    ~~evidence she has a reasonable belief will be shown from the metadata. Defendant should~~

26    ~~not be burdened with reproducing the entirety of e-mails including, but not limited to, e-~~

27    ~~mails mentioning "Mel" over the course of two plus years having absolutely nothing to do~~

28    ~~with the underlying claims.~~

1  ~~Defendant will produce for inspection the e-mail boxes previously produced on~~
2  ~~December 19, 2017.   Defendant will make such email boxes available at the office of~~
3  ~~undersigned counsel – 4801 E. Broadway Boulevard, Suite 311, Tucson, Arizona 85711 –~~
4  ~~on April 15, 2017 from 1:00 p.m. – 5:00 p.m.   Defendant will consider reasonable~~
5  ~~alternatives to the proposed inspection.~~

6  ~~As a further alternative, at Plaintiff's expense, Defendant will upgrade its Google~~
7  ~~services suite, perform its privilege review, and reproduce the e-mails.~~

8  **REQUEST NO. 1**: DOCUMENTS used, identified, or referred to in preparation of YOUR
9  responses to all written discovery (e.g., interrogatories and request for admissions) that
10  Plaintiff has served on YOU to date.

11  **RESPONSE**:  Defendant incorporates its Objection to Reproduction of Documents, *supra*.
12  Additionally, Defendant objects to this request for production as being overly broad and
13  vague.  Plaintiff propounded written discovery in the State Court Matter and in this Court.
14  It is unclear whether Plaintiff seeks "DOCUMENTS" used, identified, or referred to in
15  preparation of written discovery in the State Court Matter or in this Court.  Without waiving
16  objections and subject thereto, Defendant refers Plaintiff to TTC 000001 – 000866,
17  disclosed in their Initial Disclosure Statement and supplemental disclosure statements in the
18  State Court Matter, for documents responsive to this request.

19  **REQUEST NO. 2:**  DOCUMENTS that relate to COMMUNICATIONS between Sherry
20  Martin, Lisa Martin and/or Todd Russell Martin that RELATE to Plaintiff between January
21  2015 through the date that YOU respond to this request for production of documents.

22  **RESPONSE**:  Defendant incorporates its Objection to Reproduction of Documents,
23  *supra*.  Additionally, Defendant objects to this request for production as being overly broad,
24  unduly burdensome, irrelevant, and not proportional to the needs of the case, the issues at
25  stake in the action, the amount in controversy, and the parties' resources.  Plaintiff seeks
26  discovery of "any and all" communications that reference or relate to Plaintiff over the
27  course of over two years, including communications with ambiguous third-parties and/or
28  parties with information not relevant to prove the claims asserted by Plaintiff.   Over the

course of Plaintiff's employment, the named parties exchanged numerous e-mails daily related to the operation of Defendant's three local restaurants, its confidential and proprietary data, and their own personal and private information.  Additionally, Plaintiff was included on e-mail chains with numerous third-party individuals who are not parties to this suit, implicating disclosure of these individuals' private, personal, and confidential information.  Many, if not all, of the communications subject to this request have nothing to do with the factual bases underlying her claims.

In total, this request calls for production of tens of thousands of e-mails irrespective of their relevancy, thereby burdening Defendant with the costs associated with reviewing for confidentiality, privilege, and any attendant objections to the thousands of e-mails and/or communications.  The issues at stake, amount in controversy, and parties' resources simply do not justify a boundless fishing expedition completely disproportionate to the needs of the case.  Plaintiff earned $50,000 per year when her employment was terminated by Defendant.   That she now claims she is entitled to over ten times that sum is bemusing, but also ignores the value of Defendant's counterclaims offsetting her claimed damages in addition to its defenses of after-acquired evidence of wrongdoing.

~~Without waiving objections and subject thereto, Plaintiff may inspect Defendant's e-mail server on April 15, 2017.  The boxes in the e-mail server will contain all information responsive to this request except privileged communications. Plaintiff may inspect and identify the e-mails she believes are relevant and label them for formal production. Thereafter Defendant will review and produce those e-mails subject to a privilege and confidentiality review.~~  **Without waiving any objection, as noted above, Defendant will make available for inspection the emails resulting from an agreed-upon search query run in the target account, in .mbox format, once Defendant completes its privilege and confidentiality review.  Defendant awaits the receipt of a proposed query to be run in the target accounts and of a proposed protocol for inspection.**

**REQUEST NO. 3:**  DOCUMENTS that relate to COMMUNICATIONS between persons that YOU employ (or employed) that RELATE to Plaintiff between January 2015 through

00321565.1

the date that YOU respond to this request for production of documents.

**RESPONSE**:  Defendant incorporates its Objection to Reproduction of Documents, *supra*.  Additionally, Defendant objects to this request for production as being overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case, the issues at stake in the action, the amount in controversy, and the parties' resources.  Plaintiff seeks discovery of "any and all" communications that reference or relate to Plaintiff over the course of over two years, including communications with non-party employees or prior employees.  Plaintiff sent numerous e-mails on a daily basis related to the day-to-day operations of Defendant's three local restaurants, including communications related to Defendant's confidential and proprietary data as well as the personal and private information of the third-party employees.  Many, if not all, of the communications subject to this request have nothing to do with the factual bases underlying her claims.

In total, this request calls for production of tens of thousands of e-mails irrespective of their relevancy, thereby burdening Defendant with the costs associated with reviewing for confidentiality, privilege, and any attendant objections to the thousands of e-mails and/or communications.  The issues at stake, amount in controversy, and parties' resources simply do not justify a boundless fishing expedition completely disproportionate to the needs of the case.  Plaintiff earned $50,000 per year when her employment was terminated by Defendant.   That she now claims she is entitled to over ten times that sum is bemusing, but also ignores the value of Defendant's counterclaims offsetting her claimed damages in addition to its defenses of after-acquired evidence of wrongdoing.

~~Without waiving objections and subject thereto, Plaintiff may inspect Defendant's e-mail server on April 15, 2017.  The boxes in the e-mail server will contain all information responsive to this request except privileged communications. Plaintiff may inspect and identify the e-mails she believes are relevant and label them for formal production. Thereafter Defendant will review and produce those e-mails subject to a privilege and confidentiality review.~~  **Without waiving any objection, as noted above, Defendant will make available for inspection the emails resulting from an agreed-upon search query**

00321565.1

1  **run in a target account, in .mbox format, once Defendant completes its privilege and**

2  **confidentiality review.  Defendant awaits the receipt of a proposed query to be run in**

3  **the target accounts and of a proposed protocol for inspection.**

4  **REQUEST NO. 4:**  DOCUMENTS that relate to COMMUNICATIONS between any third

5  party that RELATE to Plaintiff between January 2015 through the date that YOU respond

6  to this request for production of documents.

7  **RESPONSE**:  Defendant incorporates its Objection to Reproduction of Documents, *supra*.

8  Additionally, Defendant objects to this request for production as being overly broad, unduly

9  burdensome, irrelevant, and not proportional to the needs of the case, the issues at stake in

10  the action, the amount in controversy, and the parties' resources.  Plaintiff seeks discovery

11  of "any and all" communications that reference or relate to Plaintiff over the course of over

12  two years.  Plaintiff was involved in numerous e-mail chains with third-parties related to

13  the day-to-day operations of Defendant's three local restaurants, including communications

14  related to Defendant's confidential and proprietary data.  Further, the requests seek

15  information about third-party individuals or entities who are not parties to this suit,

16  implicating disclosure of these individuals' private, personal, and confidential information.

17  Many, if not all, of the communications subject to this request have nothing to do with the

18  factual bases underlying Plaintiff's claims.   Additionally, these requests call for

19  communications between Defendant and third-parties made in anticipation of Plaintiff's

20  lawsuit and in preparation for trial.  See Fed. R. Civ. P. 26(b)(3) and (4).

21       In total, this request calls for production of tens of thousands of e-mails irrespective

22  of their relevancy, thereby burdening Defendant with the costs associated with reviewing

23  for confidentiality, privilege, and any attendant objections to the thousands of e-mails

24  and/or communications.  The issues at stake, amount in controversy, and parties' resources

25  simply do not justify a boundless fishing expedition completely disproportionate to the

26  needs of the case.  Plaintiff earned $50,000 per year when her employment was terminated

27  by Defendant.   That she now claims she is entitled to over ten times that sum is bemusing,

28  but also ignores the value of Defendant's counterclaims offsetting her claimed damages in

1   addition to its defenses of after-acquired evidence of wrongdoing.

2   ~~Without waiving objections and subject thereto, Plaintiff may inspect Defendant's~~

3   ~~e-mail server on April 15, 2017. The boxes in the e-mail server will contain all information~~

4   ~~responsive to this request except privileged communications. Plaintiff may inspect and~~

5   ~~identify the e-mails she believes are relevant and label them for formal production.~~

6   ~~Thereafter Defendant will review and produce those e-mails subject to a privilege and~~

7   ~~confidentiality review.~~   **Without waiving any objection, as noted above, Defendant will**

8   **make available for inspection the emails resulting from an agreed-upon search query**

9   **run in a target account, in .mbox format, once Defendant completes its privilege and**

10  **confidentiality review. Defendant awaits the receipt of a proposed query to be run in**

11  **the target accounts and of a proposed protocol for inspection.**

12  **REQUEST NO. 5:** DOCUMENTS that relate to COMMUNICATIONS between any third

13  party that RELATE to Plaintiff between January 2015 through the date that YOU respond

14  to this request for production of documents.

15  **RESPONSE**: Defendant incorporates its Objection to Reproduction of Documents, *supra*,

16  and its objections to No. 4, *supra*. Additionally, Defendant objects to this request as being

17  confusing. This appears to be the same request as No. 4.

18  **REQUEST NO. 6:** DOCUMENTS that relate to confidential information that YOU

19  contend Plaintiff misappropriated.

20  **RESPONSE**: Defendant incorporates its Objection to Reproduction, *supra*. Without

21  waiving objections and subject thereto, Defendant previously disclosed TTC 000047 –

22  000060, 000095 – 000098, 0000101, 000106 – 000108, 000226 – 000236, 000239, 000286

23  in the State Court Matter. Defendant reserve the right to supplement their responses as the

24  full extent of misappropriation is subject to ongoing discovery.

25  **REQUEST NO. 7:** All emails that have the terms "Mel" or "Melissa":

26       (a)     To and from Todd Russell Martin, Sherry Martin and Lisa Martin; and

27       (b)     To and from Lindsay Welch, Alejandra Valenzuela, Shawn Kaylor, Delaney

28               Hare, Meaghan Anderson and Joshua Cooper.

**RESPONSE**:  Defendant incorporates its Objection to Reproduction of Documents, *supra*.  Additionally, Defendant objects to this request for production as being overly broad, unduly burdensome, irrelevant, duplicative of requests Nos. 2-6, and not proportional to the needs of the case, the issues at stake in the action, the amount in controversy, and the parties' resources.  Plaintiff seeks discovery of "any and all" communications that reference or relate to Plaintiff over the course of over two years.  Plaintiff and the named third-party individuals exchanged numerous e-mails daily related to the operation of Defendant's three local restaurants, communications related to Defendant's confidential and proprietary data.  The request also seeks information about third-party individuals or entities who are not parties to this suit, implicating disclosure of these individuals' private, personal, and confidential information.  Many, if not all, of the communications subject to this request have nothing to do with the factual bases underlying her claims.

In total, this request calls for production of tens of thousands of e-mails irrespective of their relevancy, thereby burdening Defendant with the costs associated with reviewing for confidentiality, privilege, and any attendant objections to the thousands of e-mails and/or communications.  The issues at stake, amount in controversy, and parties' resources simply do not justify a boundless fishing expedition completely disproportionate to the needs of the case.  Plaintiff earned $50,000 per year when her employment was terminated by Defendant.   That she now claims she is entitled to over ten times that sum is bemusing, but also ignores the value of Defendant's counterclaims offsetting her claimed damages in addition to its defenses of after-acquired evidence of wrongdoing.

~~Without waiving objections and subject thereto, Plaintiff may inspect Defendant's e-mail server on April 15, 2017.  The boxes in the e-mail server will contain all information responsive to this request except privileged communications. Plaintiff may inspect and identify the e-mails she believes are relevant and label them for formal production. Thereafter Defendant will review and produce those e-mails subject to a privilege and confidentiality review.~~  **Without waiving any objection, as noted above, Defendant will make available for inspection the emails resulting from an agreed-upon search query**

00321565.1

**run in a target account, in .mbox format, once Defendant completes its privilege and confidentiality review.  Defendant awaits the receipt of a proposed query to be run in the target accounts and of a proposed protocol for inspection.**

**REQUEST NO. 8:**  All content in the mailbox for mel@tucsontamalecompany.com ***in its native form as stored by Gmail*** and its archival or backup to include all dates of Plaintiff's employment (i.e., all emails Plaintiff sent or received to/from this email address).

**RESPONSE**:  Defendant incorporates its Objection to Reproduction of Documents, *supra*.  Additionally, Defendant objects to this request for production as being overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case, the issues at stake in the action, the amount in controversy, and the parties' resources.  Plaintiff seeks discovery of all content in Plaintiff's former TTC e-mail mailbox.  Plaintiff exchanged numerous e-mails on a daily basis for nearly one year of employment related to the operations of Defendant's three local restaurants.  The request implicates disclosure of Defendant's confidential information and third-party individuals' private and personal information exchanged over the course of her employment.  Many, if not all, of the communications subject to this request have nothing to do with the factual bases underlying her claims.

In total, this request calls for production of tens of thousands of e-mails irrespective of their relevancy, thereby burdening Defendant with the costs associated with reviewing for confidentiality, privilege, and any attendant objections to the thousands of e-mails and/or communications.  The issues at stake, amount in controversy, and parties' resources simply do not justify a boundless fishing expedition completely disproportionate to the needs of the case.  Plaintiff earned $50,000 per year when her employment was terminated by Defendant.   That she now claims she is entitled to over ten times that sum is bemusing, but also ignores the value of Defendant's counterclaims offsetting her claimed damages in addition to its defenses of after-acquired evidence of wrongdoing.

~~Without waiving objections and subject thereto, Plaintiff may inspect Defendant's e-mail server on April 15, 2017.  The boxes in the e-mail server will contain all information responsive to this request except privileged communications. Plaintiff may inspect and~~

00321565.1

1 ~~identify the e-mails she believes are relevant and label them for formal production.~~

2 ~~Thereafter Defendant will review and produce those e-mails subject to a privilege and~~

3 ~~confidentiality review.~~  **Without waiving any objection, Plaintiff's Tucson Tamale**

4 **emails sent and received during her employment with Defendant are available for**

5 **inspection, in .mbox format, at the undersigned's office at a time mutually convenient**

6 **for the parties.  Defendant, however, will not allow Plaintiff to run any program or**

7 **script on the Defendant's production system unless Defendant has an opportunity to**

8 **vet such script or program and the parties agree to a protocol beforehand.**

9 **REQUEST NO. 9**:   DOCUMENTS that RELATE to COMMUNICATIONS between

10 Sherry Martin, Lisa Martin and/or Todd Russell Martin on one hand and KOTY-LEAVITT

11 INSURANCE AGENCY, INC. and its management, employees and agents on the other

12 hand that RELATE to YOUR employment practices insurance policy between January 2015

13 through the date that YOU respond to this request for production of documents.

14 **RESPONSE**:  Defendant objects to this request because their communications with Koty-

15 Leavitt Insurance Agency, Inc. were made in anticipation of litigation and/or in preparation

16 for trial and are not relevant to Plaintiff's claims or proportional to the needs of Plaintiff's

17 case.  See Fed. R. Civ. P. 26(b)(3) and (4).  "Evidence that a person was or was not insured

18 against liability is not admissible to prove whether the person acted negligently or otherwise

19 wrongfully."  See Fed. R. Evidence 411.  Further, the request implicates disclosure of

20 Defendant's confidential information and third-party individuals' private and personal

21 information provided in connection with securing employment practices insurance policy.

22 Defendant has already disclosed its insurance policy and the basis for changes in the policy

23 in Counterclaimant's Objections and Responses to Counterdefendant's Third Set of Non-

24 Uniform Interrogatories in the State Court Matter, which are hereby incorporated by

25 reference.  This request amounts to a fishing expedition for privileged communications

26 ultimately inadmissible at trial.

27 **REQUEST NO. 10**:   DOCUMENTS that RELATE to COMMUNICATIONS between

28 Sherry Martin, Lisa Martin and/or Todd Russell Martin on the one hand and KOTY-

1  LEAVITT INSURANCE AGENCY, INC. and its management, employees and agents on

2  the other hand that RELATE to Plaintiff between January 2015 through the date that YOU

3  respond to this request for production of documents.

4  **RESPONSE**:  Defendant objects to this request because its communications with Koty-

5  Leavitt Insurance Agency, Inc. were made in anticipation of litigation and/or in preparation

6  for trial and are not relevant to Plaintiff's claims or proportional to the needs of Plaintiff's

7  case.  "Evidence that a person was or was not insured against liability is not admissible to

8  prove whether the person acted negligently or otherwise wrongfully."  See Fed. R. Evidence

9  411.  Further, the request implicates disclosure of Defendant's confidential information and

10  third-party individuals' private and personal information provided in connection with

11  securing employment practices insurance policy.  Defendant has already disclosed its

12  insurance policy and the basis for changes in the policy in Counterclaimant's Objections

13  and Responses to Counterdefendant's Third Set of Non-Uniform Interrogatories in the State

14  Court Matter, which are hereby incorporated by reference.  This request amounts to a

15  fishing expedition for privileged communications ultimately inadmissible at trial.

16      DATED this 26th day of April, 2017.

17                    FARHANG & MEDCOFF

18

19              By /s/Travis L. Tufts
20                 Ali J. Farhang
                   Roberto C. Garcia
21                 Travis L. Tufts

22              Attorneys for Defendants/Counterplaintiff

23

24

25

26

27

28

1  ORIGINAL of the foregoing served via e-mail
2  and First Class U.S. Mail this 26th day of April, 2017 to:

3  Melissa Martin McBeath
   3463 E. Terra Alta Blvd.
4  Tucson, AZ 85716
   mel.mcbeath@cox.net
5

6  /s/ Letitia L. Wright

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00321565.1

EXHIBIT  G

# Melissa Martin McBeath

3463 E. Terra Alta Blvd. • Tucson, AZ 85716 • 520.449.9753 • *mel.mcbeath@cox.net*

<u>SENT VIA E-MAIL ONLY</u>

April 21, 2017

Robert C. Garcia
Farhang & Medcoff
4801 E. Broadway, Suite 311
Tucson, AZ 85711

Re:     <u>*Melissa Martin McBeath v. Tucson Tamale Company, et al.*</u>
        U.S. District Court of Arizona Case No. CV-16-462-TUS-DCB (BPV)

Dear Robert,

I thought more about the various discovery issues we discussed when we met on April 7, 2017. Here is how I wish to proceed.

1.     <u>Google Subpoena</u>.

I wish to obtain the emails directly from Google in the manner set out in my letter dated April 5, 2017. Google will conduct the searches in the most accurate and efficient manner.

You informed me that your clients were not going to produce the emails digitally because they (and you) have concerns about confidentiality. I appreciate your invitation to come to your offices to search, review and "mark" the emails responsive to my document request. My personal and professional obligations, however, do not permit me to work around your law firm's regular business hours. More importantly, I cannot run computer scripts in an email client. I require the raw email content (including original unaltered metadata) to run my own heuristic analysis. Having it "uploaded" using any GUI client definitionally limits that discovery.

Please serve the subpoena duces tecum on Google along with the executed consent forms I sent to Travis no later than April 27, 2017.

2.     <u>Shawn Kaylor Document Production</u>

I still have not received the documents responsive to the subpoena duces tecum served on Shawn Kaylor. He must produce all responsive documents in his possession, custody, or control. That includes emails that were sent to/from his TTC email account, not just his personal email account(s). Your clients waived whatever objections they have to this subpoena because they failed to file a timely motion to quash before the designated April 10, 2017 production date. The emails must be made available in native format. If Shawn is unable (or not allowed) to perform these searches, then I will obtain these emails directly from Google as well.

10391.1

Robert C. Garcia
April 21, 2017
Page 2

3.      Glenn Murphy Subpoena

I request that the subpoena that will be served on Mr. Murphy be limited only to documents that relate to (i) the job offer he made to me, and (ii) Tucson Tamale Company. Our friendship goes back many years. As you conceded, my personal and professional communications with Mr. Murphy that predate my employment with Tucson Tamale Company have no relevance to any of the issues in this case.

4.      Alliance Beverage Documents Already Produced

I request that your office destroy all documents that Alliance Beverage produced that do not relate to Tucson Tamale Company or the reason why my prior employer elected to terminate my employment. You explained that your clients are fishing for "after-acquired evidence" to defeat my claims, however far-fetched that may be. This is nothing more than grasping at straws and certainly does not support the broad subpoena served on Alliance Beverage. *See Blotzer v. L-3 Communs. Corp.,* 287 F.R.D. 507, 2012 U.S. Dist. LEXIS 184162 (D. Ariz. 2012) (quashing subpoena served on plaintiff-employee's prior employers because it was overbroad and sought information not relevant to the claims); *see also Professional Recovery Services*, 2009 U.S. Dist. LEXIS 3889, 2009 WL 127326 at *4 (discovery may be denied or narrowly tailored to balance the needs of the case against the employee's reasonable expectations of privacy).

Defendants' Initial Disclosures should be amended to omit references to any of the irrelevant documents obtained from Alliance Beverage.

Please let me know no later than April 27, 2017, which of the above tasks your clients will not perform so that I may proceed accordingly.

Best Regards,

Melissa Martin McBeath

10391.1

EXHIBIT  H



4801 E. Broadway Boulevard, Suite 311
Tucson, Arizona 85711
T: 520.790.5433 | F: 520.790.5736
www.fmazlaw.com

**Travis L. Tufts**
Direct: 520.398.7466
ttufts@fmazlaw.com

April 27, 2017

**VIA EMAIL ONLY**

Melissa McBeath
Francisco X. Marquez
mel.mcbeath@cox.net

Re:   Discovery Issues – McBeath v. Tucson Tamale Company, et al.
District of Arizona Case No. CV-16-00462-TUC-DCB (BPV)

Dear Melissa and Francisco:

I hope you are doing well.  I write in response to your letter to Robert Garcia dated April 21, 2017.

1. Google Subpoena.  As indicated previously, we are now able to obtain TTC emails in the .mbox format and made Melissa's TTC emails available for inspection.  Let's discuss a protocol for this review.  Once we agree upon search terms for the other target email accounts, we will produce same for inspection as well.  Given we can accomplish together what you would ask Google to do via subpoena, we do not believe it is worthwhile to burden yet another third party with discovery issues.

   It comes as news to me that Melissa's "professional obligations" do not allow her to conduct an inspection during our regular office hours, especially given her recent testimony that she is not currently employed.  In any event, we are willing to work with Melissa to accommodate her schedule.  As for the search or "heuristic analysis" you mentioned, I'm confident we can reach a resolution regarding your search needs through a reasonable, mutually-agreeable inspection and review protocol.

2. Shawn Kaylor Documents.  You cannot circumvent the production process in the Rules by serving a subpoena upon a TTC employee.  If you seek emails from TTC's systems, you must serve a RFP upon TTC to that effect.  Further, your subpoena sought documents in the personal possession, custody, or control of Shawn Kaylor (defining "YOU" as Shawn Kaylor, not TTC).  As such, Shawn will not be producing information in the possession, custody, or control of TTC.

   In response to your subpoena, Shawn produced to us the document attached hereto as Exhibit 1.  I am certain Shawn would have produced this information to you himself had

Melissa McBeath
Francisco X. Marquez
April 27, 2017
Page | 2

you not unilaterally cancelled his deposition and formal production. As you will note, the only document Shawn produced was the one you asked him to send you after TTC terminated your employment. You are free to reschedule Shawn's deposition at a mutually convenient time to ask him about his response.

3. <u>Glenn Murphy Subpoena</u>. Your request regarding the Glenn Murphy subpoena illustrates the problem with meeting with Melissa, and making arrangements with Melissa, only to then have reasonable agreements rescinded when Francisco has an opportunity to intervene. Melissa previously agreed to the scope of the second Glenn Murphy subpoena. We will not negotiate, make reasonable concessions to Melissa, only to then renegotiate with Francisco. The subpoena will stand as-is.

4. <u>Alliance Beverage Documents</u>. Melissa testified under oath during her deposition that Alliance terminated her employment because it was "dismantling the fine wine team" of which she was a part. This is wholly inconsistent with the documents produced by Alliance, which indicate Alliance terminated Melissa's employment for performance issues similar to those that led to the termination of her employment with TTC. Melissa's misrepresentation during her deposition made the Alliance production highly relevant, and we will not destroy any of those documents as requested.

Sincerely,

FARHANG & MEDCOFF, PLLC

*Travis Tufts*

Travis L. Tufts

**CERTIFICATE OF SERVICE**

I hereby certify that the above document was filed electronically with the Clerk of the United States District Court for the District of Arizona, and was served via hyperlink generated by the court's CM/ECF system, which was sent electronically to:

Roberto C. Garcia
*rgarcia@fmazlaw.com*
Travis L. Tufts
*ttufts@fmazlaw.com*
Farhang & Medcoff PLLC
4801 E Broadway Blvd., Ste. 311
Tucson, AZ 85711
520-790-5433

I declare under penalty of perjury, pursuant to 28 U.S.C. section 1746, that the foregoing is true and correct.

Dated:  May 1, 2017

_____
Melissa Martin McBeath

CERTIFICATE OF SERVICE

10392.1

CV-16-462-TUS-DCB (BPV)