MELISSA MARTIN McBEATH
3463 E. TERRA ALTA BLVD.
TUCSON, AZ 85716
Ph: (520) 449-9753
*mel.mcbeath@cox.net*

Pro Se

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA, TUCSON DIVISION

| | |
|---|---|
| MELISSA MARTIN McBEATH, an individual, <br><br> Plaintiff, <br><br> v. <br><br> TUCSON TAMALE COMPANY, an Arizona corporation; TODD RUSSELL MARTIN; an individual; SHERRY MARTIN, an individual; and LISA MARTIN, an individual, <br><br> Defendants. <br> _____ <br><br> AND TUCSON TAMALE COMPANY'S RELATED COUNTERCLAIMS | Case No. CV 16-462-TUC-DCB (BPV) <br><br> **MELISSA MARTIN McBEATH'S COMBINED REPLY AND OPPO-SITION FILED IN CONNECTION WITH THE PARTIES' CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT** <br><br> [Fed. R. Civ. P. 56(c)] <br> _____ <br><br> Assigned to: Hon. David C. Bury <br><br> Complaint Filed: July 11, 2016 |

10398.1


Case 4:16-cv-00462-DCB-BPV   Document 72   Filed 05/16/17   Page 2 of 13


Case 4:16-cv-00462-DCB-BPV   Document 72   Filed 05/16/17   Page 2 of 13

**TABLE OF CONTENTS**


TABLE OF AUTHORITIES ................................................................................................ ii

LEGAL DISCUSSION ....................................................................................................... 1

    A. <u>As a member of TTC's Executive Team, McBeath had the authority to disclose selected confidential information to professionals she consulted to help her perform her duties</u> ............................................... 1

    B. <u>TTC's counterclaims for breach of contract and trade secrets misappropriation fail because they rest on illusory risks of future disclosures and speculative damages</u> ..................................................... 2

    C. <u>Because TTC cannot show damages, the counterclaim for breach of fiduciary duty also fails and the claim is further precluded by the Arizona Uniform Trade Secrets Act</u> ......................................................... 6

    D. <u>The time that Defendants Todd Martin and Sherry Martin have spent prosecuting TTC's counterclaims is not compensable</u> ................ 7

    E. <u>Declaration testimony based on direct, personal knowledge cannot be dismissed simply because the opposing party deems the testimony as self-serving</u> ........................................................................ 8

CONCLUSION ................................................................................................................. 10


10398.1 — McBEATH'S COMBINED REPLY AND OPPOSITION FILED IN CONNECTION WITH THE PARTIES' CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT — -i- — CV 16-462-TUC-DCB (BPV)

## LEGAL DISCUSSION

Plaintiff/Counterdefendant Melissa Martin McBeath files this combined reply/opposition brief to **REPLY** to the Opposition to McBeath's Motion for Partial Summary Judgment (Dkt 52) filed by Tucson Tamale Company ("*TTC*") and to **OPPOSE** TTC's Cross-Motion for Partial Summary Judgment (Dkt 68).

TTC contends that McBeath violated the Confidentiality Agreement, misappropriated and divulged proprietary trade secrets, and breached her fiduciary duty of loyalty to TTC because she did not have TTC's ***written consent*** to disclose the information McBeath provided to Ernesto Chavez (a certified public accountant) and Ehud Gavron (a computer expert) when she asked them to assist with her technical accounting and computer software issues. For the reasons explained below, none of the evidence TTC relies on shows that she was not authorized to consult these two professionals, or that TTC was harmed as a result of the ostensible wrongful disclosure of TTC's confidential information.

### A. As a member of TTC's Executive Team, McBeath had the authority to disclose selected confidential information to professionals she consulted to help her perform her duties.

McBeath was a member of the Executive Team during the time that she worked for TTC. In that capacity, she did not need to obtain anyone's written consent to disclose confidential information to professionals she consulted—on behalf of TTC—to assist her with business-related issues. The Confidentiality Agreement expressly exempts TTC employees from having to obtain such consent if they need to disclose confidential information to perform their duties.

> At any time, I will not, ***except in performing my duties***, remove or copy any confidential information or materials or assist anyone in doing so without Tucson Tamale Company's written permission.[1]

---

[1] Melissa Martin McBeath Declaration, dated March 27, 2017 ("***McBeath Dec.***") Exhibit A.

The Confidentiality Agreement makes "clear and unambiguous"[2] that TTC employees need to obtain TTC's written consent to disclose confidential information, ***"except in performing [their] duties."*** While performing her duties as TTC's Area Manager, McBeath consulted a CPA to ask an accounting-related question and she consulted a computer expert to ask a software-related question. None of the evidence that TTC proffers contradicts McBeath's testimony. TTC cannot rewrite the terms of agreement to create a disputed fact where none exists.

**B.   TTC's counterclaims for breach of contract and trade secrets misappropriation fail because they rest on illusory risks of future disclosures and speculative damages.**

Damages are an element of all the counterclaims that TTC alleges against McBeath. If, by the summary judgment stage, a plaintiff has made no showing of damages on a contract claim, there is no reason to proceed to trial because there is no evidence on which a jury could find that the plaintiff is entitled to relief.[3]

Even if a breach of contract has occurred, "the cause of action will not begin to run until ascertainable, noncontingent, and nonspeculative damage occurs."[4] Where a plaintiff "has sustained no damages, he has no cause of action."[5] Under TTC's untenable theory, a plaintiff could prevail on its claim for breach of contract without proving the fact that it has been damaged, much less the amount of damages. Put another way, if there are no damages, then there can be no

---

[2]  *Grosvenor Holdings, L.C. v. Figueroa,* 222 Ariz. 588, 593 (2009) ("A general principle of contract law is that when parties bind themselves by a lawful contract, the terms of which are ***clear and unambiguous***, a court must give effect to the contract as written.") (emphasis added).

[3]  *Chartone, Inc. v. Bernini*, 207 Ariz. 162, 83 P.3d 1103 (Ariz. Ct. App. 2004) ("It is well established that, in an action based on breach of contract, the plaintiff has the burden of proving the existence of a contract, breach of the contract, and resulting damages.").

[4]  *Enyart v. Transamerica,* 195 Ariz. 71, 74, 985 P.2d 556, 559 (App. 1998).

[5]  *Amfac Distrib. Corp. v. Miller*, 138 Ariz. 152, 154, 673 P.2d 792, 794 (1983).

1  material breach of contract.[6]

2  Actual damages are also a necessary element of a claim under the Uniform Trade Secrets Act (**_UTSA_**), which Arizona has adopted.[7] The UTSA sets out three specific forms of damages: compensation for actual loss, disgorgement of unjust enrichment, and reasonable royalties. A.R.S. § 44-403 (A). TTC has provided no evidence to show that it has suffered these kinds of damages.

3  Federal and state courts unanimously have interpreted the UTSA's list of forms of damages to be exclusive and therefore require plaintiffs to show evidence of damages in one of these categories.[8]

---

[6] *See Found. Dev. Corp. v. Loehmann's, Inc.*, 163 Ariz. 438, 446, 788 P.2d 1189, 1197 (1990) (setting out several standards "for evaluating the triviality of a breach" including: "(a) the extent to which the injured party will be deprived of the benefit which he reasonably expected; and (b) the extent to which the injured party can be adequately compensated [by damages] for the part of that benefit of which he will be deprived.").

[7] *Firetrace USA, LLC v. Jesclard*, 800 F. Supp. 2d 1042, 1054 (D. Ariz. 2010) (concluding that the Arizona Supreme Court would construe AUTSA's preemption provision in the same manner as the majority of courts, such that it preempts all common law claims based on the misappropriation of secret information).

[8] *See Litton Sys., Inc. v. Ssangyong Cement Indus. Co.*, 107 F.3d 30, [published in full-text format at 1997 U.S. App. LEXIS 2386] 1997 WL 59360, at *7-8 (Fed. Cir. 1997) (holding that California's codification of the UTSA requires plaintiffs to show damages in one of the three listed categories); *Firetrace USA, LLC*, 800 F. Supp. 2d at 1054 (granting summary judgment to defendant former employee because "[p]laintiffs ha[d] not met their burden to overcome summary judgment by showing evidence they were proximately damaged by [defendant's] use of confidential information"); *Furmanite Am., Inc. v. T.D. Williamson, Inc.*, 506 F. Supp. 2d 1134, 1142 & n.8 (M.D. Fla. 2007) (holding that "[i]f [plaintiff] cannot show at trial . . . that [it] suffered any damages in the actual loss of such materials, [plaintiff] cannot recover for the misappropriation"); *AlphaMed Pharms. Corp. v. Arriva Pharms., Inc.*, 432 F. Supp. 2d 1319, 1335-39 (S.D. Fla. 2006) (granting judgment as a matter of law in favor of a defendant because the plaintiff produced no evidence of "an actual loss, unjust enrichment, or a reasonable

Summary judgment should be granted in McBeath's favor for the same reason that the Honorable Roslyn O. Silver, applying Arizona law, granted summary judgment in a misappropriation and breach-of-contract case against a former employee because "[p]laintiffs ha[d] not met their burden to overcome summary judgment by showing evidence they were proximately damaged by [defendant's] use of confidential information."[9]

TTC produced no evidence of any damages caused by McBeath's purported breach of the Confidentiality Agreement or misappropriation of trade secrets. TTC produced no evidence that McBeath ever used or disclosed confidential information in any way that harmed TTC or unjustly enriched her.

Absent any evidence of actual loss, unjust enrichment, or a basis for an award of reasonable royalties, there is no basis upon which a jury could award damages to TTC under the UTSA.  There is no competent evidence in the record to suggest that TTC suffered any damages and certainly no evidence of ascertainable, non-speculative damages.

---

royalty related to the misappropriation of [the plaintiff's] trade secrets"), *aff'd*, 294 Fed. Appx. 501 (11th Cir. 2008); *Storage Tech. Corp. v. Cisco Sys., Inc.*, No. CIV.00-2253 (JNE/JGL), 2003 U.S. Dist. LEXIS 17347, 2003 WL 22231544, at *9-10 (D. Minn. Sept. 25, 2003) (holding that the defendant was "entitled to summary judgment because [the plaintiff] fail[ed] to submit a viable damages theory" for actual losses, unjust enrichment, or a reasonable royalty) *aff'd*, 395 F.3d 921 (8th Cir. 2005); *FAS Techs., Ltd. v. Dainippon Screen Mfg. Co.*, No. C 00-01879 CRB, 2001 U.S. Dist. LEXIS 7503, 2001 WL 637451, at *3-4 (N.D. Cal. May 31, 2001) (holding that a plaintiff seeking to recover damages under the California codification of the UTSA must show evidence of harm); *News Am. Mktg. In-Store, Inc. v. Marquis*, 86 Conn. App. 527, 862 A.2d 837, 846 (Conn. App. Ct. 2004) ("Actual damage is a necessary element that must be proven by the plaintiff to prevail on its trade secrets claim."); *Unilogic, Inc. v. Burroughs Corp.*, 10 Cal. App. 4th 612, 12 Cal. Rptr. 2d 741, 748-750 (Ct. App. 1992) (affirming judgment of nonsuit where plaintiff admitted it suffered no financial loss and did not show evidence of unjust enrichment or reasonable royalty).

[9] *Firetrace USA, LLC v. Jesclard*, 800 F. Supp. 2d 1042, 1054 (D. Ariz. 2010).

1  To the contrary, TTC cannot put a monetary value on its ostensible losses, 2 and never disclosed any damage calculation in its Fed. R. Civ. P. 26 Disclosure 3 Statements or other discovery. TTC insists that it needs to conduct more 4 discovery to assess the scope of the harm that may be caused by the individuals 5 whom McBeath supposedly disclosed TTC's confidential information. Assuming 6 TTC somehow proves they improperly received confidential and proprietary 7 information from McBeath, TTC has not put forth a viable theory of damages to 8 explain how these witnesses—whom TTC has had nearly a year to depose— 9 would have personal knowledge of TTC's internal business operations sufficient 10 to assess TTC's losses.

11  Only TTC can determine whether and to what extent it has suffered 12 financial losses as a result of McBeath's wrongdoing. If TTC cannot say how 13 McBeath harmed its business, how is a jury supposed to figure that out?[10]

14  "[E]ven if injury and a cause of action have accrued as of a certain date, 15 future damages that might arise from the conduct sued on are unrecoverable if 16 the fact of their accrual is speculative or their amount and nature unprovable."[11] 17 TTC must "do more than simply show that there is some metaphysical doubt as 18 to the material facts" to defeat summary judgment.[12]

19  "The mere existence of a scintilla of evidence [is] insufficient; there must be 20 evidence on which the jury could reasonably find for the plaintiff."[13]

---

[10] *Smith v. Johnson,* 183 Ariz. 38, 899 P.2d 199, 202 (App. 1995) (holding that a plaintiff "must show a reasonable connection between the defendant's act or omission and the plaintiff's injury or damages").
[11] *Zenith Radio Corp. v. Hazeltine Research,* 401 U.S. 321, 339 (1971).
[12] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).
[13] *Salica v. Tucson Heart Hospital-Carondelet,* 224 Ariz. 414, 419, P 16, 231 P.3d 946, 951 (App. 2010) ("A party may prove proximate causation by presenting facts from which a causal relationship may be inferred, but the party cannot leave causation to the jury's speculation.").

At minimum, therefore, McBeath is entitled to partial summary judgment in her favor on TTC's claims for damages.[14]

### C. Because TTC cannot show damages, the counterclaim for breach of fiduciary duty also fails and the claim is further precluded by the Arizona Uniform Trade Secrets Act.

As with the contract and misappropriation claims, the counterclaim for breach of fiduciary duty should be dismissed on the grounds that TTC failed to establish damages stemming from McBeath's alleged breach. This claim should also be dismissed on the additional ground it is precluded by the to the extent the claim is based on McBeath's purported misappropriation of TTC's trade secrets.

The Arizona Supreme Court recently ruled that Ariz. Rev. Stat. § 44-407 precludes claims based on trade secrets.[15] This means that civil remedies based on misappropriation of trade secrets are precluded by the UTSA.

TTC concedes that the counterclaim for breach of fiduciary duty is based on the same factual allegations that would support its claim for misappropriation of trade secrets.

TTC then alleges that it disclosed confidential information to McBeath under the protection of a signed Confidentiality Agreement (thereby giving rise to the fiduciary duty) and that McBeath subsequently breached that duty by disclosing the confidential information to the CPA and computer expert she consulted while performing her duties.

---

[14] *See also Carbo Ceramics, Inc. v. Keefe*, 166 F. App'x 714, 725 (5th Cir. 2006) (affirming summary judgment because the plaintiff "failed to meet its burden of presenting sufficient evidence demonstrating a triable issue of material fact as to actual damages recoverable under its trade secret misappropriation claim"); *U.S. Gypsum Co. v. LaFarge N. Am., Inc.*, 508 F. Supp. 2d 601, 639-41 (N.D. Ill. 2007) (dismissing contract-based breach-of-confidentiality claims against a former employee because the former employer made no showing of damages).

[15] *Orca Communications Unlimited, LLC v. Norder*, 236 Ariz. 180, 337 P.3d 545, 547-49 (Ariz. 2014).

1  As shown above, TTC must use these same facts to substantiate its claim
2  for misappropriation of trade secrets. Accordingly, TTC's claim for breach of
3  fiduciary duty is preempted by the UTSA, and its dismissal is proper for this
4  additional reason.

### D. The time that Defendants Todd Martin and Sherry Martin have spent prosecuting TTC's counterclaims is not compensable.

TTC's Confidentiality Agreement is silent on the issue of damages and there is no statute implicated that allows the individual Defendants Todd Martin and Sherry Martin to be compensated for "setting aside their employment obligations to TTC, and by incurring out-of-pocket expenses."[16]

There is nothing in Arizona law to suggest that parties may recover for the time spent prosecuting their claims as a form of consequential damages, or even that attorneys' fees may be the sole source of damages—which is an essential element to all of TTC's counterclaims. The general rule is that parties to a lawsuit must pay their own way.[17] "Exceptions are few: (1) Where contracting parties provide otherwise; (2) where a statute allows the award; (3) where the losing party has been guilty of vexatious litigation; or (4) where the defendant has generated litigation between the plaintiff and a third party."[18]

There are situations where one party's breach of contract places the other in a situation that "makes it necessary to incur expense to protect his interest [and], such costs and expenses, including attorneys' fees, should be treated as the legal

---

[16] TTC's Cross-Motion for Partial Summary Judgment (15:10-11).
[17] Although Arizona courts recognizes that attorneys' fees often arise from a breach of an agreement between parties, "it is not the type of damage that normally is considered to be a consequential damage." *Ponderosa Plaza v. Siplast*, 181 Ariz. 128, 132, 888 P.2d 1315, 1319 (App.1993).
[18] *See generally Wichita v. Pima County*, 131 Ariz. 576, 577, 643 P.2d 21, 22 (App. 1982) (litigant has no right to pursue a cause of action based solely on attorneys' fees).

consequences of the original wrongful act and may be recovered as damages."[19] The expenses, however, are recoverable only if they are a foreseeable result of the breach.[20]

The amount of time that Defendants would have to spend to investigate McBeath's purported breach of the Confidentiality Agreement is not a compensable foreseeable harm that Arizona law recognizes.

The Arizona legislature included several specific items of taxable costs in Ariz. Rev. Stat. section 12-332.  The time that parties may devote to prosecuting their claims is not among them.

### E. Declaration testimony based on direct, personal knowledge cannot be dismissed simply because the opposing party deems the testimony as self-serving.

TTC argues that the averments made in declarations submitted in support of McBeath should be disregarded because they're self-serving and unsupported by any factual information. TTC's argument is unavailing.

The Ninth Circuit has ruled that "declarations oftentimes will be 'self-serving'—'[a]nd properly so, because otherwise there would be no point in [a party] submitting [them].'"[21]

"In most cases . . . [t]hat an affidavit is self-serving bears on its credibility, not on its cognizability for purposes of establishing a genuine issue of material fact."[22] Only in certain instances, such as when an "'affidavit state[s] only conclusions, and not such facts as would be admissible in evidence, [] can a court

---

[19]  *Fairway Builders, Inc. v. Malouf Towers Rental Co.*, 124 Ariz. 242, 258, 603 P.2d 513, 529 (App. 1979).

[20]  *Desert Mountain Properties Ltd. v. Liberty Mut. Fire Ins. Co.*, 225 Ariz. 194, 209, 236 P.3d 421, 436 (App. 2010).

[21]  *Securities Exchange Commission v. Phan*, 500 F.3d 895, 909 (9th Cir. 2007) (quoting *United States v. Shumway*, 199 F.3d 1093, 1104 (9th Cir. 1999)).

[22]  *Id.* (quoting *Shumway*, 199 F.3d at 1104); *see also Dominguez-Curry v. Nevada Transp. Dep't.*, 424 F.3d 1027, 1035-36 (9th Cir. 2005) (same).

1   disregard a self-serving declaration for purposes of summary judgment."[23]

2   Here, the declarations filed in support of McBeath's briefs contain the
3   testimony of witnesses who have first-hand knowledge of the facts alleged.[24]
4   Further, McBeath's denials of wrongdoing are "direct evidence of the central facts
5   in dispute. [McBeath] does not ask that inferences be drawn in [her] favor, but
6   that [her] testimony be taken as true." [25]

7   As the respondent to TTC's Motion for Partial Summary Judgment,
8   McBeath's evidence is to be believed.[26] In this regard, the Ninth Circuit has
9   "specifically rejected the notion that a court could disregard direct evidence on
10  the ground that no reasonable jury would believe it."[27]

11  "If the nonmoving party produces direct evidence of a material fact, the
12  court may not assess the credibility of this evidence nor weigh against it any
13  conflicting evidence presented by the moving party. The nonmoving party's
14  evidence must be taken as true."[28]

---

[23] *Id.* (citations omitted).

[24] *See Phan*, 500 F.3d at 909-10 (statements in defendants declarations that were based on personal knowledge must be taken as true and "[t]he district court was thus wrong to disregard the declarations as uncorroborated and self-serving").

[25] *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

[26] *Leslie v. Grupo ICA*, 198 F.3d 1152, 1157 (9th Cir. 1999).

[27] *Id.* at 1159 (citing *T. W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 631 n.3 (9th Cir. 1987)); *McLaughlin*, 849 F.2d at 1208 ("We have upheld summary judgment on the basis of *Matsushita's [*28]* 'implausibility' standard only where the non-movant relied on inferences from circumstantial evidence.") (footnote omitted).

[28] *T. W. Elec. Serv., Inc.*, 809 F.2d 626, 631 (9th Cir. 1987).

## CONCLUSION

For the reasons explained above, McBeath's Motion for Partial Summary Judgment should be granted and TTC's Cross-Motion for Partial Summary Judgment should be denied.

TTC has had ample time to conduct the discovery for which TTC seeks additional time to complete. No amount of time will help TTC unearth evidence that simply does not exist.

Dated: May 16, 2017                                  Respectfully submitted,

_____
Melissa Martin McBeath

10398.1

McBEATH'S COMBINED REPLY AND OPPOSITION FILED IN CONNECTION WITH THE PARTIES' CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT

-10-

CV 16-462-TUC-DCB (BPV)

# CERTIFICATE OF SERVICE

I hereby certify that the above document was filed electronically with the Clerk of the United States District Court for the District of Arizona, and was served via hyperlink generated by the court's CM/ECF system, which was sent electronically to:

>Roberto C. Garcia
>*rgarcia@fmazlaw.com*
>Travis L. Tufts
>*ttufts@fmazlaw.com*
>Farhang & Medcoff PLLC
>4801 E Broadway Blvd., Ste. 311
>Tucson, AZ 85711
>(520) 790-5433

I declare under penalty of perjury under the laws of the State of Arizona and the United States of America that the foregoing is true and correct.

Dated: May 16, 2017

Melissa Martin McBeath

10398.1

McBEATH'S COMBINED REPLY AND OPPOSITION FILED IN CONNECTION WITH THE PARTIES' CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT

-11-

CV 16-462-TUC-DCB (BPV)