MELISSA MARTIN McBEATH
3463 E. TERRA ALTA BLVD.
TUCSON, AZ 85716
Ph:  (520) 449-9753
*mel.mcbeath@cox.net*

Pro Se

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA, TUCSON DIVISION

| | |
|---|---|
| MELISSA MARTIN McBEATH, an individual, <br><br> Plaintiff, <br> v. <br><br> TUCSON TAMALE COMPANY, an Arizona corporation; <br> TODD RUSSELL MARTIN; an individual; <br> SHERRY MARTIN, an individual; and <br> LISA MARTIN, an individual, <br><br> Defendants. <br> ——————————————— <br> AND TUCSON TAMALE COMPANY'S RELATED COUNTERCLAIMS | Case No. CV 16-462-TUC-DCB (BPV) <br><br> REPLY TO OPPOSITION TO MOTION TO COMPEL DEFENDANTS (1) TO GIVE THEIR CONSENT TO GOOGLE TO PRODUCE RESPONSIVE EMAILS, (2) TO ALLOW SHAWN KAYLOR TO PRODUCE RESPONSIVE EMAILS, (3) TO DESTROY DOCUMENTS OBTAINED FROM PLAINTIFF'S PRIOR EMPLOYER, AND (4) TO NARROW SUBPOENA SERVED ON GLENN MURPHY <br><br> Fed. R. Civ. P. 34(b) and 37(a) <br> ——————————————— <br> Assigned to Hon. David C. Bury <br><br> Complaint filed: July 11, 2016 |

## LEGAL DISCUSSION

Melissa Martin McBeath files this Reply to the opposition filed by Tucson Tamale Company (*"TTC"*), Todd Russell Martin, Sherry Martin and Lisa Martin to McBeath's Motion to Compel Defendants: (a) to give their consent to Google to produce responsive Gmail email messages; (b) to allow TTC employee, Shawn Kaylor, to produce emails requested in a properly-served subpoena; (c) to destroy irrelevant documents obtained from McBeath's prior employer that invade her right to privacy; and (d) to quash/narrow a subpoena issued to Glenn Murphy.

### A. Google Gmail.

Defendants do not want to give their consent to Google to produce the emails requested in the Google subpoena because: (1) "McBeath lacks a compelling basis to burden a third-party to produce the e-mails;"[1] and (2) "McBeath's request remains overbroad and unduly burdensome."[2] Absent a claim of privilege or personal right, only Google can object to the subpoena on the grounds that Defendants try to make on Google's behalf.[3]

Defendants have no standing to object to a non-party subpoena on the basis that it would impose an undue burden, seeks irrelevant information, or lacks proportionality when the non-party has not objected.[4] Their purported previous attempts to comply with McBeath's document requests are irrelevant because Defendants will not bear any of the burden or cost for producing the emails.

---

[1] Opposition Brief, dated May 16, 2017 (9:27).

[2] *Id.* at 10:14-15.

[3] *See Delta Mechanical, Inc. v. Garden City Group, Inc.*, 2010 U.S. Dist. LEXIS 75551, 2010 WL 2609057, *2 (D. Ariz. 2010) ("[A] party does not have standing to seek relief with respect to a subpoena served on another entity unless the party may claim a privilege with respect to the documents sought from the other entity.").

[4] *Wells Fargo & Co. v. ABD Ins.*, 2012 U.S. Dist. LEXIS 173365, 2012 WL 6115612, at *2 (N.D. Cal. 2012); *Coulter v. Murrell,* 2011 U.S. Dist. LEXIS 14922, 2011 WL 666894, at *2 (S.D. Cal. 2011).

**B.  Shawn Kaylor emails.**

Federal Rule of Civil Procedure 34(a) allows a party to request the production of documents and electronically stored information that are in the responding party's "possession, custody, or ***control***." The Rule 34 standard applies to a Rule 45 subpoena.[5]

McBeath served a subpoena duces tecum on current TTC employee, Shawn Kaylor, that requires him to produce emails that he received or sent from his TTC Gmail account that contain McBeath's name. Defendants contend that Shawn "Kaylor cannot produce items that are outside his possession, custody, or control; *i.e.* the e-mails on TTC's server. Those e-mails are the sole property of TTC's business."[6]

It is irrelevant whether TTC is, arguably, the legal owner of the TTC domain name and all corresponding TTC employee Gmail accounts. "Legal ownership is not the determining factor."[7] "Rule 34 'control' would not require a party to have legal ownership or actual physical possession of any [of the] documents at issue."[8]

The term "control" is defined as "the legal right to obtain documents upon demand."[9] The Ninth Circuit instructs that the central inquiry is whether the

---

[5]  *DeGeer v. Gillis*, 755 F. Supp. 2d 909, 924 (N.D. Ill. 2010) ("A non-party witness is subject to the same scope of discovery under this rule [45] as that person would be as a party to whom a request is addressed pursuant to Rule 34.") (quoting Advisory Committee Notes, 1991 Amendments to FRCP 45).

[6]  Opposition Brief, dated May 16, 2017 (11:5-7).

[7]  *Haseotes v. Abacab Int'l Computers, Inc.*, 120 F.R.D. 12, 14 (D. Mass. 1988).

[8]  *Goodman v. Praxair Servs., Inc.*, 632 F. Supp.2d 494, 515 (D.Md. 2009) (citation omitted); *see also Bush v. Ruth's Chris Steak House, Inc.*, 286 F.R.D. 1, 5 (D.D.C. 2012) ("Control does not require that the party have legal ownership or actual physical possession of the documents at issue."); *Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 471 (S.D. Fla. 2011) (same).

[9]  *United States v. Int'l Union of Petroleum and Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989).

party responding to the subpoena has "actual control" over the documents at issue.[10] Unquestionably, TTC authorizes Shawn Kaylor to access and review, save or delete—*i.e.,* control—emails he receives or sends from the Gmail account that TTC assigned to him for business use.

If this Court finds, however, that only TTC, as the legal owner of its employees' company emails, may authorize the disclosure of these emails, then McBeath requests that the Court order TTC to give its consent to Shawn Kaylor to produce the emails requested in the subpoena served on him.

### C. Inadmissible documents produced by McBeath's prior employer.

TTC is incorrect that McBeath untimely objected to the subpoena served on her prior employer, Alliance Beverage Distributing Company, LLC dba Breathru Beverage Arizona.[11] The production date listed on the subpoena duces tecum requires Alliance Beverage to produce the documents by April 14, 2017.

Objections to a subpoena must be made before the date set for production. Fed. R. Civ. Proc. 45(d)(2)(b). Alliance Beverage produced the documents prematurely on April 3, 2017. McBeath objected to the scope of the subpoena on April 6, 2017. Accordingly, this motion is timely because the only option that McBeath has is to ask this Court to order TTC either to destroy or return the improperly produced documents.[12]

TTC argues that McBeath's personnel file from her prior employer is relevant because it contains evidence of dishonest conduct that is relevant to this case. Such use of McBeath's personal file is impermissible.

---

[10] *Id.*
[11] Opposition Brief, dated May 16, 2017 (11:19-28).
[12] *See Blotzer v. L-3 Communs. Corp.*, 287 F.R.D. 507, 2012 U.S. Dist. LEXIS 184162 (D. Ariz. 2012) (ordering plaintiff's prior employers to return all documents produced on grounds that subpoenas were overbroad because they violated the plaintiff's reasonable expectations of privacy).

In an employment case involving a similar controversy as the one at issue here, this Court ruled that:

> As a threshold matter, [Plaintiff's] own deposition testimony suggesting that he provided false information on his employment application and did not accurately report his overtime while employed by Defendant is the best evidence with which to challenge [Plaintiff's] credibility. In addition, evidence of previous dishonest conduct is inadmissible pursuant to Rule 404(a), Fed. R. Evid., which prohibits the admission of character evidence to prove that, on a particular occasion, a person acted in accordance with that trait. Finally, the subpoenas are overly broad, requesting [Plaintiff's] entire employment file, including salary history and medical records that bear no relationship to the issues in this case. [13]

TTC fails to show what bearing the documents McBeath's prior employer produced have on TTC's counterclaims and defenses at issue in this case. McBeath's own deposition testimony is the best evidence regarding the information she provided to Defendants during the interview process.

### D. Glenn Murphy's overbroad subpoena.

TTC failed to explain why the subpoena served on Glenn Murphy should not be limited to documents that relate to the job offer he made to McBeath or that reference TTC or the individual Defendants.[14]

Dated: May 22, 2017                    Respectfully submitted,

_____
Melissa Martin McBeath

---

[13] *See Blotzer*, 287 F.R.D. at 510.

[14] In every brief filed to date, Defendants (and their attorneys) attack the team of experts McBeath consults informally to help her prepare for trial. Before the state court proceedings were stayed (Dkt 50), Pima County Superior Court Judge Gus Aragon ignored Defendants' incessant rants and deferred to the Arizona State Bar to investigate their tiresome complaints. McBeath will not dignify Defendants' calumnious accusations with any further response.

**CERTIFICATE OF SERVICE**

I hereby certify that the above document was filed electronically with the Clerk of the United States District Court for the District of Arizona, and was served via hyperlink generated by the court's CM/ECF system, which was sent electronically to:

> Roberto C. Garcia
> *rgarcia@fmazlaw.com*
> Travis L. Tufts
> *ttufts@fmazlaw.com*
> Farhang & Medcoff PLLC
> 4801 E Broadway Blvd., Ste. 311
> Tucson, AZ 85711
> 520-790-5433

I declare under penalty of perjury, pursuant to 28 U.S.C. section 1746, that the foregoing is true and correct.

Dated: May 22, 2017

_____
Melissa Martin McBeath