MELISSA MARTIN McBEATH
3463 E. TERRA ALTA BLVD.
TUCSON, AZ 85716
Ph: (520) 449-9753
*mel.mcbeath@cox.net*

Pro Se

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA, TUCSON DIVISION

| | |
|---|---|
| MELISSA MARTIN McBEATH, an individual, | Case No. CV 16-462-TUC-DCB (BPV) |
| Plaintiff, v. | RESPONSE TO DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE AND EVIDENTIARY HEARING |
| TUCSON TAMALE COMPANY, an Arizona corporation; TODD RUSSELL MARTIN; an individual; SHERRY MARTIN, an individual; and LISA MARTIN, an individual, | _____ Assigned to Hon. David C. Bury Complaint filed: July 11, 2016 |
| Defendants. _____ | |
| AND TUCSON TAMALE COMPANY'S RELATED COUNTERCLAIMS | |

11021.1

# LEGAL DISCUSSION

Melissa Martin McBeath files this response to the Motion to Show Cause and Evidentiary Hearing (***"OSC Motion"***) filed by Tucson Tamale Company, Todd Russell Martin, Sherry Martin and Lisa Martin. Defendants ask this Court to investigate whether the experts McBeath consults informally to help her prepare for trial are engaging in the unlawful practice of law. The request should be summarily denied because, as federal courts repeatedly have ruled, any such complaints and "allegations relating to the unauthorized practice of law are the province of State Bar Associations and state courts."[1]

Through gritted teeth, Defendants and their attorneys viciously attack McBeath with a shiv-to-the-kidney ferocity and vitriol so personal that a point-by-point refutation would only waste the Court's time. The OSC Motion cannot be taken seriously because it reads less like a legal document and more like the rage-fit ramblings of a paranoid madman chasing after ghosts of his own imagining. The bilious rhetoric of the motion pulls back the veil on the fractious relationship between Defendants, their panic-stricken attorneys and the insurance carrier caused by the way they have mishandled this case.

Defense counsel's stultifying incompetence has been so egregious that recently, in their rush to besmirch McBeath, they misrepresented key facts and distorted the procedural history to the trial court judge presiding over the state proceedings pending in the Pima County Superior Court.

Their brazen misconduct will likely result in disciplinary censure by the trial court and the Arizona State Bar. (*See* Dkt. 58 –<u>Exhibit 1</u>)

---

[1] *Read-Alvaraz v. Eltman, Eltman & Cooper, P.C.*, 369 F. Supp. 2d 353 (E.D.N.Y. 2005); *see also Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 820 (9th Cir. 2009) ("California state court rules [do not] in any way govern practice in the federal court"); *Anderson v. Gamache & Myers*, No. 4:07CV336MLM, 2007 U.S. Dist. LEXIS 39446, 2007 WL 1577610, * 4 (E.D.Mo. 2007).

1. <u>Francisco Márquez is not a resident of Arizona just because he visits his mother who lives in Sahuarita.</u>

Mr. Márquez on occasion travels to Arizona to visit his mother who resides at the residential property located at 451 W. Calle La Bolita, Sahuarita, Arizona 85629. She rents this property from Jesus Enrique Molina. *See* screen shot of the online records readily available from the Pima County Assessor's Office website that lists Mr. Molina as the owner of record.[2]

Defendants contend that Márquez's owns this property. (OSC Motion p. 3) Mr. Márquez's full name is Francisco Xavier Márquez *Molina*. Defense counsel mistakenly assumes that Mr. Márquez is the same person as Jesus Enrique *Molina* because they happen to share a common Latino surname.[3] They are not related any more than Plaintiff Melissa *Martin* McBeath is related to Defendants Todd *Martin*, Sherry *Martin* or Lisa *Martin*.

2. <u>This Court cannot exercise personal jurisdiction over non-party witnesses who do not reside in Arizona.</u>

Defendants cite *CE Distribution, LLC v. New Sensor Corp.*, 380 F.3d 1107, 1111 (9th Cir. 2004) for the proposition that the Court may assume personal jurisdiction over Mr. Márquez because "he purposefully availed himself to the Court's jurisdiction." (OSC Motion p. 10:16 – 27) Defendants' reliance on this legal authority is misplaced because it applies only to the service of process of a ***complaint on parties*** to a federal action and not to the ***service of subpoenas***.

3. <u>A subpoena directed to a non-party witness must be served in person.</u>

Defendants ask the Court for leave to serve a subpoena on Mr. Márquez via email and by posting it on the door of his mother's house and mailing a copy to his California address.

---

[2] Melissa Martin McBeath Declaration, dated June 8, 2017 (***"McBeath Dec."***) <u>Exhibit A</u>.

[3] McBeath Dec. ¶ 3.

This manner of alternate service of a subpoena is not authorized by law. Under Federal Rule of Civil Procedure 45(b), serving a subpoena requires "delivering a copy to the named person," which federal courts interpret to mean personal service. Fed. R. Civ. P. 45(b)(1).[4]

4. <u>Defendants seek to restrict McBeath's access to this Court, in violation of her due process rights.</u>

Defendants make the facile and specious argument that McBeath should be sanctioned, slapped with the label of "vexatious litigant" and forced to submit to onerous pre-filing procedures—all to restrict her access to this Court.

First, the "vexatious litigant" label applies only to parties who file multiple frivolous lawsuits. McBeath has never sued anyone in federal court in her life until now.[5]

Second, the Ninth Circuit cautions against imposing on *pro se* litigants restrictions and injunctions like those Defendants request here:

> Nonetheless, we also recognize that such pre-filing orders should rarely be filed, an order imposing an injunction is an extreme remedy, and should be used only in exigent circumstances. The use of such measures against a pro se plaintiff should be approached with particular caution such orders should remain very much the exception to the general rule of free access to the courts. . . .
>
> [B]efore a district court issues a pre-filing injunction against a pro se litigant, it is incumbent on the court to make substantive findings as to the frivolous or harassing nature of the litigant's actions.[6]

---

[4] See *Prescott v. Cnty. of Stanislaus*, No. 1:10-cv-00592 JLT, 2011 U.S. Dist. LEXIS 134137, 2012 WL 10617, at *3 (E.D. Cal. 2012); 9 Moore's Fed. Prac. § 45.21 (3d ed. 2010) (noting that majority of courts require personal service of subpoenas).

[5] McBeath Dec. ¶5.

[6] *De Long v. Hennessey*, 912 F. 2d 1144, 1147 - 1148 (9th Circuit 1990) (internal citations omitted).

Lastly, Defendants filed counterclaims against McBeath to harass and to intimidate her. That strategy backfired. Their frustration with the mess they've created comes through in this most recent frivolous motion. It is nothing more than Defendants' transparent attempt to avoid having to prove their baseless claims and defenses on the merits.

The OSC Motion should be denied in its entirety because there is no basis in fact, law or equity to warrant the relief requested, and because it was filed in bad faith.

Dated: June 8, 2017

Respectfully submitted,

_____
Melissa Martin McBeath