FARHANG & MEDCOFF
4801 E. Broadway Boulevard, Suite 311
Tucson, Arizona 85711
T: 520.790.5433

Ali J. Farhang (#019456)
afarhang@fmlaw.law

Roberto C. Garcia (#026246)
rgarcia@fmlaw.law

Travis L. Tufts (#029373)
ttufts@fmlaw.law

Attorneys for Defendants / Counterplaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Melissa Martin McBeath, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Tucson Tamale Company, an Arizona corporation; Todd Russell Martin, an individual; Sherry Martin, an individual; and Lisa Martin, an individual,<br><br>Defendants. | NO. CV 16-462-TUC-DCB (BPV)<br><br>**REPLY IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE AND EVIDENTIARY HEARING**<br><br>Assigned to Judge David C. Bury and Hon. Bernardo P. Velasco |
| Tucson Tamale Company, an Arizona corporation,<br><br>Counterplaintiff,<br><br>v.<br><br>Melissa Martin McBeath and John/Jane Doe Martin McBeath, husband and wife,<br><br>Counterdefendants. | |

00328807.1

Plaintiff Melissa Martin McBeath ("McBeath") tellingly refused to address any of the material facts related to her ongoing relationship with Francisco X. Marquez ("Marquez") and his unauthorized practice of law in this Court. Fundamentally, McBeath does not deny, because she cannot, that Marquez is intimately involved in this case drafting her pleadings, discovery requests, and numerous motions. Nor does she even attempt to distinguish that Marquez's conduct constitutes the unauthorized practice of law. Rather than dispute Defendants' well-supported rendition of the facts, McBeath instead posits a variation of her seemingly constant argument – that Marquez, as a supposed "consulting expert," is shielded from Defendants' discovery – to now suggest that this Court does not have jurisdiction over him. Surely, if Marquez is acting as a consulting expert *in this case*, this Court unquestionably has jurisdiction over him. Furthermore, Marquez's involvement in this case has directly impacted this tribunal's docket, not to mention that of the Pima County Superior Court. Despite McBeath's ongoing efforts to protect him, Marquez has unquestionably exposed himself to this Court's jurisdiction and authority.

McBeath otherwise presents no justification or defense for her patently harassing and vexatious conduct in this litigation for over one year. Indeed, she conveniently suggests a "point-by-point refutation would only waste the Court's time," apparently disregarding the myriad vexatious, duplicative motions she has filed undoubtedly wasting this Court's and the Superior Court's time. Equally important, McBeath failed to present any controlling legal authority that could preclude this Court from exercising its inherent authority to sanction her misconduct. As the undisputed record clearly reflects, McBeath is not an innocent *pro se* litigant unaware of the consequences of her actions, but rather, a disgruntled former employee who hired a disbarred attorney to fabricate claims, abuse the process, and exact financial revenge on her former employers.

Simply, McBeath offers no persuasive reason to deny Defendants Tucson Tamale Company ("TTC"), Todd Russell Martin, Sherry Martin, and Lisa Martin (collectively, "Defendants") the relief sought in their Motion for Order to Show Cause and Evidentiary Hearing, Doc. No. 75 (the "Motion").

00328807.1

- 2 -

### A. **This Court has jurisdiction over Marquez.**

Steadfastly seeking to protect Marquez, McBeath unavailing argues the Court lacks jurisdiction over Marquez because, supposedly, he is not a resident of Arizona. (See, e.g., Opp. at 2:1-5.) That McBeath attempts to argue on Marquez's behalf squarely establishes two of Defendants' principal arguments: 1) McBeath wholly depends on Marquez's unauthorized practice of law to harass Defendants; and 2) Marquez is fraudulently appearing as a *pro se* litigant, authoring papers that now posit arguments made on his own behalf to evade the Court's jurisdictional reach.

Assuming McBeath can make a jurisdictional argument on behalf of Marquez without appearing as his counsel-of-record, her argument about Marquez's residence conflicts with her own prior admissions. Contrary to her most recent avowal, McBeath stated on her Equal Employment Opportunity Commission ("EEOC") Intake Questionnaire that Marquez resides at 451 W. Calle La Bolita, Sahuarita, Arizona.[1] (See Defs.' Motion, Doc. No. 75, Ex. E, EEOC Questionnaire.) The Court should disregard McBeath's sham declaration contradicting her prior, more trustworthy admissions.[2]

Even assuming Marquez does not live in Arizona or even periodically reside here, he has unquestionably availed himself to this jurisdiction[3] vis-à-vis his undisputed delivery

---

[1] McBeath argues that Jesus Enrique Molina – an individual with whom Marquez shares a common surname – owns this property, but nonetheless, admits that Marquez's mother lives and pays rent to, presumably, her son. (See M. McBeath Declaration, Doc. No. 80-1, ¶¶ 3-4.) It certainly makes sense Marquez would avoid the appearance of owning property in light of the California Supreme Court's Order he make restitution for misappropriating client's money. (See Defs' Motion, Ex. B, State Bar Ct. of Cal. Decision.) Upon information and belief, the utilities in this home are or were registered to Marquez, not Jesus Enrique Molina.

[2] McBeath submitted the questionnaire before Defendants discovered Marquez's involvement in the case and before McBeath had a motivation to shield him from Defendants' discovery.

[3] McBeath criticizes Defendants' citation to CE Distribution, LLC v. New Sensor Corp., 380 F.3d 1107, 1111 (9th Cir. 2004) by suggesting that case "applies only to the service of process of a complaint on parties…and not to the service of subpoenas. (See Opp. at 2:16-20 (emphasis omitted).) Defendants, however, do not seek to serve a complaint *or* a subpoena on Marquez. Rather, Defendants simply establish that this Court has authority to issue an order to an individual who is subject to the Court's jurisdiction. See also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473–74, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985) ("where individuals 'purposefully derive benefit' from their interstate activities…it may well be unfair to allow them to escape having to account in other States for consequences that arise proximately from such activities; the Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed."). A similar jurisdictional issue was decided in CE Distribution, LLC.

00328807.1

of McBeath's papers and filings, his signing of McBeath's certificates of service, his e-mails and communications with Arizona counsel relating to this case, his provision of legal advice to McBeath, and his drafting and filing of McBeath's pleadings in this Court and the Pima County Superior Court.[4]  (See id. at Ex. D, M. McBeath Dep. Tr. at 138:11-21 (admitting Marquez delivered her papers to defense counsel's office); see also id. at Ex. F, Marquez's Cert. Service; id. at Ex. H, Marquez E-mail, June 14, 2016; id. at Ex. K, Marquez E-mail to Counsel, April 5, 2017.))

Marquez's contacts with this jurisdiction are real and beyond dispute.  By virtue of his affirmative conduct in this jurisdiction, Marquez has waived any argument that he is beyond the Court's powers.

### B. This Court has authority to order alternative service on Marquez.

In a further effort to protect Marquez, McBeath incorrectly claims alternative service of a subpoena is not authorized by law.  (See Opp. 3:1-2.)  Again, Defendants do not seek to serve a subpoena.  Notwithstanding, this Court has ample authority to authorize alternative service of its orders *and* subpoenas.  See BMO Harris Bank, N.A. v. D.R.C. Investments, L.L.C., CV-13-1692-PHX-LOA, 2013 WL 4804482, at *4 (D. Ariz. 2013) (ordering alternative service after five unsuccessful attempts and where Defendants appeared to be evading service); see also Toni Brattin & Co., Inc. v. Mosaic Int'l, LLC, 15-MC-80090-MEJ, 2015 WL 1844056, at *3 (N.D. Cal. 2015) (stating "Courts have permitted parties to serve Rule 45 subpoenas by alternative methods of service other than personal service" and citing numerous decisions); Fed. R. Civ. P. 4(e) (authorizing methods of serving a summons on an individual within a judicial district of the United States by leaving a copy at the individual's dwelling or as authorized by state law);  Ariz. R. Civ. P. 4.1(k) (authorizing alternative service, as the Court may direct, when personal service has become impracticable).

Defendants' proposed method of service is reasonably calculated under the circumstances to comport with due process considerations.  See, e.g., Mullane v. Cent.

---

[4] Defendants hereby request this Court take judicial notice of the pleadings and papers on file with the Clerk of the Arizona Superior Court (Pima County), Case No. C20161794.

Hanover Bank & Trust Co., 399 U.S. 306, 314 (1950) (a method of service "must be reasonably calculated, under all circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections.") Defendants presented ample evidence of Marquez's history of evading service. (See Defs.' Motion, Ex. J.)  Given Marquez's affiliation with McBeath, there is little doubt he will receive notice of the hearing by mailing and e-mailing him at his known addresses, assuming he does not already receive proper notice due to his preparation of McBeath's Opposition and his representation of her otherwise.

**C. This Court should exercise its inherent authority to enjoin Marquez's unauthorized practice of law.**

McBeath does not dispute that this Court has the inherent authority to enjoin Marquez, but instead, unconvincingly suggests the Court defer to the Arizona State Bar. McBeath's argument, again, tacitly admits that Marquez is engaged in the unlawful practice of law *in this Court*, but is wholly unpersuasive.

Given the abuse of process directly attributable to Marquez's conduct, this Court has a vested interest in enjoining Marquez's ongoing abuse of this Court and the judicial system.  Defendants presented extensive evidence of Marquez's history of discovery misconduct, including his most recent set of facially frivolous interrogatory requests. (See id. at Ex. FF). This Court, not the Arizona State Bar, is in the best position to sanction an individual fraudulently appearing before it and whose blatant disregard for the rule of law has directly impacted the Court.  See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) ("a federal court has the power to control admission to its bar and to discipline attorneys who appear before it."); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010 ("It is well established that '[d]istrict courts have inherent power to control their docket.'") (internal citations omitted). Moreover, the practice of law in this Court is a privilege; one that Marquez unquestionably lost when he was disbarred, yet has surreptitiously exploited to the detriment of both Defendants and the Court's resources. That the Arizona State Bar also has the authority to sanction Marquez does not, in and of

00328807.1

- 5 -

1 itself, compel this Court to cede control of its docket or to abdicate its role in managing of
2 the cases and/or individuals before it.

### D. This Court should label McBeath a vexatious litigant and levy heavy sanctions.

McBeath unpersuasively argues that this Court cannot label her vexatious and sanction her because she has not filed multiple frivolous lawsuits. (Opp. 3:10-12). In making this argument, McBeath conveniently overlooks the fact she *did* file multiple lawsuits arising out of the same set of facts – i.e. her employment and employment termination. Indeed, she prosecuted two lawsuits, without justification, until the Pima County Superior Court restricted her ability to engage in frivolous motion practice, at which point she immediately moved to consolidate and resume her vexatious litigation tactics in this Court. (See, e.g., Defs.' Mot., Exs. V, W, X (claiming two days after the Pima County Superior Court quashed a subpoena that "in my reading of the federal rules…I am entitled" to serve a substantially similar subpoena and, shortly after the Superior Court ordered "no further motions will be permitted without leave of court…" asking to "revisit" Defendants offer to consolidate the actions in one venue.) That McBeath refused to even substantiate her multiple lawsuits again provides a telling admission about her motivations.

Overlooking the fact she filed multiple lawsuits arising from the same set of facts, McBeath failed to cite any authority suggesting the Court's ability to sanction vexatious litigants is limited to those cases where litigants have filed multiple lawsuits. To the contrary, the Courts are vested with broad discretion to levy sanctions, provided that the Court make substantive findings of the frivolous and harassing nature of the litigant's actions. See De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990) ("[t]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.") Indeed, in De Long, the Ninth Circuit vacated and remanded a decision to label a *pro se* litigant vexatious not because the litigant filed only one meritless lawsuit, but instead because the lower court did not provide the litigant an opportunity to be heard

00328807.1

or preserve an adequate record for review. See generally id. There, the Ninth Circuit had ample opportunity to adopt McBeath's proposed bright-line rule limiting the ability of Courts to sanction only those litigants who file multiple lawsuits. Tellingly, it did not, instead remanding for the lower court to make substantive findings and tailor appropriate sanctions. See id.

Although the Ninth Circuit cautions against imposing sanctions on *pro se* litigants, as McBeath suggests, the Court is not barred from levying sanctions under these circumstances. As more fully set forth in detail in Defendants' Motion – the facts of which McBeath does not genuinely dispute – Defendants ask the Court to follow the appropriate procedure and make substantive findings because the facts clearly demonstrate a pattern of harassment. McBeath's bad faith motivation appears patently on the face of her Complaint, her frivolous interrogatories, duplicative motions evading judicial orders, and misleading and disingenuous fabrication of critical facts in this case, not to mention the retention of a disbarred attorney to effectuate her strategy. As a matter of law, McBeath's fabrication of facts, alone, is sufficient to find she is a frivolous litigant. See Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1060 (9th Cir. 2007) ("It is also frivolous for a claimant who has some measure of a legitimate claim to make false factual assertions.") Thus, while the Ninth Circuit cautions lower courts when considering sanctions, there are significant, substantive facts demonstrating the frivolous and harassing nature of McBeath's actions.

Finally, McBeath implicitly asks the Court to afford her a degree of leniency because she is a *pro se* litigant. (See Opp. at 3:13-14.) Contrary to her assertion, however, she is not merely a *pro se* litigant. McBeath affirmatively chose to engage Marquez in this case and has, for over one year, had the opportunity to dissociate with him. Tellingly, McBeath did nothing to distance herself from Marquez, but instead dug deeper in her efforts to shield Marquez's undeniable involvement in this case. McBeath cannot now proclaim she is an innocent *pro se* litigant attempting to wade through the judicial system without a clue that her conduct exceeds the bounds of propriety.

////

**E.  There is no compelling basis to deny Defendants the relief sought.**

McBeath does not dispute, nor can she, that she has employed Marquez to exact revenge against Defendants for lawfully terminating her employment.  Together they have defrauded this Court, disregarded and distorted the rule of law, and, in doing so, have unquestionably imposed an undue burden on this Court and Defendants' ability to defend themselves.  In lieu of substantiating her conduct, McBeath instead seeks to avoid the consequences of her actions by presenting flawed technical defenses imploring this Court to cede its jurisdiction and overlook her abusive litigation conduct.  Her reliance is misplaced.  Simply, McBeath does not defend her actions because she cannot.  This Court should not permit McBeath and Marquez to continue their vexatious campaign against Defendants.

DATED this 15th day of June 2017.

FARHANG & MEDCOFF

By /s/ Travis L. Tufts
   Ali J. Farhang
   Roberto C. Garcia
   Travis L. Tufts

Attorneys for Defendants / Counterplaintiff

00328807.1

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically with the Clerk of the United States District Court for the District of Arizona, with notice of case activity generated and sent electronically this 15th day of June 2017 to:

Melissa Martin McBeath
3463 E. Terra Alta Blvd.
Tucson, AZ 85716
Mel.mcbeath@cox.net

/s/ Letitia Wright

00328807.1