IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melissa Martin McBeath,<br><br>  Plaintiff,<br><br>v.<br><br>Tucson Tamale Company, et al.,<br><br>  Defendants.<br>──────────────────────────<br>Tucson Tamale Company,<br><br>  Counterplaintiff,<br><br>v.<br><br>Melissa Martin McBeath, and John/Jane Doe Martin McBeath, husband and wife,<br><br>  Counterdefendants. | No. CV-16-462-TUC-DCB (BPV)<br><br>**AMENDED ORDER SETTING RULE 16 SCHEDULING CONFERENCE** |

**NOTE: This order requires the parties to file a joint report five days before the conference scheduled herein.**

Pursuant to the local rule governing differentiated case management, this action is designated a standard track case. Accordingly, IT IS HEREBY ORDERED:

A Scheduling Conference will be held in the above entitled action on **Tuesday, August 29, 2017[1], before Magistrate Judge Velasco at 10:30 a.m.** Plaintiff, who is

---

[1] The date specified for the conference in the Court's July 21, 2017 Order was incorrect (Doc. 85). This Order amends the July 21, 2017 Order to reflect the correct

proceeding *pro se*, and defense counsel may appear in person or telephonically. The parties shall notify Magistrate Judge Velasco's law clerk, Suzanne Kaplan McKee, at 520-205-4631 or Suzanne_McKee@azd.uscourts.gov, no later than 24 hours before the conference, if they want to make arrangements to appear at the conference telephonically.

The parties are directed to consult Rules 16 and 26 of the Federal Rules of Civil Procedure for the objectives of this conference. At least one of the attorneys for each party attending the conference shall have authority to enter into stipulations and make admissions regarding all matters which may be discussed.

Plaintiff and defense counsel are directed to confer at least 21 days prior to the conference, in accordance with Rule 26(f), Federal Rules of Civil Procedure, to discuss the following matters:

    A.    Any matters relating to jurisdiction, venue or joinder of additional parties;

    B.    The nature and basis of their claims and defenses and the possibility for a prompt settlement or resolution of the case;

    C.    The scope of discovery, and possible limitations thereof. The parties are expected to comply with Rule 26(f) of the Federal Rules of Civil Procedure and seek to minimize the expense of discovery. The parties shall discuss any issues relating to disclosure or discovery of electronically stored information and shall determine the form or forms in which it should be produced. The parties shall make any agreements as to how to handle claims of privilege or claims of protection for trial-preparation materials asserted after production. In cases where dispositive motions will be filed, the parties should consider limiting discovery to the issue at hand until the Court has ruled on the motion;

    D.    A schedule of all pretrial proceedings, including a trial date, an estimated length of trial, and any suggestions for shortening trial;

    E.    Modification of pretrial procedures due to the simplicity or complexity of the case;

---

date the conference will occur.

F. Prospects for settlement, including any request to have a settlement conference before another Magistrate Judge or United States District Court Judge, or participating in any other alternative dispute resolution forum;

G. Arrangements for Initial Disclosures in compliance with Rule 26(a)(1), Rules of Civil Procedure. Unless otherwise stipulated or directed by the Court, Initial Disclosures shall be made at or within 14 days after the Rule 26(f) conference of the parties. The parties shall file with the Clerk of the Court, in accordance with Rule 26(a)(4), a Notice of Initial Disclosure, rather than copies of the actual disclosures;

H. Possibility of consent to trial before a United States Magistrate Judge pursuant to 28 U.S.C. §636(c), suitability for referral to any alternative dispute resolution procedure, or reference to a special master.

I. Any other matters which the parties may feel will help dispose of the matter in an efficient and economical manner.

IT IS FURTHER ORDERED:

The parties shall file with the Court, **not less than five days before the Scheduling Conference**, a joint report reflecting the results of their discussion. It is the responsibility of the Plaintiff to initiate the communication necessary to prepare this joint report. The report shall include individually numbered brief statements indicating:

1. The nature of the case, setting forth in brief statements the factual and legal basis of the claims and defenses;

2. The factual and legal issues genuinely in dispute, and whether they can be narrowed by stipulation and motion;

3. The jurisdictional basis of the case, citing specific statutes;

4. Parties, if any, which have not been served, as well as parties which have not filed an answer or other appearance. Unless the parties can otherwise show cause, an order shall accompany the joint report dismissing any party which has not been served, or seeking default judgment on any non-appearing party;

5. The names of parties not subject to the Court's jurisdiction;

6. Whether there are further dispositive or partially dispositive issues to be decided by pretrial motions, and the legal issues about which any pretrial motions are contemplated;

7. Whether the case is suitable for reference to arbitration or to a special master, or whether the parties consent to trial before a United States Magistrate Judge pursuant to 28 USC §636(c);

8. The status of related cases pending before other judges of this Court or before other courts.

9. A statement of when Initial Disclosures were made or will be made, or any proposed changes in the requirements for Initial Disclosures set forth in Rule 26(a), Federal Rules of Civil Procedure;

10. Suggested changes, if any, in the limitations on discovery imposed by Rule 26(b)(2);

11. Proposed deadlines for:

    (a) filing motions to amend the complaint and to join additional parties (The usual deadline is three months from the date of the scheduling conference);

    (b) pretrial disclosure of lay witnesses, expert witnesses, and expert testimony pursuant to Rule 26(a)(2) and (3), Federal Rules of Civil Procedure (The usual deadline is four months for initial witness lists and one additional month for rebuttal witnesses);

    (c) completing discovery (The usual deadline is six months);

    (d) filing dispositive motions (The usual deadline is seven months);

    (e) lodging proposed joint pretrial order (The usual deadline is eight months); and

    (f) filing a joint letter to the Court concerning the status of

settlement discussions (The usual deadline is four months after the scheduling conference and again every two months thereafter);

12. Estimated date and length of trial;

13. Whether a jury trial has been requested;

14. The prospects for settlement, including any request to have a settlement conference before another Magistrate Judge or United States District Court Judge, or other request of the Court for assistance in settlement efforts;

15. Whether any unusual, difficult, or complex problems or issues exist which would require this case to be placed on the complex track for case management purposes pursuant to LRCiv 16.2. If the parties believe that discovery will require more than six months, the parties MUST provide an explanation showing why, in the instant case, a lengthier period for discovery is necessary and essential;

16. In class actions, the proposed dates for class certification proceedings and other class management issues. Such certification will result in the case being reassigned to the complex track for case management purposes; and

17. Any other matters which the parties feel will aid the Court in expediting the disposition of this matter efficiently.

After the conference, the Court will enter a Scheduling Order, which shall control the course of this action, unless modified by subsequent Order.

This Court views this Scheduling Conference as critical to its case management responsibilities and the responsibilities of the parties under Rule 1, Federal Rules of Civil Procedure. All parties, whether represented by counsel or appearing pro se, must comply with the Federal Rules of Civil Procedure and the Rules of Practice of the U.S. District Court for the District of Arizona. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)("[p]ro se litigants must follow the same rules of procedure that govern other litigants"), *overruled on other grounds by Lacey v. Maricopa County,* 693 F.2d 896 (9th Cir. 2012).

IT IS FURTHER ORDERED in accordance with LRCiv 83.3(d) of the Local Rules of Practice of the U.S. District Court for the District of Arizona, that at all times during the pendency of this action, Plaintiff must notify the Court and defense counsel of any change of address. *See* LRCiv. 83.3(d) (a notice of change of address must be filed no later than fourteen (14) days before the effective date of the change). Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the Court's Order and/or for failure to prosecute. *See King*, 814 F.2d at 567.

Dated this 24th day of July, 2017.

_____
Bernardo P. Velasco
United States Magistrate Judge