MELISSA MARTIN McBEATH
3463 E. TERRA ALTA BLVD.
TUCSON, AZ 85716
Ph:  (520) 449-9753
*mel.mcbeath@cox.net*

Pro Se

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA, TUCSON DIVISION

| | |
|---|---|
| MELISSA MARTIN McBEATH, an individual, <br><br>Plaintiff, <br><br>v. <br><br>TUCSON TAMALE COMPANY, an Arizona corporation; <br>TODD RUSSELL MARTIN; an individual; <br>SHERRY MARTIN, an individual; and <br>LISA MARTIN, an individual, <br><br>Defendants. <br>_____ <br><br>AND TUCSON TAMALE COMPANY'S RELATED COUNTERCLAIMS | Case No. CV 16-462-TUC-DCB (BPV) <br><br>**EHUD GAVRON DECLARATION** <br>_____ <br><br>Assigned to:  Hon. David C. Bury <br><br>Complaint Filed:  July 11, 2016 |

I, EHUD GAVRON, declare:

1. I have personal, first-hand knowledge of all matters stated in this declaration and, if called to testify as to these matters, I could and would do so competently.

2. I am a long-time friend of Melissa Martin McBeath.

3. I have consulted and been employed in related fields for over 25 years and have extensive experience and knowledge of computer science, computer operations, computer networks, computer storage, computer security, network security, Internet technology, encryption, authentication, authorization, intrusion prevention, intrusion detection, logfile analysis, and various regulations that apply to these in the United States.

4. Sometime in 2015, Ms. McBeath contacted me to assist her with technical questions she had about Revel Point of Sales System used by Tucson Tamale Company (***"TTC"***).

5. I reviewed online information that Revel makes publicly and freely available to anyone such as FAQs or knowledgebase pages.

6. I don't have a username or password, neither McBeath's nor anyone else's, to access anything (including TTC's Revel system), nor have I

accessed TTC's internal systems in any way.

7. Ms. McBeath has never disclosed to me anything marked as TTC proprietary information, nor do I currently have in my possession any of such confidential information.

8. I do not work in the food-service industry nor do I have any interest in the proprietary mechanisms of making a corn-masa flatbread folded over a stuffing.

9. In November 2016, I contacted TTC's attorneys to arrange a convenient time for their computer expert(s) to inspect my computers. They rudely declined my offer. As they've yet to show any computer competence I can only conclude they have not hired any computer experts.  To date I have not heard anything from TTC's attorneys regarding this matter except threats that if I delete any information they will seek sanctions against me.  Attached as Exhibit A is an email I sent to Mr. Tufts and his response dated November 29, 2016.

I declare under penalty of perjury, pursuant to 28 U.S.C. section 1746, that the foregoing is true and correct.

Dated: May 16, 2017

Ehud Gavron

# EXHIBIT A

**Subject:** PC Donations to charities
**Date:** Wed, 23 Nov 2016 16:00:46 -0700
**From:** Ehud Gavron <gavron@wetwork.net>
**To:** Travis L. Tufts <ttufts@fmazlaw.com>

Dear Mr. Tufts,

You've previously indicated that your clients reserved the right to retain a computer forensic expert to examine my computer(s). If you intend to do so, please provide a copy of your expert's COI and explain precisely what nondestructive processes you expert will employ (e.g. turning on or booting the hardware is deemed destructive because doing so will alter the digital data).

Be advised that for tax reasons, every December I donate all my used PCs to charity. I wipe the hard drive(s), install Linux and LibreOffice, and make the donation. I will grant your designated expert access to my computer(s) for 5 business days after which all hardware must be returned in exactly the same condition so I can do the requisite work to wipe, install open-source software, and donate the equipment.

I'm reserving all rights in the event we cannot agree, but in the spirit of agreement, I'm giving you ample notice as I hope to work this out with you and your expert(s) amicably and efficiently. If your clients cause me to have to file anything with the Court or force me to respond to anything they file, I will ask the Court to reimburse me all attorney's fees and costs I incur in connection with these court filings.

Please let me know on or before Thursday December 15th at 1700MST how you wish to proceed. If I do not hear from you by that time explicitly notifying me you intend to examine my PCs past year's end, then I will understand that I'm free to wipe my computer(s) and will donate them. The number of PCs I have to donate may change depending on sales during this coming "Black Friday" and "Cyber Monday".

Regards,

Ehud

**Subject:**  RE: PC Donations to charities
**Date:**  Tue, 29 Nov 2016 15:53:57 +0000
**From:** Travis L. Tufts <ttufts@fmazlaw.com>
**To:**  Ehud Gavron <gavron@wetwork.net>
**CC:**  Robert Garcia <rgarcia@fmazlaw.com>, Tish Wright <twright@fmazlaw.com>, Autumn Bonnell <abonnell@fmazlaw.com>, Jamie Archibald<jarchibald@fmazlaw.com>, Lynn Salcido <lsalcido@fmazlaw.com>

Mr. Gavron,

While I understand and appreciate the desire to be charitable, you have an obligation to preserve all evidence relevant to this lawsuit.

Please see my e-mail dated June 28, 2016 advising you of the same. As I have indicated previously, and as I infer from your e-mail, your computer contains information relevant to this lawsuit.  Further, despite your e-mail response dated September 30, 2016, we have reason to believe your subpoena production was incomplete and/or withheld information that we believe is discoverable.

Accordingly, I take the position your computer has relevant information stored on it, is subject to discovery during the pendency of this lawsuit, and that we have clearly advised you of your obligations to preserve relevant evidence.  As a purported "consulting expert" in this case, you have no right to demand a copy of my expert's CV or dictate when I retain experts to conduct discovery.  If you are uncertain of your obligations to preserve evidence, I would advise you to retain counsel.

In kind, we will ask the Court to reimburse our clients for their attorneys' fees incurred responding to any filings related to this subject and reserve the right to pursue all remedies and inferences as a result of any destruction.

Travis L. Tufts
Profile | vCard 4801 East Broadway Boulevard | Suite 311 | Tucson, Arizona 85711
General: 520.790.5433 | Direct: 520.398.7466 | Fax: 520.790.5736
www.fmazlaw.com