FARHANG & MEDCOFF
4801 E. Broadway Boulevard, Suite 311
Tucson, Arizona 85711
T: 520.790.5433

Ali J. Farhang (#019456)
afarhang@fmlaw.law

Roberto C. Garcia (#026246)
rgarcia@fmlaw.law

Travis L. Tufts (#029373)
ttufts@fmlaw.law

Attorneys for Defendants / Counterplaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Melissa Martin McBeath, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Tucson Tamale Company, an Arizona corporation; Todd Russell Martin, an individual; Sherry Martin, an individual; and Lisa Martin, an individual,<br><br>Defendants. | NO. CV 16-462-TUC-DCB (BPV)<br><br>**MOTION TO STRIKE AND REQUEST FOR SANCTIONS**<br><br>Assigned to Judge David C. Bury and Hon. Bernardo P. Velasco |
| Tucson Tamale Company, an Arizona corporation,<br><br>Counterplaintiff,<br><br>v.<br><br>Melissa Martin McBeath and John/Jane Doe Martin McBeath, husband and wife,<br><br>Counterdefendants. | |

00336391.2

Plaintiff Melissa Martin McBeath ("McBeath") and the disbarred attorney "representing" her, Francisco X. Marquez ("Marquez"), continue to provide further evidence why this Court should not allow their vexatious litigation campaign to continue. Days after the Court admonished McBeath that her deceiving litigation behavior would not be condoned (see Doc. No. 84 ("the Court is greatly concerned by Plaintiff's communication to Koty-Leavitt of additional terms to those agreed by defense counsel…Plaintiff is advised that any similar conduct in the future will likely result in sanctions.")), the Court purportedly asked McBeath resubmit a brief she filed over two months ago to rectify a minor filing error.  McBeath, despite claiming she merely resubmitted the original, supplemented additional legal arguments and authorities to support her position not found of her original filing.

On August 1, 2017, McBeath refiled her Combined Reply and Opposition Filed in Connection with the Parties' Cross-Motions for Partial Summary Judgment ("Refiled Reply").  (See M. McBeath Reply, Doc. No. 92, p. 1 at fn. 1 ("This Combination Reply/Opposition brief was previously filed on May 17, 2017 (Dkt 72), but was rejected because the Court had not ruled on Defendants' motion for leave to file an oversized brief (Dkt 65)…***McBeath hereby timely resubmits*** this Reply and supporting documents as the Court instructed her to do.") (emphasis added).  McBeath did not, as she suggests, simply resubmit her original Combination Reply/Opposition (Doc. No. 72) ("Original Reply"). Instead, she surreptitiously added legal argument and citations to the Refiled Reply that did not appear in the Original Reply.  Compare Ex. A, Refiled Reply,[1] at 6:3-5, 7:17-21, 8:12 – 9:4 with Ex. B, Original Reply, at 6:1-3, 7:7 – 8:9.  Specifically, she argues Defendants have failed to carry their burden of proof on TTC's breach of contract and trade secret misappropriation counterclaims claims and also supplements an analysis of case law cited in Defendants' brief – Desert Mountain Properties Ltd. P'ship v. Liberty Mut. Fire Ins. Co., 225 Ariz. 194, 236 P.3d 421 (App. 2010).  See Ex. A at 6:3-5, 7:17-21, 8:12 – 9:4.

---

[1] Defendants submit a highlighted exhibit for ease of comparison.

00336391.2

McBeath's additional arguments submitted almost three months late[2] not only prejudice Defendants' ability to adequately respond to new issues and authorities raised therein, but burden Defendants with the additional obligation of exposing the deceitful and misleading conduct McBeath and Marquez have engaged in for well over a year. McBeath's deceptive submission of the Refiled Reply is yet another example of McBeath and Marquez's flagrant disregard for the law, ethics, this Court and its resources.

Defendants respectfully request the Court strike the supplemental legal arguments and authorities found in McBeath's Refiled Reply. Additionally, Defendants request this Court issue sanctions against McBeath pursuant to the Court's Order (Doc. No. 84) and award Defendants their fees and costs associated with filing this motion. Defendants have been forced to incur additional fees and costs reviewing what should have been a simple, straightforward, and honest resubmission of the Original Reply. Moreover, the Court expressly admonished McBeath to cease this exact behavior or face sanctions. On notice of the Court's warning for over a week, McBeath unequivocally disregarded the Court's Order and therefore must be sanctioned.

REPSECTFULLY SUBMITTED this 3rd day of August 2017.

FARHANG & MEDCOFF

By /s/Travis L. Tufts
   Ali J. Farhang
   Roberto C. Garcia
   Travis L. Tufts

Attorneys for Defendants / Counterplaintiff

---

[2] Defendants/Counterplaintiff's filed their Combined Opposition and Cross-Motion for Summary Judgment (Doc. No. 69) on April 26, 2017. (See Doc. No. 69.) Accordingly, McBeath's deadline to file the Original Reply was May 11, 2017. See LRCiv. P. (56.1)(d) (allowing fifteen (15) days for a reply). Even assuming McBeath's Original Reply is deemed an opposition to TTC's motion for summary judgment, McBeath's Refiled Reply remains months beyond the thirty-day deadline for opposing a motion for summary judgment. See id. (allowing thirty (30) days for a party to file an opposition).

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically with the Clerk of the United States District Court for the District of Arizona, with notice of case activity generated and sent electronically this 3rd day of August 2017 to:

Melissa Martin McBeath
3463 E. Terra Alta Blvd.
Tucson, AZ 85716

/s/Letitia L. Wright

00336391.2