# FARHANG & MEDCOFF

4801 E. Broadway Boulevard, Suite 311
Tucson, Arizona 85711
T: 520.790.5433

Ali J. Farhang (#019456)
afarhang@fmlaw.law

Roberto C. Garcia (#026246)
rgarcia@fmlaw.law

Travis L. Tufts (#029373)
ttufts@fmlaw.law

Attorneys for Defendants / Counterplaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melissa Martin McBeath, an individual,<br><br>     Plaintiff,<br><br>    v.<br><br>Tucson Tamale Company, an Arizona corporation; Todd Russell Martin, an individual; Sherry Martin, an individual; and Lisa Martin, an individual,<br><br>     Defendants. | NO. CV 16-462-TUC-DCB (BPV)<br><br>**MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF DOCUMENTS RESPONSIVE TO DEFENDANT SHERRY MARTIN'S FIRST SET OF REQUESTS FOR PRODUCTION**<br><br>Assigned to Judge David C. Bury and Hon. Bernardo P. Velasco |
| Tucson Tamale Company, an Arizona corporation,<br><br>    Counterplaintiff,<br><br>    v.<br><br>Melissa Martin McBeath and John/Jane Doe Martin McBeath, husband and wife,<br><br>     Counterdefendants. | |

00336077.1

Plaintiff Melissa Martin McBeath ("McBeath") has steadfastly refused to produce relevant communications from her Google e-mail ("Gmail") address – Cochesitos1@gmail.com ("Cochesitos1") – and Cox e-mail address – mel.mcbeath@cox.net – despite numerous requests for production from Defendants dating as far back as August 2016. McBeath is known to use or have used her Gmail and Cox e-mail accounts to, among other things, exchange communications related to Defendant Tucson Tamale Company ("TTC") during the course of her employment, exchange communications with TTC employees following the termination of her employment, exchange communications with witnesses supporting her various motions, and to conduct unprivileged communications demonstrative of her motives and vexatious litigation tactics. TTC is undisputedly entitled to discover communications relevant to the underlying suit and, indeed, McBeath herself admitted TTC was entitled to these communications and agreed to produce responsive e-mails after the parties met and conferred. Tellingly, however, McBeath reneged on her agreement and refused to produce any responsive communications after multiple deadline extensions from Defendants. McBeath's refusal to produce these communications after expressly agreeing to produce them is exactly the type of litigation behavior this Court has already admonished McBeath to desist and another reflection of McBeath and her shadow counsel's vexatious motivation to force motion practice at all costs.

Defendants TTC, Todd Martin, Sherry Martin, and Lisa Martin, by and through undersigned counsel, submit this Motion to Compel Plaintiff's Production of Documents Responsive to Defendant Sherry Martin's First Set of Requests for Production (the "Motion") together with the following Memorandum of Points and Authorities, the pleadings and papers on file with the Clerk of this Court and on file with the Clerk of the Arizona Superior Court (Pima County), case no. C201617499 ("Superior Court Case"), which TTC asks the Court take judicial notice of, in support of this Motion.

/ / /

/ / /

00336077.1

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.      FACTUAL BACKGROUND

McBeath cannot legitimately dispute that the Cox e-mail address is hers and that she uses it in connection with this lawsuit.  (See, e.g., Doc. No. 6, M. McBeath Req. Electronic Notice, July 11, 2016 (identifying McBeath's e-mail as mel.mcbeath@cox.net). That she also utilized this e-mail address during the course of her employment at TTC is likewise not in dispute.

Cochesitos1 is also unquestionably McBeath's e-mail address.  At the outset of her Superior Court Case she utilized the e-mail address to communicate with TTC's counsel. See Ex. A, M. McBeath E-mail, April 19, 2016 (e-mail sent from Cochesitos1 to TTC's counsel regarding service of process).  McBeath controlled and/or had access to this e-mail address and utilized it to share various communications related to TTC's business during the course of her employment.  See, e.g., Ex. B, M. McBeath E-mail, July 15, 2015,[1] TTC 000705 (showing "Mel M <Cochesitos1@gmail.com>" sent an e-mail to mel@tucsontamalecompany.com); Ex. C, M. McBeath E-mail, Aug. 3, 2015, TTC 000706 (forwarding a TTC customer's e-mail[2] suggestion to Cochesitos1 from mel@tucsontamalecompany.com); Ex. D, M. McBeath E-mail, Sept. 5, 2015, TTC 000714-717 (forwarding an e-mail regarding TTC's store operations from mel@tucsontamalecompany.com to Cochesitos1).  Indeed, McBeath forwarded various e-mails between her and her witness turned consulting expert, Ehud Gavron ("Gavron"), during the course of her employment, including an e-mail she would later use to consult Gavron on how to circumvent mandatory liquor license training.  See Ex. E, M. McBeath E-mail, Aug. 5, 2015, TTC 000711-712 (forwarding an e-mail regarding liquor training from her TTC e-mail to Cochesitos1); see also Ex. F, M. McBeath E-mail, Aug. 12, 2016, TTC 000434 (asking to "impose on [Gavron] and [his] Linux fabulousness to NOT have

---

[1] McBeath was employed by TTC from April 20, 2015 to February 22, 2016.
[2] TTC redacts the customer's e-mail address and last name to preserve her privacy.  Should the Court wish to see the e-mail address or full name of this individual, TTC will produce it upon request.

00336077.1

to spend hours…" completing a liquor license training.); Ex. G, <u>M. McBeath E-mail</u>, May 28, 2015, TTC 000701-702 (forwarding an e-mail and attachment received from Gavron at her Cochesitos1 e-mail address to her TTC address).

McBeath continues to utilize her Cochesitos1 e-mail address to this day and has utilized the e-mail to covertly contact TTC's employees, former employees, and to coordinate with her disbarred attorney Francisco X. Marquez ("Marquez") to prosecute her claims. Days after her termination, McBeath contacted TTC's general manager, Shawn Kaylor ("Kaylor"), and asked him to e-mail her a document identifying her job duties and responsibilities. <u>See</u> Ex. H, <u>S. Kaylor E-mail</u>, Feb. 26, 2016, TTC 000973-978 (e-mailing a scanned documented to McBeath at Cochesitos1 and McBeath's response). Additionally, in support of her Partial Motion for Summary Judgment (Doc. No. 52), McBeath attached a declaration from Joshua Cooper ("Cooper") – a former IT professional independently contracted by TTC. (<u>See</u> Doc. No. 52-3, <u>M. McBeath Mot. P. Summ. J.</u>, J. Cooper Decl.). In response to TTC's subpoena, Cooper produced an e-mail he received from McBeath's Cochesitos1 address, ostensibly coordinating the subject matter of his declaration and exchanging drafts with him. <u>See</u> Ex. I, <u>M. McBeath E-mail</u>, Jan. 4, 2017, TTC 000990 (e-mailing J. Cooper regarding his review of the declaration and access to McBeath's Google Drive containing the draft).

## II.    PROCEDURAL BACKGROUND

### A. <u>Defendants' discovery requests.</u>

TTC initially propounded Requests for Production calling for e-mail communications related to McBeath's employment, individuals with whom she shared TTC's Confidential Information during the course of her employment (namely, Gavron, her ex-husband Ernesto Chavez ("Chavez"), and Marquez, who can no longer shield himself from Defendants' discovery[3]), and communications exchanged with TTC's

---

[3] On July 21, 2017, the Court ruled that the communications between McBeath and Marquez are not privileged from discovery because Marquez is not an attorney or an expert in this case. (<u>See</u> Doc. No. 84, 14:5-11.) Prior to the Court's Order, McBeath refused to produce any documents or communications related to her relationship with Marquez or answer any substantive questions about his involvement in this lawsuit.

00336077.1

employees and witnesses in this lawsuit, including her son who was filmed on close circuit television accessing and printing documents from TTC's computer after her employment termination.  See generally Ex. J, Def.'s First Set Req. Prod., Aug. 2, 2016, at Nos. 4-9. Thereafter, on May 24, 2017, Defendant Sherry Martin propounded Requests for Production (the "Requests") explicitly requesting content from the Cochesitos1 e-mail address as well as any other e-mails used by McBeath, including the Cox e-mail address. See Ex. K, S. Martin Req. Prod., May 24, 2017, at No. 1.

Despite the various communications disclosed by TTC demonstrating McBeath's access and use of Cochesitos1 e-mail addresses to engage in communications relevant to this lawsuit, McBeath has produced only one e-mail to Cochesitos1.  See Ex. L, M. McBeath E-mail Prod., Mar. 2, 2015.  And, McBeath has not produced the requested e-mails relating to Gavron, Marquez, Chavez, or her son.

### B. Defendant has made a good faith effort to resolve the discovery dispute.

After numerous efforts to accommodate McBeath's schedule,[4] the parties met and conferred regarding McBeath's responses on July 7, 2017.   During that meeting, undersigned counsel showed McBeath some of the communications from the Cochesitos1 e-mail account produced by TTC in this case and identified *supra*.  See Ex. M, T. Tufts E-mail, July 7, 2017 (summarizing the meet and confer and agreements reached during that meeting to resolve the discovery dispute).  Further, the undersigned explained his efforts to identify McBeath's historical production of Cochesitos1 e-mail communications and the belief that McBeath had produced only one such e-mail.  See id.  While believing she already produced responsive e-mails, McBeath nonetheless agreed to go back through her disclosures and identify when or how they were produced *or* produce the documents that were in her possession and not yet produced.  See id.

TTC also narrowed the scope of the Requests related to communications exchanged

---

[4] Counsel first e-mailed McBeath on June 23, 2017 requesting an opportunity to meet and confer, then followed up with McBeath June 28, 2017 after not receiving a response to the initial e-mail.  McBeath, who testified under oath that she is currently unemployed, then claimed she was not available until after the July 4, 2017 holiday, resulting in a delay to discuss the discovery dispute of two weeks.

with her son, ex-husband Chavez, and friend Gavron to only those communications related to the lawsuit and TTC.  See id.  McBeath acknowledged the narrowed request would resolve her objection and enable her to produce relevant documents while also agreeing to produce a privilege log for documents she claimed were subject to a privilege and produce all responsive communications within 10 days (i.e., by July 18, 2017).  See id.

McBeath did not supplement her responses or produce any additional documents within the agreed upon deadline.  In the interim time period, the Court issued its Order (Doc. No. 84) resolving four pending discovery motions ruling,

> "[w]ith regard to Marquez, the record reflects that he is not a licensed attorney and, therefore, the attorney-client privilege does not apply.  As Defendants point out, at best, Marquez is a legal document preparer to whom the attorney-client privilege does not apply…Plaintiff has provided no basis on which to believe Marquez is acting as an expert with regard to any matter in this case.  Because Plaintiff has failed to establish that Marquez qualifies for the protections of Rule 26(b)(4)(D), Plaintiff's motion[5] is denied in its entirety with regard to Marquez."

(Order, 14:5-11, Doc. No. 84).

Similarly, the Court ruled that Defendants "may not seek discovery from Gavron related to facts known or opinions held by him with regard to the [Stored Communications Act] claim after May 26, 2016."  Id. at 13:27 – 14:1.

Because McBeath had not produced additional documents as previously agreed and because the Requests sought communications with both Gavron and Marquez, undersigned counsel e-mailed McBeath on July 21, 2017, offering a further one week extension to produce e-mails, including those from Marquez and Gavron.  See Ex. N, T. Tufts E-mail, July 21, 2017.

To date, McBeath has not responded to counsel's e-mails or produced the documents responsive to the Requests.

////

---

[5] The Court was referring to McBeath's Motion for a Protective Order to Shield Experts Consulted Informally (Doc. No. 39).

00336077.1

## III.   LEGAL ANALYSIS AND ARGUMENT

### a.   Federal Rules of Civil Procedure.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…"  Fed. R. Civ. P. 26.  "A party may serve on any other party a request within the scope of Rule 26(b): to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control."  Fed. R. Civ. P. 34.

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).  "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if…party fails to produce documents or fails to respond inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Id. at 37(a)(3)(B)(iv).  "For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Id. at 37(a)(4).

### b.   Local Rule 37.1 analysis.

#### 1.   The Request for Production Propounded.

"Produce all content in its native form from your personal e-mail mailboxes, including but not limited to *cochesitos1@gmail.com*, relating to:

a.   Tucson Tamale Company
b.   Todd Russell Martin
c.   Sherry Martin
d.   Lisa Martin
e.   Shawn Kaylor
f.   Delaney Hare
g.   Meaghan Anderson
h.   Joshua Cooper
i.   Maximillian Ivankovich
j.   Ernesto Chavez

00336077.1

k.    Ehud Gavron

l.    Francisco Xavier Márquez"

2.    <u>McBeath's Response.</u>

"Plaintiff has produced all documents in her possession, custody or control responsive to this Request that relate to Tucson Tamale Company, Todd Russell Martin, Sherry Martin, Lisa Martin, Shawn Kaylor, Delaney Hare, Meaghan Anderson and Joshua Cooper.

Maximillian Ivankovich is Plaintiff's son and the other three remaining named individuals are friends Plaintiff has known for decades. With respect to these individuals, Plaintiff objects on grounds that this Request is overbroad as to time and vague as to subject matter.

Some of the information requested may further be protected by Plaintiff's right of privacy or F. R. Civ. P. 26(b)(3) (expert work-product privilege) and F. R. Civ. P. 26(b)(4)(B) (expert retained only for trial preparation)."

Ex. O, <u>M. McBeath Resp. Req. Prod.</u>, June 23, 2017.

3.    <u>Reasons Why McBeath's Response Is Deficient.</u>

McBeath failed to comply with her obligations to produce communications responsive to the Requests.  There is no dispute that the Requests seek relevant communications related to TTC, the individual Defendants, and witnesses involved in this case.  Defendants specifically identified numerous e-mails McBeath sent from her Cochesitos1 e-mail address falling within the scope of the Requests, including e-mails exchanged with TTC's current general manager and former IT professional, thereby alerting McBeath to communications presumably in her possession and control that she has not produced.  Given the Court's recent Order prohibiting McBeath from communicating with TTC's general managers, and evidence McBeath has or still is communicating with those individuals, it is paramount McBeath produce these documents to enable Defendants to discover the full scope of McBeath's improper communications with its employees post-termination so that it can take appropriate remedial action.  Presented with a volume of e-

00336077.1

mails clearly relevant to this litigation, McBeath promised to produce those e-mails during an in-person conference then refused to adhere to the her agreement, presumably after Marquez counseled her against it.

McBeath's responses are otherwise evasive or incomplete and her refusal to produce *any* documents should be deemed a failure to respond. See Fed. R. Civ. P. 37(a)(4) ("An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."). McBeath's assertion that she has already produced her e-mail communications is clearly contradicted by the record. First, McBeath was provided with the opportunity to substantiate her claim that she produced the e-mails earlier in this litigation. See Ex. M (requesting McBeath identify the documents if she has already produced them). To date McBeath has not identified how or when she produced the e-mails despite her agreement to do so. Second, McBeath can no longer claim a right to withhold production on the basis of privilege. As the Court ruled, no privilege exists between her and Marquez. (Order, 14:5-11, Doc. No. 84.) McBeath has not produced or identified any e-mails exchanged with Marquez despite it being known she communicates with him via e-mail. See Ex. P, E-mail Chain Discussing Disc., June 27, 2016. Nor has she produced e-mails with Gavron before he was supposedly retained as an expert or those documents that fall outside the scope of the Court's Order, similar to those communications presented by Defendants. See, e.g., Exs. E, F, G. Lastly, even assuming some privileged documents fall within the Court's Order, McBeath must produce a privilege log. See Fed. R. Civ. P. 26(b)(5). Again, she was not only required to produce a privilege log but promised to produce one. McBeath's response to the Requests juxtaposed against the evidence presented herein clearly demonstrates her responses are inaccurate, incomplete, and an otherwise evasive means to shield communications with individuals who are not protected by privilege.

## IV.   CONCLUSION AND REQUESTED RELIEF

Defendants have presented adequate evidence that McBeath utilized her Cochesitos1 and Cox e-mail addresses to communicate about matters relevant to this

00336077.1

1  lawsuit and that she has not produced those e-mails, among others, in response to the

2  Requests.  Defendants request the Court order McBeath to produce the responsive e-mails

3  including, but not limited to, the e-mails she has refused to produce exchanged with

4  Gavron, Marquez, Chavez, TTC's employees and former employees.

5        Defendants additionally request an award of their attorneys' fees associated with

6  bringing this motion pursuant to Rule 37(a)(5)(A) and the Court's Order expressly

7  admonishing Plaintiff to adhere to discovery agreements reached with defense counsel.

8  McBeath simply cannot excuse her conduct or unilaterally abrogate her agreement to

9  produce the requested e-mails.  Further, awarding Defendants their attorneys' fees would

10 not be unjust.  McBeath knowingly continues to employ a disbarred attorney who knows,

11 or should know, that his conduct unduly burdens this Court and Defendants.

12        DATED this 3rd day of August, 2017.

13                                        FARHANG & MEDCOFF

14

15                                        By /s/Travis L. Tufts

16                                           Ali J. Farhang
                                             Roberto C. Garcia
17                                           Travis L. Tufts

18                                        Attorneys for Defendants / Counterplaintiff

19

20

21

22

23

24

25

26

27

28

00336077.1

- 10 -

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically with the Clerk of the United States District Court for the District of Arizona, with notice of case activity generated and sent electronically this 3rd day of August, 2017 to:

Melissa Martin McBeath
3463 E. Terra Alta Blvd.
Tucson, AZ 85716

/s/Letitia L. Wright

00336077.1