IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melissa Martin McBeath,<br><br>    Plaintiff,<br><br>v.<br><br>Tucson Tamale Company, et al.,<br><br>    Defendants. | No. CV-16-00462-TUC-DCB (BPV)<br><br>**ORDER** |

    The Court withdraws the reference of this case from Magistrate Judge Bernardo P. Velasco. The Court resets the scheduling conference, which was vacated by the Magistrate Judge on August 28, 2017, when the parties informed the Court that a settlement had been reached in the case. On September 28, 2017, the Defendant filed an unopposed request for an additional 30 days to file a stipulated dismissal. It appears that "[t]he parties have not yet been able to agree on the terms of the settlement agreement but anticipate reaching an agreement and filing the stipulation and order of dismissal within the next 30 days." (Doc. 103.) There are currently five motions pending, which are all fully briefed and ready for disposition.

    The Federal Rules of Civil Procedure require this Court to conduct a Scheduling Conference within 90 days after any defendant has been served or 60 days after any defendant has appeared, whichever is earlier. Fed. R. Civ. P. 16(a)(2). Here, the Tucson Tamale Company was served July 15, 2016, and answered on August 5, 2016. The Court

will not delay the Scheduling Conference further, but will allow the parties an extension of 15 days to finalize the settlement and file a stipulation for dismissal.

In the event the case does not settle, at least 21 days are required for the parties to meet and confer and prepare a Joint Case Management Plan.  Fed. R. Civ. P.26(f).  Only the Defendant filed a Rule 16 and 26(f) Report in anticipation of the previously set scheduling conference which was vacated, and the Plaintiff failed in her responsibility to initiate the communications necessary to prepare it.  (D's Rule 16/26 Report (Doc. 99) (citing Amended Order (Doc. 90) at 3).  To be clear, the Plaintiff must initiate and participate in a conference with the Defendant to develop a case management plan and to prepare and file the **Joint** Case Management Plan.  Fed. R. Civ. P. 26(f).  She must also participate in the scheduling conference.  A failure to comply with these directives may result in dismissal of this action for failure to prosecute and failure to comply with orders given by this Court

**Accordingly,**

**IT IS ORDERED** that the reference to the Magistrate Judge is WITHDRAWN; all future pleadings shall bear the designation:  **CV-16-462-TUC-DCB**.

**IT IS FURTHER ORDERED** that the Unopposed Request for Additional Time to File Stipulation for Dismissal (Doc. 103) is GRANTED for an extension of 15 days for the parties to file a stipulation for dismissal.  NO FURTHER EXTENSIONS SHALL BE GRANTED.

**IT IS FURTHER ORDERED** that the Rule 16 Scheduling Conference shall be reset to **Tuesday, November 7, 2017, at 10:30 a.m. to be held telephonically with Greer Barkley, law clerk to the Honorable David C. Bury.  The parties shall include in the Joint Case Management Plan the telephone numbers where they can be reached for the scheduling conference.  The Court shall initiate the scheduling conference telephone call.**

**IT IS FURTHER ORDERED** that all directives related to preparation and filings required for the Scheduling Conference issued by Magistrate Judge Velasco on July 25,

2017, remain in effect, except this Court will not set a deadline for amending the Second Amended Complaint. The parties shall take into account that discovery has been conducted in the state court so the usual 6 months for conducting discovery may be shortened.

**IT IS FURTHER ORDERED** affirming the directive that 21 days prior to the Scheduling Conference the parties shall confer pursuant to Rule 26(f) and 5 days prior to the Scheduling Conference the parties shall file a **Joint** Case Management Plan.

**IT IS FURTHER ORDERED** that in the event a Stipulation of Dismissal is filed within 15 days of the filing date of this Order, the Scheduling Conference shall be automatically vacated. In the event the case does not settle and the Plaintiff seeks to proceed with her case, she must comply with the directive to initiate communications necessary to prepare and file the Joint Case Management Report. Her failure to do so and/or if she fails to attend the Scheduling Conference shall be seen as a failure to prosecute her case. THE COURT MAY DISMISS HER CASE FOR FAILURE TO PROSECUTE AND NONCOMPLIANCE WITH A COURT ORDER.

Dated this 2nd day of October, 2017.

Honorable David C. Bury
United States District Judge